UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE. LTD., <br><br>    Plaintiff, <br><br>    v. <br><br> UK AEROSOLS LTD., INC.; U.G. CO., INC. dba Universal Grocers Co.; KAMDAR GLOBAL, LLC, <br><br>    Defendants. | No. C 05-0646 MHP <br><br> **MEMORANDUM & ORDER** <br> **Re: Motion for Entry of Judgment** |

On February 11, 2005 plaintiff APL Co. Pte. Ltd. ("APL") brought this breach of contract and negligence action against defendants UK Aerosols Ltd. ("UKA"), U.G. Co., Inc. ("UG"), and Kamdar Global, LLC ("Kamdar"). On February 28, 2006 plaintiff amended its complaint to add Imp-Ex Solutions, LLC ("Imp-Ex") as a co-defendant. On February 23, 2007 the court granted summary judgment in favor of APL. Now before the court is APL's motion for entry of judgment. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND[1]

The factual background of this action has been recited in earlier orders. The dispute concerns damage to a vessel owned by plaintiff APL resulting from goods shipped by defendant UK Aerosols. On February 23, 2007 the court granted summary judgment in favor of APL, holding defendants U.G. and Kamdar jointly and severally liable to APL for the negligence of UK Aerosols.

The parties subsequently agreed to stipulate to the amount of damages. However, the parties could not agree on the amount of prejudgment because they disagree on the date on which prejudgment interest should commence.

LEGAL STANDARD

An award of prejudgment interest is intended to "accomplish the just restitution of injured parties." Alkmeon Naviera, S.A. v. M/V Marina L., 633 F.2d 789, 797 (9th Cir. 1980). In admiralty the allowance of prejudgment interest is a matter reserved to the discretion of the trial court. However, it is routinely granted in all but exceptional circumstances. Mitsui & Co., Ltd. v. Amer. Export Lines, Inc., 636 F.2d 807, 823 (2d Cir. 1981). "The district court also has broad discretion to determine when prejudgment interest commences and what rate of interest to apply." Columbia Brick Works, Inc. v. Royal Ins. Co. of Amer., 768 F.2d 1066, 1068 (9th Cir. 1985) (citing Independent Bulk Transport, Inc. v. The Vessel Moriana Abaco, 676 F.2d 23, 25 (2d Cir. 1982)).

DISCUSSION

An award of prejudgment interest is intended to make the prevailing party whole. Milwaukee v. Nat. Gypsum Co., 515 U.S. 189, 195–96 (1995). Applying this basic principle, pre-judgment interest should commence when the claim arises. Here, APL claims that interest should be awarded from August 3, 2004, the date on which UK Aerosols refused to pay for the clean-up costs APL incurred as a result of the leaking goods. Defendants argue for an earlier date, November 24, 2003, the date at which the goods were delivered. The unusual posture of the parties—the prevailing party arguing for a later date than that proposed by defendants—is a result of the fluctuations of the applicable interest rate.[2] Defendants prefer the 52 week Treasury bill rate of 1.35% on November 24, 2003 to the somewhat higher rate on August 3, 2004.[3]

Where cargo is damaged as a result of the fault of the carrier, it is well established that pre-judgment interest commences on the delivery of the goods. See Columbia Brick Works, 768 F.2d at 1070; Great American Trading Co. v. Amer. Pres. Lines, Ltd., 641 F. Supp. 396, 402 (N.D. Cal.

2

1  1986) (Weigel, J.).  The rationale underlying prejudgment interest awards based on the delivery date
2  is that the cause of action accrues at the time of delivery in actions for damage to cargo.  States
3  Steamship Co. v. Amer. Smelting & Refining Co., 339 F.2d 66, 70 (9th Cir. 1964).  "It is at this time
4  that the shipper becomes aware of the 'loss or damage.'"  Id.  By contrast, a claim for indemnity
5  accrues at the time of payment for the loss or damage.  Id. ("[In] the usual indemnity claim, [] a
6  cause of action does not accrue until the indemnitee has made actual payment.").  Thus, the injury in
7  a cause of action for damaged goods is not suffered until the damaged goods arrive, while the
8  damage in an indemnification case is incurred when the payment is made.  The present action is
9  more like an indemnification action than one for damaged goods.  APL seeks compensation for
10 damages to the vessel in the form of reimbursement for clean-up and repair costs.  See Columbia
11 Brick Works, 768 F.2d at 1070 n.1 (collecting cases where court awarded interest for repairs based
12 on date of payment for repairs).  The Ninth Circuit has observed that in cases in which the damages
13 award is based on repair and replacement, prejudgment interest is appropriate as of the date those
14 costs were incurred.  Id. at 1070.  Therefore, the court concludes that the appropriate date for the
15 commencement of prejudgment interest is the date on which APL incurred the costs as a result of
16 UK Aerosol's refusal to pay, that is August 3, 2004.

\CONCLUSION

For the foregoing reasons, the court GRANTS APL's motion for entry of judgment.

IT IS SO ORDERED.

Dated: June 25, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**

1. Unless otherwise noted, all facts are taken from the second amended complaint (the "Complaint" or "SAC").

2. The parties agree that the applicable interest rate is the 52-week Treasury bill rate as proscribed by 28 U.S.C. section 1961.

3. APL has not specified the applicable rate on August 3, 2004. It notes, however, that the rate on November 24, 2003 was "significantly lower" than that on its preferred date. Pl.'s Reply at 2.