UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APL CO. PTE. LTD.,

    Plaintiff,

v.

UK AEROSOLS LTD., INC.; U.G. CO., INC. dba Universal Grocers Co.; KAMDAR GLOBAL, LLC,

    Defendants.

No. C 05-0646 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Intervene**

On February 11, 2005 plaintiff APL Co. Pte. Ltd. ("APL") brought this breach of contract and negligence action against defendants UK Aerosols Ltd., U.G. Co., Inc. ("UG"), and Kamdar Global, LLC. On February 28, 2006 plaintiff amended its complaint to add Imp-Ex Solutions, LLC as a co-defendant. On February 23, 2007 the court granted summary judgment in favor of APL, and judgment was entered on June 26, 2007. Shortly after judgment was entered, Valley Forge Insurance Company ("Valley Forge") filed the instant motion to intervene on behalf of its insured defendant UG. Valley Forge proposes to intervene for the limited purpose of an appeal on behalf of its insured and any resulting litigation subsequent to an appeal.

As recently as January 2, 2007 and as early as August 17, 2006, UG was suspended by the California Secretary of State for failure to pay its taxes pursuant to California Revenue and Tax Code section 22301. See Moorehead Dec., Exh. A. A related provision of the code, section 19719, prevents a suspended corporation from exercising its rights to sue or defend a lawsuit while its taxes remain unpaid. Kaufman & Broad Comm., Inc. v. Performance Plastering Inc., 136 Cal. App. 4th 212, 217 (2006). California state law governs the rights of suspended corporations, and the ability

of such an entity to sue and defend actions in state and federal courts depends on its status as a corporation in good standing. Therefore, it is proper for this court to look to state law for its treatment of suspended corporations, particularly where the federal rules governing intervention are not significantly different from the California state rules. The Kaufman court concluded that an insurer acting on behalf of its insured, a suspended corporation, must intervene in the action in order to provide a defense for its insured. Id. at 220. Failure to do so would run afoul of section 19719. In this instant action, UG as a suspended corporation cannot pursue an appeal on its own behalf, and Valley Forge cannot proceed without intervening.

It appears that this motion for intervention has been belatedly filed. UG was suspended before the court issued its order on the parties' motions for summary judgment and well before judgment was entered in this action. UG, its counsel, and Valley Forge each had a duty to notify the court of UG's status, and each failed to do so until the filing of the instant motion. According to the parties, Valley Forge, pursuant to the insurance policy issued to UG, has defended UG throughout the litigation. See Mot. to Intervene at 2; Pl.'s Opp. at 6. Accordingly, Valley Forge will be referred to the appropriate state authorities for having represented a suspended corporation without filing a timely motion to intervene. While section 19719(b) relieves Valley Forge of any criminal penalties, having proceeded for this length of time without intervening raises questions about whether defendants' attorney has fulfilled her duty of candor to the court. Moreover, Valley Forge's attempt to undo that in which it has been actively engaged has not escaped the court's notice. Attached to the proposed order submitted by Valley Forge with its motion to intervene is a complaint in intervention, which contains a prayer for relief requiring reversal or relitigation of all of this court's previous orders in this action. See Valley Forge's Proposed Order, Exh. A. It represents quite a bit of chutzpah to state that Valley Forge seeks to intervene for the limited purpose of appeal when the complaint in intervention states something entirely different.

2

Because UG is unable to pursue its appeal, the court GRANTS Valley Forge's motion to intervene for the limited purpose of pursuing the appeal and not for any other purpose.

IT IS SO ORDERED.

Dated: 8/1/07

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California