1  Marilyn Raia, SBN 072320
   Norman J. Ronneberg, SBN 068233
2  601 California Street, Suite 1800
   San Francisco, California 94108
3  Telephone: 415.352.2700
   Facsimile: 415.352.2701
4  E-Mail: Marilyn.raia@bullivant.com

5  Attorneys for Defendant Valley Forge
   Insurance Company as intervenor for U.G. Co.
6  Inc. and Kamdar Global LLC

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
                     SAN FRANCISCO DIVISION
10

11 | APL CO. PTE. LTD.,                        | Case No.: C 05-0646 MHP

12 |                    Plaintiff,             | **MEMORANDUM OF POINTS AND**
                                                 **AUTHORITIES IN OPPOSITION TO**
13 |           vs.                             | **MOTION FOR ATTORNEYS FEES**

14 | U.K. AEROSOLS LTD., U.G. CO. INC., doing
     business as UNIVERSAL GROCERS CO., and
15 | KAMDAR GLOBAL, LLC,
                                                 **DATE:**        January 4, 2010
16 |                    Defendants.            | **TIME:**         2:00 p.m.
                                                 **COURTROOM:**    15
17

18

19

20

21

22

23

24

25

26

27

28

---

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ....................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. A District Court Must Not Uncritically Accept The Prevailing Party's Fee
    Petition-particularly where, under Singapore law, any doubts as to
    reasonability are to be resolved in favor of the paying party ......................................1

    B. APL failed to provide any pertinent Singapore authorities to justify the fees
    and expenses claimed. ...................................................................................................2

    C. APL failed to provide both detailed billing records and a proper bill of costs
    so the reasonableness of its fees and expenses could be determined under
    Singapore law ................................................................................................................3

    D. APL's claimed fees and expenses are unreasonable under Singapore law. ................4

        1. APL prevailed herein on a summary judgment, not after trial.  Under
        Singapore law, attorneys fees are presumptively to be awarded at a
        fixed rate for summary judgments, which is many times lower than
        the rate demanded by APL ...............................................................................4

        2. APL has not justified the use of multiple attorneys, and is therefore
        barred from claiming reimbursement for the fees of multiple
        attorneys. .........................................................................................................4

        3. APL is not entitled to recover for the time and expenses of non
        attorneys. .........................................................................................................5

    E. The hourly rates sought by APL are unreasonable because they greatly
    exceed the prevailing hourly rates for maritime lawyers in this judicial district .........5

        1. Attorneys may not "prove" the proper hourly rate for attorneys fees
        with their own declarations. ............................................................................5

        2. In this case, the only proper hourly rate for attorneys fees (assuming
        the court is uncertain about Singapore law) is that of admiralty
        lawyers in the Northern District of California ..................................................6

            a. Partner Time Should be Billed at No More than $375 per hour ..........9

            b. Associate Time Must be Assessed at no More Than $200 per
            hour   9

    F. Billable Hours: Plaintiffs Have Failed To Provide This Court And Opposing
    Counsel With Adequate Evidentiary Support For Their Claimed
    "Reasonable" Hours Of Attorney Time .......................................................................9

        1. APL has failed to meet its burden of proof as a matter of law, by
        failing to submit "detailed time records" to the court ....................................9

        2. "Detailed time records" – generally including contemporaneous
        billing records –  are required before attorneys fees may be awarded...........10

i

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP}

1

3. Mere summaries do not suffice: Unclear descriptions of work done and cryptic time entries do not satisfy Plaintiffs' burden...............................11

4. The declarations and summaries provided by Plaintiffs do not give Defendants any meaningful ability to question or challenge the reasonability of the hours claimed by Plaintiffs.............................................12

5. Under our adversary system, Defendants have a right to review and parse APL's original billing records to ensure that all entries are reasonable......................................................................................................13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP}

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ACE Limited v. CIGNA,*
    2001 U.S. Dist. LEXIS 16508 (S.D.N.Y. 2001) ................................................................. 9, 13

*Agster v. Maricopa County*
    486 F. Supp. 2d 1005 (D. Ariz. 2007) .............................................................................. 6

*Bademyan v. Receivable Management Services Corp.,*
    2009 WL 605789 (C.D. Cal. 2009) ................................................................................ 6

*Bandalan v. Castle and Cooke Resorts, LLC,*
    2009 WL 1955328 (D. Haw. 2009) ................................................................................. 6

*Barjon v. Dalton,*
    132 F.3d 496 (9th Cir. 1997) ......................................................................................... 7

*Blum v. Stenson,*
    465 U.S. 886 (1984) ..................................................................................................... 6

*Chalmers v. City of Los Angeles,*
    796 F.2d 1205 (9th Cir. 1986) ....................................................................................... 10

*Common Cause v. Jones* 235 F Supp 2d 1076, 1079 (C.D. Ca. 2002) ................................... 1

*Doran v. Corte Madera Inn Best Western,*
    360 F. Supp. 2d 1057 (N.D. Cal. 2005) .......................................................................... 13

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,*
    122 F.3d 1211 (9th Cir. 1997) ................................................................................... 10, 11

*Foremost Ins. Co. v. Richardson,*
    457 U.S. 668 (1982) ..................................................................................................... 8

*Gates v. Deukmejian,*
    987 F.2d 1392 (9th Cir. 1992) ....................................................................................... 2

*Gracie v. Gracie,*
    217 F.3d 1060 (9th Cir. 2000) ....................................................................................... 11

*Gutstein v. United States,*
    519 U.S. 872 (1996) ..................................................................................................... 2

*Hall v. Life Insurance Co. of North America,*
    317 F.3d 773 (7th Cir. 2003) ......................................................................................... 8

MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP

*In re Washington Public Power Supply System Securities Litigation*
   19 F.3d 1291 (9th Cir. 1994) ........................................................................... 10

*Intel Corp. v. Terabtye International, Inc.*
   6 F.3d 614 (9th Cir. 1993) ........................................................................... 2, 13

*Jardien v. Winston Network, Inc.,*
   888 F.2d 1151 (7th Cir. 1989) ........................................................................... 11

*Jerome B. Grubart, Inc. v. Great Lakes Dredge and Dock Co.,*
   513 U.S. 527 (1995) ........................................................................... 8

*Jones v. Wild Oats Markets, Inc.,*
   467 F. Supp. 2d 1004 (S.D. Cal. 2006) ........................................................................... 12

*Jordan v. Mulnomah County,*
   815 F.2d 1258 (9th Cir. 1987) ........................................................................... 1, 2, 6

*Jordan v. Veal,*
   2009 WL 2461384 ........................................................................... 3

*Junker v. Eddings,*
   396 F.3d 1359 (Fed. Cir. 2005) ........................................................................... 10

*Kim v. Fukjikawa,*
   87 F.3d 1427 (9th Cir. 1989) ........................................................................... 12

*Lanard Toys Ltd v. P.C. Woo Inc.,*
   238 F.3d 429 (9th Cir. 2000) ........................................................................... 2

*Lockrey v. Leavitt Tube Employees Profit Sharing Plan.* 1991
   US Dist Lexis 17175 (ND IL 1991) ........................................................................... 12, 13

*Lowe v. Unum Life Ins. Co.* 2007
   W: 4374020 (E.D. Ca 2007) ........................................................................... 12

*Mendenhall v. National Transportation Safety Board,*
   213 F.3d 464 (9th Cir. 2000) ........................................................................... 5, 7, 8, 9, 10

*Michigan Carpenters Council v. Charles J. Rogers Construction Co.* 1988
   US Dist Lexis 17836 (W.D. Mich. 1988) ........................................................................... 12, 13

*Missouri v. Jenkins,*
   491 U.S. 274 (1989) ........................................................................... 13

*Mogck v. Unum Life Ins. Co.*
   289 F. Supp. 2d 1181 (S.D. Ca 2003) ........................................................................... 13

*Moore v. Bank of America, N.A. (USA),*
   2008 WL 68851 (S.D. Cal. 2008) ........................................................................... 7

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP

*National Ass'n of Concerned Veterans v. Secretary of Defense,*
    675 F.2d 1319 (D.C. Cir. 1982) .................................................................................. 11

*Pande v. Chevron Texaco Corp.* 2009
    US Dist. Lexis 87584 (N.D. Ca 2008) ......................................................................... 6

*Patyk v. Certegy Payment Recovery Services, Inc.*
    2008 U.S. Dist LEXIS 21538 (S.D. Cal. 2008) .......................................................... 7

*Payne v. Bay Area Rapid Transit District,*
    2009 WL 1626588 (N.D. Cal. 2009) ........................................................................... 7

*Peake v. Chevron Shipping Co.,*
    2004 AMC 2778 (N.D. Cal. 2004) ...................................................................... 6, 8, 10

*Pistoresi v. Madera Irrigation District,*
    2009 WL 910867 (E.D. Cal. 2009) .............................................................................. 12

*Rabo Agrifinance Inc. v. Veigel Farm Partners* 2008
    US Dist. Lexis 63635 (ND TX 2008) .......................................................................... 12

*Sealy, Inc. v. Easy Living, Inc.,*
    743 F.2d 1378 (9th Cir. 1984) ....................................................................................... 1

*Sierra Club v. U.S. E.P.A.,*
    2007 WL 3070996 (N.D. Cal. 2007) ............................................................................. 7

*Stewart v. Gates,*
    987 F.2d 1450 (9th Cir. 1993) ..................................................................................... 10

*Taylor v. Chaing,*
    2009 WL 453050 (E.D. Cal. 2009) ........................................................................... 7, 8

*The Denali* 105 F.2d 413, 419 (9th Cir. 1939) ................................................................. 8

*Tyson v. Oregon Anesthesiology Group, P.C.,*
    2008 WL 4899166 (D. Or. 2008) .................................................................................. 7

*United Slate etc. v. G&M Roofing,*
    732 F.2d 495. (6th Cir. 1984) ...................................................................................... 12

*United States. v. $12,248 U.S. Currency,*
    957 F.2d 1513 (9th Cir. 1991) ..................................................................................... 10

*Wininger v. SI Management L.P.,*
    301 F.3d 1115 (9th Cir. 2002) ..................................................................................... 12

*Wright v. Williams* 47 Cal.App.2d 802, 810-811 (1975) ................................................. 8

*Yahoo!, Inc. v. Net Games, Inc.,*
    329 F. Supp. 2d 1179 (N.D. Cal. 2004) ........................................................................ 8

v                                                                            v

1    **OTHER AUTHORITIES**

2    Rule 9(h) of the Federal Rules of Civil Procedure .................................................................... 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP}

# I. **INTRODUCTION**

On March 1, 2007, this court rendered summary judgment in favor of APL Co. Pte Ltd. (hereinafter "APL"), and subsequently awarded damages against Defendants in the amount of **$733,963.10.** APL now seeks **$875,799.52** in attorneys' fees (including non-taxable costs)[1] under Singapore law. The fees sought are not only grossly disproportionate to the original sums at issue, but are also unreasonable under both Singapore and American law.

Defendants oppose APL 's motion for attorneys fees on the grounds: 1) APL failed to adequately establish what Singapore law provides for the recovery of attorneys fees; 2) As evidenced by the attached affidavit of a highly respected Singapore judge and attorney, APL's claimed fees and costs would be unreasonable under Singapore law; and 3) APL failed to submit the required affidavits of independent counsel and detailed time records in support of its motion, which would allow both this court and opposing counsel to determine whether or not the claimed fees are reasonable. Accordingly, APL's motion should be denied.

# II. **ARGUMENT**

**A.** **A District Court Must Not Uncritically Accept The Prevailing Party's Fee Petition- particularly where, under Singapore law, any doubts as to reasonability are to be resolved in favor of the paying party**

A district court has great discretion when awarding "reasonable" attorneys' fees. This discretion is not unlimited, however. A court must not uncritically accept the prevailing party's fee petition. *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002). "It is not sufficient for prevailing counsel to opine that all of the time claimed was usefully spent . . . ." *Jordan v. Mulnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). As the Ninth Circuit has explained, it is procedurally "inadequate" for a district court to "uncritically" accept plaintiffs' representations concerning the time expended on the case. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). A fee judgment, which does not evidence its own independent review of the petitioner's time records and declarations, will be reversed for abuse of discretion. *Gates v. Deukmejian*, 987 F.2d 1392, 1399-1402 (9th Cir. 1992). In order to facilitate appellate

---

[1] This sum apparently includes $641,000 in fees up to the point of summary judgment, non-taxable costs of $34,235.00 and $200,654.52 in attorneys' fees on appeal.

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP

1  review, the district court must clearly articulate sound reasons in support of its fee award, *Intel*

2  *Corp. v. Terabyte International, Inc.*, 6 F.3d 614, 622-24 (9th Cir. 1993) and *Lanard Toys Ltd v.*

3  *P.C. Woo Inc.*, 238 F.3d 429, 430 (9th Cir. 2000). It must carefully test the sufficiency of the

4  prevailing party's evidence in support of the attorneys' fee claim. *Jordan*, 6 F.2d at 1263 and

5  *Gates*, 987 F.2d at 1399-1401.

6        The need to "test" and verify APL's contentions of reasonability with regard to each fee

7  claimed is particularly important in this case because, under Singapore law, "any doubts as to

8  whether costs were reasonably incurred or reasonable in quantum are resolved in favour of the

9  paying party, i.e. the party obligated to pay the other party's costs." *See* Declaration of

10  Singapore attorney (and former Judge) Eric Tin Keng Seng, attached hereto as EXHIBIT 1

11  (hereinafter "Tin Decl."), at ¶¶ 14 and 15 citing and analyzing Order 59, Rule 27(2) of the

12  Singapore Rules of Court (Cap. 322, Rule 5, 2006 Rev. Ed.) (hereinafter, "ROC") [Exhibit B-1

13  to the Tin Decl] . *See also*, *Ng Eng Ghee and Others v. Mamata Kapildev Dave and Others etc*

14  [2009] 4 SLR 155 at [32] [Exhibit D-3 to the Tin Decl].

15  **B.**    **APL failed to provide any pertinent Singapore authorities to justify the fees and**
          **expenses claimed.**

16

17        Although this court originally found APL's attorneys' fee demand to be governed by

18  U.S. law, and declared that Defendants had been prejudiced by APL's late-in-the-game recourse

19  to foreign law, the Ninth Circuit disagreed. It held APL's claim for attorneys' fees to be subject

20  to the law of Singapore. The Ninth Circuit did not, however, state what Singapore law was, or

21  make any determination whether APL had properly proven how, if at all, Singapore law applied

22  to the specific attorneys' fees demands made by APL. That was left up to this court to

23  determine.

24        Surprisingly, APL <u>still</u> has not told this court what the law of Singapore really requires

25  when attorneys fees are to be awarded to a prevailing party. APL, a Singapore based company,

26  merely submitted a cursory <u>unsigned</u> declaration[2] without the stated attachment[3] to guide this

27  _____

28  [2] Of course, an unsigned declaration is a legal nullity and may not be used in any way to support
APL's legal arguments in this motion. See *Gutstein v. United States*, 519 U.S. 872 (1996) and
*Jordan v. Veal*, 2009 WL 2461384 (E.D. Cal. 2009 [a motion or opposition supported only by
unsigned affidavits or declarations must be stricken].

1   Court in correctly applying Singapore law. The unsigned declaration contained little detail and

2   even less legal authority.[4] Instead, APL primarily directed this court to review a number of US

3   cases to justify the shipowner's staggering fee claim. APL cannot have it both ways. Either

4   Singapore law applies and APL must rely on Singapore authorities or U.S. law applies, in which

5   case APL cannot recover its attorneys' fees.

6        It is not surprising APL fails to rely on Singapore law to justify the amount it claims

7   because Singapore law does not permit recovery of that amount. Attached hereto as EXHIBIT 1

8   is Tin Decl., which squarely rebuts many of the allegations of APL's fee petition under

9   Singapore law, and which establishes that even if attorneys' fees may be awarded here, they

10  must be drastically reduced in conformity with Singapore legal principles. Attorney Tin was,

11  until recently, a judge in a number of Singapore courts. *See*, EXHIBIT 1, Tin Decl. at ¶¶ 2-5.

12  **C.   APL failed to provide both detailed billing records and a proper bill of costs so the**
    **reasonableness of its fees and expenses could be determined under Singapore law**

13

14       Under Singapore law (as well as under U.S. law which APL relies on), APL must prove

15  the reasonableness of the fees claimed. *See*, EXHIBIT 1, Tin Decl. at ¶¶ 11 and 19. APL is

16  required by the ROC to prepare a precisely formatted bill of costs which sets out in detail

17  information related to the work done and for which compensation is sought. That information

18  includes 1) the complexity of the item and the difficulty or novelty of the questions involved;

19  2) the skill and specialized knowledge and responsibility required of and the time and labor

20  expended by the attorney; 3) the number and importance of documents prepared or perused;

21  4) the place and circumstances in which the business involved is transacted; 5) the urgency and

22  importance of the cause or matter to the client and 6) the amount involved in the action. *See*,

23  EXHIBIT 1, Tin Decl. ¶ 24. Among other things, every bill of costs must contain a succinct

24

25  [3] See objection to the Declaration of Bryan Manaf Ghows filed herewith.

26  [4] APL has brought only two Singapore judicial decisions to the attention of this court. One of
    them is not a litigation matter, at all. It refers to the two types of costs awarded in international

27  arbitrations. See Judge Tin's explanation of *Sabah Shipyard (Pakistan) Ltd. v. Government of
    the Islamic Republic of Pakistan* [2004] 3 SLR 184 case [Exhibit D-2] at ¶9 of the Tin Decl.

28  The other Singapore decision, *Benjamin v. Lee* [1993] 1 SLR 185 (Singapore App 1993), merely
    states that attorneys' fees, under appropriate circumstances, may be taxed as costs.

3                                          3

1   narrative of the legal and factual issues involved. *See*, EXHIBIT 1, Tin Decl. ¶ 24. APL did not

2   submit any such documentation for the majority of the fees claimed. Instead, it asks this Court

3   to award fees in substantial part (approximately 75% claimed) based solely upon completely

4   redacted (and cryptic) invoices and for which it is unknown whether payment was ever made.

5   This does not satisfy Singapore's requirement that APL provide this court with "sufficient

6   information" to allow it to properly exercise its discretion with regard to fee assessment.

7   **D.**     **APL's claimed fees and expenses are unreasonable under Singapore law.**

8           **1.**     **APL prevailed herein on a summary judgment, not after trial. Under**
                **Singapore law, attorneys fees are presumptively to be awarded at a fixed**
9               **rate for summary judgments, which is many times lower than the rate**
                **demanded by APL**
10

11          This court granted summary judgment in favor of APL, without a hearing. No trial took

12   place. As the Tin Decl. explains, Singapore law provides that: 1) the fees and expenses of

13   lawyers are considered to be "costs;" and 2) a party who prevails on the basis of a summary

14   judgment motion "will be entitled to costs according to the fixed scale of costs set out in Part II

15   of Appendix 2 to Order 59 of the ROC." *See*, Tin Decl. at ¶¶ 10 and 17. That fixed scale

16   provides that costs (including attorneys' fees) are to be awarded in the range of $4,000 to

17   $15,000 for summary judgment motions heard by the High Court and in the lesser range of

18   $3,000 to $10,000 for summary judgment motions heard by the District Court.[5] By any

19   measure, therefore, APL's current demand in excess of $800,000 is patently unreasonable, and it

20   is no surprise that APL hesitated to advise either this court, or the Ninth Circuit, what Singapore

21   law stated with regard to attorneys fees arising out of summary judgment motions.

22          **2.**     **APL has not justified the use of multiple attorneys, and is therefore barred**
                **from claiming reimbursement for the fees of multiple attorneys.**
23

24          Trying to parse and figure out how many attorneys worked on this file, and what they

25   actually did, is impossible. APL has submitted only invoice summaries for the first few years of

     this litigation, and heavily redacted billing records for the appellate fees. Singapore law,
26

     however, generally does not permit fees to be charged by more than one attorney. As Judge Tin
27

28   _____

[5] Although a court has inherent discretion to increase these costs, this is generally only done if
there are "extenuating circumstances." (Tin Decl., ¶ 18).

4                                                              4

1   explains, under certain circumstances it may be necessary to have two lawyers at a <u>hearing</u> or at

2   <u>trial</u>. But "the rule does not mean that two or more solicitors can claim their costs in respect of

3   general research and office work." Tin Decl., ¶¶ 20-21. APL has the burden of establishing that

4   more than one lawyer was necessary for the adequate presentation of the case. (*Id.* at ¶ 19). In

5   order to prevent over-reaching by prevailing parties, Singapore law further requires the party

6   demanding attorneys fees for multiple lawyers' services to provide notice of the fact (and

7   receive court approval) at the time of hearing, or within seven days thereafter. This did not

8   happen here. As a result, APL should not be allowed to claim attorneys' fees for the work of

9   any attorney other than its lead counsel.

10          **3.      APL is not entitled to recover for the time and expenses of non attorneys.**

11          According to Judge Tin, Rule 39 of Singapore's professional conduct rules does not

12   permit attorneys' fees to be awarded for services rendered by non-lawyers (i.e. persons who are

13   not entered on "the roll of advocates and solicitors." Accordingly, any billings attributable to

14   paralegals or any other non-lawyers (i.e. summer associates) may not be awarded under

15   Singapore law. Tin Decl., ¶ 22.

16   **E.     The hourly rates sought by APL are unreasonable because they greatly exceed the
        prevailing hourly rates for maritime lawyers in this judicial district**

17

18          **1.      Attorneys may not "prove" the proper hourly rate for attorneys fees with
                their own declarations.**

19          APL apparently claims entitlement to reimbursement of attorneys' fees at the following

20   hourly rates: Charles Donovan ($625); Amy Norris ($475); Brenna Moorehead ($365); Tim

21   Perry ($290); and summer associates Toombs and Yelle ($195). *See*, October 27, 2009

22   Declaration of Charles S. Donovan. APL provides no evidence, whatsoever, suggesting that a

23   Singapore court would ever allow these rates to be assessed against a "paying party".

24          The only sworn evidence offered by APL in support of the hourly rate to be used in

25   assessing attorneys fees are the affidavits of APL's own lawyers. However, it is an abuse of

26   discretion for a district court to accept the rate claimed by the prevailing party without

27   corroborating, independent evidence. *Mendenhall v. National Transportation Safety Board*, 213

28   F.3d 464, 471 (9th Cir. 2000). Plaintiff's burden of proof is not satisfied by merely offering the

5                                         5

1  affidavits of the attorneys whose fees are at issue.  See *Schwarz v. Secretary of Health and*

2  *Human Services*, 73 F.3d 895, 908 (9th Cir. 1995) following the rule established by the Supreme

3  Court in *Blum v. Stenson*, 465 U.S. 886, 895 (1984) [applicant must produce satisfactory

4  evidence "in addition to the attorney's own affidavits" that the requested rates are in line with

5  those prevailing in the community]; *Jordan*, 815 F.2d at 1263; *Pande v. Chevrontexaco Corp.*,

6  2009 U.S. App. LEXIS 25564 (9th Cir. 2009); *Agster v. Maricopa County* 486 F. Supp. 2d

7  1005, 1014 (D. Ariz. 2007) ["To meet their burden of demonstrating prevailing rates, Plaintiffs

8  must produce satisfactory evidence in addition to their attorney's own affidavit."] and

9  *Bademyan v. Receivable Management Services Corp.*, 2009 WL 605789 (C.D. Cal. 2009).

10  [Declarations of other attorneys "not associated with the case" must be submitted, in addition to

11  declaration of attorney whose fees are to be awarded].[6]

12      When, as here, the prevailing party has completely failed to provide the court with the

13  required credible evidence of prevailing hourly rates in this forum, the court should exercise its

14  own discretion to award attorneys fees on the basis of its own maritime litigation experience and

15  the sworn affidavits submitted by Defendants  of two independent San Francisco admiralty

16  lawyers.  See declarations of George W. Nowell and Forrest Booth, attached hereto as

17  EXHIBITS 2 and 3, respectively.

18      **2.      In this case, the only proper hourly rate for attorneys fees (assuming the
           court is uncertain about Singapore law) is that of admiralty lawyers in the
19           Northern District of California**

20      APL's counsel tells this court that the rates charged by its counsel were reasonable----

21  presumably because were the prevailing rates for attorneys with similar experience/expertise in

22  this district at that time.  However, as this court found in *Peake v. Chevron Shipping Co*., 2004

23  AMC 2778 (N.D. Cal. 2004) the then-prevailing rate for attorneys specializing in maritime law

24  was $225 per hour, or less.  We suggest, therefore, that the court carefully review the hourly

25  rates claimed as reasonable by APL's counsel, and (if attorneys' fees are assessed) award fees at

26  _____

27  [6] In *Pande*, the prevailing party's counsel attested that her "reasonable hourly rate was $375 per
    hour, but because no independent declarations were offered in support of that rate, the court
    reduced the rate to $250 per hour. *See also*, *Bandalan v. Castle and Cooke Resorts, LLC*, 2009
28  WL 1955328 (D. Haw. 2009), ["In addition to their own statements, attorneys are required to
    submit additional evidence that the rate charged is reasonable."]

6                                                         6

1    a rate no greater than would have been charged by similarly skilled local maritime lawyers

2    during the pendency of this litigation.

3       As a general rule, when determining a reasonable hourly rate, the relevant community is

4    the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

5    "[R]ates outside the forum may be used if local counsel was unavailable, either because they are

6    unwilling or unable to perform because they lack the degree of experience, expertise, or

7    specialization required to handle properly the case." *Id.* (citation and internal quotation marks

8    omitted).

9       The Chief Judge of the Southern District of California recently explained that the fee

10    applicant meets his/her "'initial burden' by providing affidavits of other attorneys <u>with the same</u>

11    <u>specialization</u> in the relevant fora." *Moore v. Bank of America, N.A. (USA)*, 2008 WL 68851 at

12    *2, (S.D. Cal. 2008) (emphasis supplied), citing to the Ninth Circuit's opinion in *Mendenhall*,

13    213 F.3d at 472. [In order to determine a reasonable rate for attorneys of comparable

14    experience in cases of comparable complexity, the fee applicant meets its burden of proof by

15    providing the court with affidavits for "attorneys with the same specialization."] *See also, Payne*

16    *v. Bay Area Rapid Transit District*, 2009 WL 1626588 (N.D. Cal. 2009) [Prevailing market rate

17    for attorneys in personal injury action should be supported by affidavits from personal injury

18    lawyers]; *Tyson v. Oregon Anesthesiology Group, P.C.*, 2008 WL 4899166 (D. Or. 2008) [For

19    ADA employment action, look to rates of other labor and employment litigators with similar

20    expertise and experience.]; *Patyk v. Certegy Payment Recovery Services, Inc.* 2008 U.S. Dist

21    LEXIS 21538 (S.D. Cal. 2008), in which the court rejected a claimed hourly rate of $375 in

22    favor of the $295 rate prevailing for attorneys who specialize in consumer debt collection cases;

23    *Taylor v. Chaing*, 2009 WL 453050 at *9 (E.D. Cal. 2009) [In civil rights litigation, the "rate to

24    be applied is that of plaintiffs' counsel in the Sacramento area who engage in civil rights actions

25    against governmental entities."]; and *Sierra Club v. U.S. E.P.A.*, 2007 WL 3070996 (N.D. Cal.

26    2007) [For environmental cases, affidavits should be from attorneys practicing environmental

27    law].

28

7           7

1    Plaintiffs' Complaint described this COGSA action as "an admiralty or maritime claim

2  within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." There can be no

3  question, therefore, from the moment this litigation began, it was a classic admiralty lawsuit,

4  and maritime law specialization, expertise and experience would be required to successfully

5  prosecute the case.[7] Accordingly, the only proper basis for determining the prevailing rate for

6  the attorneys' fees in this case is the rate for experienced admiralty/maritime lawyers in the

7  forum jurisdiction. *See, Mendenhall, supra*, at 472 and *Chaing, supra*. Indeed, this is exactly

8  what this court did in another admiralty case in which personal injury lawyers demanded rates

9  higher than the prevailing rates of local maritime lawyers. *See, Peake*, 2004 AMC at 2791 [The

10  rates requested by personal injury attorneys in maritime lawsuit reduced to rates usually billed

11  by local, skilled lawyers who specialize in maritime law]

12    APL finds only one lone authority for its contention that an attorney's specialization is

13  irrelevant for the purpose of determining a reasonable hourly rate for attorneys' fees. That case,

14  *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179 (N.D. Cal. 2004), is inapposite, however.

15  *Yahoo!, Inc.* only states that an attorney's "practice area" should not be used to justify unusually

16  <u>high</u> hourly rates. *Id.* at 1184. The court in *Yahoo!, Inc.* actually <u>reduced</u> the fees sought by the

17  prevailing party on the grounds that a prevailing party is only entitled to compensation at a rate

18  that would be charged by "reasonably competent counsel", not at the higher rate that was

19  charged by some other attorney "of unusual skill and experience." *Id.* at 1183. Apparently,

20  contrary to the holding in *Yahoo!, Inc.*, APL's counsel are demanding hourly rates for their

21  services, which are much higher than the rates charged by other admiralty attorneys, because

22  they have some special, or unusual skill or experience. Whether or not that is true is, of course,

23  for this court to determine. However, as the affidavits of local maritime lawyers George Nowell

---

[7] California courts, like the courts in other states, have found that admiralty law is a specialty,
whose practitioners are required and expected to possess knowledge of their discipline, which is
not known by other lawyers. *Wright v. Williams*, 47 Cal. App. 3d 802, 810-11 (1975). The
United States Supreme Court has declared admiralty to be a "specialized area of the law" whose
practitioners are presumed to understand the general outlines of admiralty jurisdiction.
*Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 679 (1982); *Jerome B. Grubart, Inc. v. Great
Lakes Dredge and Dock Co.*, 513 U.S. 527, 547 (1995). *See also, The Denali*, 105 F.2d 413,
419 (9th Cir. 1939) and *Hall v. Life Insurance Co. of North America*, 317 F.3d 773 (7th Cir.
2003).

8                                          8

1  [EXHIBIT 2] and Forrest Booth [EXHIBIT 3] establish, the only proper rates for attorneys fees

2  here range from $225 per hour to $375 per hour for partner-level maritime lawyers.

3         **a.    Partner Time Should be Billed at No More than $375 per hour**

4        Unlike Plaintiff who has completely failed to meet its burden of proof with regard to

5  hourly rates, Defendants have provided this court with two signed declarations, which

6  conclusively establish the fee range for attorney/partners handling admiralty matters in San

7  Francisco is from $250 to $375 per hour.  The prevailing rate for partner-level maritime

8  litigators is thus <u>proven</u> to be a maximum of $375 per hour.[8]  Accordingly, Mr. Donovan's

9  hours should properly be billed at the $375 per hour rate.

10         **b.    Associate Time Must be Assessed at no More Than $200 per hour**

11        Plaintiff is obliged to tell this court (and Defendants) why the rates claimed for

12  associates are reasonable -- specifically why each associate's "level of experience with the type

13  of . . . litigation involved in this matter" justifies the requested hourly rates. *ACE Limited v.*

14  *CIGNA*, 2001 U.S. Dist. LEXIS 16508 (S.D.N.Y. 2001).  *See also*, *Mendenhall*, *supra*, at 472.

15  They have totally failed to do so.  Defendants respectfully request that the hourly rate for

16  associates be assessed at no more than $200 per hour.

17  **F.**    **<u>Billable Hours: Plaintiffs Have Failed To Provide This Court And Opposing</u>**
    **<u>Counsel With Adequate Evidentiary Support For Their Claimed "Reasonable"</u>**

18      **<u>Hours Of Attorney Time</u>**

19        **1.**    **APL has failed to meet its burden of proof as a matter of law, by failing to**
        **submit "detailed time records" to the court**

20

21        APL, as fee applicant, bears the burden of proving the reasonability of the total hours of

22  work it claims.  Further, it is required to provide evidence showing the work of its numerous

23  timekeeper lawyers was not duplicative, excessive, redundant, or unnecessary. *Hensley v.*

24  *Eckerhart* 461 U.S. 424, 433 (1983).[9]  "Where the documentation of hours is inadequate, the

25  _____

26  [8] *See*, Declarations of George W. Nowell [EXHIBIT 2] and Forrest Booth [EXHIBIT 3].

27  [9] It is also obligated to show that it made "a good faith effort to exclude from a fee request hours
that are excessive, redundant, or otherwise unnecessary . . . ." *Id.* at 434, and is further required

28  to exercise its "billing judgment" to ensure that only objectively reasonable fees are being
sought.  *Id.*  There is no evidence of billing judgment here!

9                 9

1   district court may reduce the award accordingly." *Id.*  The only evidence for Plaintiffs'

2   attorneys' fee petition are the two self-serving declarations of counsel, with cursory summaries

3   of the time and projects billed.  Such summaries are disfavored, and almost never suffice to

4   support a petition for attorneys' fees.  *See, Entertainment Research Group, Inc. v. Genesis*

5   *Creative Group, Inc.*, 122 F.3d 1211, 1230-31 (9th Cir. 1997).[when summaries of tasks

6   performed are not clear or complete enough to ensure that the Court and counsel are able to

7   determine if any time is redundant or excessive, it is reversible error for a district court to base

8   its fee award of the summaries].

9       **2.**   **"Detailed time records" – generally including contemporaneous billing**
            **records – are required before attorneys fees may be awarded**

10

11      "In determining reasonable hours, counsel bears the burden of submitting **detailed time**

    **records** justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*,
12

    796 F.2d 1205, 1210 (9th Cir. 1986) (emphasis supplied). *See also, Stewart v. Gates*, 987 F.2d
13

14  1450, 1453 (9th Cir. 1993) ("[i]llegible, abbreviated time records, submitted in a form not

15  reasonably capable of evaluation, do not satisfy the 'burden of submitting detailed time records

    justifying the hours claimed' . . . [i]t is an abuse of discretion to award fees for hours not
16

17  properly documented."); and *Peake*, 2004 AMC at 2789.

18      The burden of presenting the <u>appropriate</u> fee documentation rests squarely on the

19  shoulders of the attorneys seeking the award.  A district court is neither obligated to explain

    what type of records should be submitted, nor to request additional information from the party
20

21  seeking attorneys fees.  *In re Washington Public Power Supply System Securities Litigation*, 19

22  F.3d 1291, 1306 (9th Cir. 1994).  As a general rule, however, the Ninth Circuit has a "strong

23  preference for contemporaneous time records" in support of attorneys' fee petitions. *United*

    *States. v. $12,248 U.S. Currency*, 957 F.2d 1513, 1521 (9th Cir. 1991).  The "detailed time
24

25  records" required under *Hensley* ordinarily include "hourly time records, full expense

26  statements . . . detailed billing records or client's actual bills showing tasks performed in

    connection with the litigation." *Junker v. Eddings*, 396 F.3d 1359, 1366 (Fed. Cir. 2005).  This
27

28  type of comprehensive and generally contemporaneous data is necessary for the court to

    perform its duty of carefully scrutinizing a fee applicants petition to insure that there is no

10                                                        10

1   duplicative or excessive time. *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir.

2   1989).

3        In *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327

4   (D.C. Cir. 1982), the Court of Appeal explained that:

5            An applicant for attorneys' fees is only entitled to an award for
         time reasonably expended. Thus the fee application must also
6            contain sufficiently detailed information about the hours logged
         and the work done. This is essential not only to permit the District
7            Court to make an accurate and equitable award but to place
         [opposing] counsel in a position to make an informed
8            determination as to the merits of the application.... Casual after-
         the-fact estimates of time expended on a case are insufficient to
9            support an award of attorneys' fees. Attorneys who anticipate
         making a fee application must maintain contemporaneous,
10            complete and standardized time records which accurately reflect
         the work done by each attorney. ...the fee application need not
11            present "the exact number of minutes spent nor the precise activity
         to which each hour was devoted nor the specific attainments of
12            each attorney." ...But the application must be sufficiently
         detailed to permit the District Court to make an independent
13            determination whether or not the hours claimed are justified. The
         better practice is to prepare detailed summaries based on
14            contemporaneous time records indicating the work performed by
         each attorney for whom fees are sought.... In any event, once the
15            reasonableness of the hours claimed becomes an issue, the
         applicant should voluntarily make his time charges available for
16            inspection by the District Court or opposing counsel on request.
         [interior quotes and citations omitted]."

17        Plaintiffs have submitted no "detailed time records" whatsoever to support their petition

18   for attorneys fees. Their "summaries" are totally unsupported by back-up data of any sort.

19   Neither this court nor Defendants have seen "hourly time records" or "detailed billing records or

20   client's actual bills showing tasks performed in connection with the litigation." Plaintiffs have

21   therefore failed to meet their burden of proof.

22        **3.**    **Mere summaries do not suffice:  Unclear descriptions of work done and
23              cryptic time entries do not satisfy Plaintiffs' burden**

24        When the summaries in support of a fee petition are not clear or complete enough, it is
25
reversible error for a district court to base its fee award on the summaries alone, rather than
26
demand the original time records that the court and opposing counsel need to properly assess the
27
necessity of the hours billed. See the following three Ninth Circuit opinions: *Entertainment*
28
*Research Group*, *supra*, at 1230-1231; *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000)

11                               11

1  [Mere summaries of hours worked are not enough; Summaries must be accompanied by

2  underlying material to allow the court and opposing counsel to adequately review them] and

3  *Terabyte International*, 6 F.3d at 623 [summaries are improper when they make it "difficult to

4  ascertain whether the time devoted to particular tasks was reasonable and whether there was

5  improper overlapping of hours."]]

6        The rule in this circuit is that a party seeking attorneys' fees fails to meet its burden

7  when its supporting papers do not clearly describe the work that was done. *Wininger v. SI*

8  *Management L.P.*, 301 F.3d 1115, 1126 (9th Cir. 2002). Abbreviated, uninformative entries

9  such as "review and analysis of file" do not satisfy the requirement to provide detailed time

10  information. *Lowe v. Unum Life Ins. Co.*, 2007 WL 4374020 (E.D. Cal. 2007). *See also, Rabo*

11  *Agrifinance Inc. v. Veigel Farm Partners*, 2008 US Dist. LEXIS 63635 (N.D. Tex. 2008)

12  [billing entries "too redacted to allow for a reasonable analysis" are unacceptable]. Even block

13  billing is frowned upon because it fails to provide the kind of information needed to challenge a

14  fee applicant's petition. *Pistoresi v. Madera Irrigation District*, 2009 WL 910867 (E.D. Cal.

15  2009)

16      **4.**      **The declarations and summaries provided by Plaintiffs do not give**
               **Defendants any meaningful ability to question or challenge the reasonability**

17                 **of the hours claimed by Plaintiffs**

18        Defendants are entitled to challenge Plaintiff's claimed fees on the grounds that the two

19  law firms' fees are duplicate, excessive, redundant or unnecessary. *Hensley, supra* at 433.

20  Defendants are entitled to establish that numerous timekeepers[10]) unreasonably and inefficiently

21  performed the same or similar tasks.[11] If one attorney researches a legal memorandum, and

22  _____

23  [10] At least one court has found that staffing a case with too many professionals simply is
patently unreasonable. *Lockrey v. Leavitt Tube Employees Profit Sharing Plan*, 1991 U.S. Dist.
LEXIS 17175 (N.D. Ill. 1991).

24

25  [11] The Ninth Circuit has explained that the "participation of more than one attorney <u>does not
necessarily</u> constitute an unnecessary duplication of effort." *Kim v. Fukjikawa*, 87 F.3d 1427,
1431 n.9 (9th Cir. 1989) [emphasis supplied]. However, the burden is on the prevailing party to

26  prove that two attorneys were necessary to appear at trial, perform the same or similar research
etc. (*Id.*) *See also, Michigan Carpenters Council v. Charles J. Rogers Construction Co.*, 1988

27  U.S. Dist LEXIS 17836 (W.D. Mich. 1988) following *United Slate etc. v. G&M Roofing*, 732
F.2d 495, 502 n4. (6th Cir. 1984). This court has explained that when fees are sought for more

28  than one attorney "it is proper as long as it reflects the distinct contribution of each lawyer to the
case and the customary practice of multiple-layer litigation." *Jones v. Wild Oats Markets, Inc.*,
467 F. Supp. 2d 1004, 1015 (S.D. Cal. 2006) 12

---

**MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES**
*APL Co. v. U.K. Aerosols, Ltd.; et al.* {U.S.D.C. (N.D. Cal.) No. C05-0646 MHP}

1   another revises it, Defendants can object to duplication of effort. *Lockrey*, *supra*. When two

2   different attorneys bill for reviewing the same document, fees should only be allowable for one

3   of them. *Mogck v. Unum Life Ins. Co. of America*, 289 F. Supp. 2d 1181, 1194 (S.D. Cal.

4   2003). Moreover, Defendants should not be forced to pay a non-maritime attorney for

5   educating himself about maritime law when Plaintiffs already have experienced maritime

6   counsel who is able to handle the matter with more efficiency and in fewer hours. *See, e.g.*,

7   *Doran v. Corte Madera Inn Best Western*, 360 F. Supp. 2d 1057, 1062 (N.D. Cal. 2005) [A

8   "specialty" attorneys' experience in a field of law should result in fewer hours billed on a legal

9   task in that field.] Defendants can challenge the hours of attorneys performing tasks more

10   properly performed by paralegals with lower billing rates, or hours reflecting merely clerical or

11   administrative tasks. *See, Missouri v. Jenkins*, 491 U.S. 274, 288, n.10 (1989). Conferences

12   between and amongst more than one lawyer are frowned upon by the courts. *Michigan*

13   *Carpenters Council*, *supra*, and *ACE Limited*, *supra*. Travel time for out of district lawyers

14   should not be charged to the losing party, and ought to be challenged by Defendants.

15      **5.    Under our adversary system, Defendants have a right to review and parse
           APL's original billing records to ensure that all entries are reasonable.**

16

17      The summaries of time provided by APL's lawyers are totally conclusory, with little

18   explanation of the precise legal tasks performed. Under these circumstances, there is no

19   reasonable way in which Defendants can challenge the hours claimed as compensable by

20   Plaintiffs. As the Ninth Circuit explained in *Terabyte International*, *supra*, at 623, defendants

21   are "not required to take [Plaintiffs'] word that every hour was needed and all overlap has been

22   eliminated." Instead, this court must order "underlying materials be made available for review

23   by defense counsel to "see just what was charged and why." *Id*. Under "our adversary system,"

24   defendants have a "right to peruse and parse [Plaintiffs'] fee demand." *Id*.

25                          **III.    CONCLUSION**

     For the reasons set forth above, Defendants request this court:

26   1) Deny APL's fee request;

27

28   2) Award attorneys' fees, if at all, at a maximum of the hourly rates Defendants have

     supported by the declarations of Messrs. Nowell and Booth;

13                                    13

1    3) Not award fees on the basis of Plaintiffs' inadequate and unclear documentation

2    because said documentation provides no meaningful opportunity for this court or

3    Defendants to determine if any of the claimed hours are "reasonable;"

4    4) Order Plaintiffs to make available to Defendants appropriate, detailed backup

5    documentation for the claimed hours; and

6

7    Respectfully submitted,

8    DATED: December 14, 2009

9                                          BULLIVANT HOUSER BAILEY PC

10

11   By _____
                                           MARILYN RAIA
                                           NORMAN J. RONNEBERG, JR.
12                                         Attorneys for Defendants
                                           TUG MICHAEL UHL; MARITIME
13                                         LOGISTICS, INC.; FRANK
                                           LOVING; and BLAINE HUGHES

14

15   12182387.1

16

17

18

19

20

21

22

23

24

25

26

27

28

14                          14