# EXHIBIT 1

Marilyn Raia, SBN 072320
Norman J. Ronneberg SBN 068233
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: marilyn.raia@bullivant.com
Attorneys for Defendant Valley Forge
Insurance Company as Intervenor and Kamdar
Global LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APL CO. PTE. LTD., | Case No.: C 05-0646 MHP |
| Plaintiff, | **DECLARATION OF ERIC TIN KENG SENG IN OPPOSITION TO MOTION FOR ATTORNEYS FEES.** |
| vs. | |
| U.K. AEROSOLS LTD., U.G. CO. INC., doing business as UNIVERSAL GROCERS CO., and KAMDAR GLOBAL, LLC, | Date: January 4, 2010<br>Time: 2:00 PM |
| Defendants. | |

I, Eric Tin Keng Seng, declare under penalty of perjury under the laws of the United States of America as follows:

1.  I am a partner in the Singapore firm of Donaldson & Burkinshaw, one of the oldest law firms in Singapore. I practice in the firm's litigation and dispute resolution group.

2.  I was admitted to practice law at the Bar in Singapore in 2008 and I was admitted as a solicitor in England & Wales in 2008. A copy of my current "Practising Certificate" issued by the Supreme Court of Singapore is attached as Exhibit "A".

3.  From 1996 to 2005, I held the following judicial appointments in Singapore: District Judge, Magistrate, Deputy Registrar of the Subordinate Courts, Coroner, and Referee of the Small Claims Tribunals.

– 1 –

4. Between 2005 and 2007, I was a senior Deputy Public Prosecutor and State Counsel of the Attorney-General's Chambers of Singapore.

5. In Singapore, lawyers are referred to as "advocates and solicitors" because ours is a fused legal profession, unlike the British legal system. A lawyer may be referred to as "advocate and solicitor", "solicitor" or "counsel" in legislation. In this declaration, I will use these expressions interchangeably with "attorney".

6. In Singapore, a party's entitlement to recover the costs of legal representation (referred to as "costs" in the cases, legislation, and this declaration) may arise under contract, legislation, judgment or order of the court. There are two main categories of costs. Costs as between the lawyer and the client are referred to as "solicitor and client costs." Costs as between the litigating parties are referred to as "party and party" costs. My opinion in this declaration addresses party and party costs.

7. While English common law principles apply in Singapore by virtue of the Application of English Law Act (Cap. 7A, 1994 Rev. Ed.), the basic legal framework governing the entitlement, award and assessment of party and party costs is contained in the Rules of Court (Cap. 322, Rule 5, 2006 Rev. Ed.) [ROC].

8. The term "costs" is defined under section 2(1) of the Legal Profession Act (Cap. 161, 2001 Rev. Ed.) and Order 59, Rule 1(1) of the ROC to include "fees, charges, disbursements, expenses and remuneration." I believe this definition encompasses the concept of attorneys' fees under U.S. law. In litigated matters, "costs" may also include fees, charges, disbursements, expenses and remuneration for work done before litigation has commenced provided the work is done with a view to commencing litigation and such litigation is, in fact, begun. See Selvam, G. P. (Ed.). (2007). *Singapore Civil Procedure 2007*, Singapore: Sweet & Maxwell Asia at p. 898. It is my understanding that no pre-litigation costs are being sought by APL in its motion.

9. I have reviewed the case of *Sabah Shipyard (Pakistan) Ltd. v. Government of the Islamic Republic of Pakistan* [2004] 3 SLR 184 which was cited by APL as authority

for the proposition that "the costs of the parties would include the fees and expenses of their lawyers…". The quoted statement was actually made in connection with an international arbitration case in which the court was referring to the two broad categories of costs being incurred: the costs of arbitration and the costs of the parties. The court went on to explain that the costs of the arbitration would include the fees and expenses of the arbitrator, the fees of the ICC, and the costs involved in holding the hearing, while the costs of the parties in arbitration would include the fees and expenses of the lawyers and the costs incurred in preparing and presenting the case, including the costs of witnesses.

10. While the parties' costs in litigation would include the fees and expenses of their lawyers, the amount of recoverable costs depends on the circumstances of each case. In Singapore court proceedings, the general principle is that "costs follow the event" except when it appears to the court that in the circumstances of the case, some other order should be made as to the whole or any part of the costs. See Order 59, Rule 3(2) of the ROC. This means that costs of an action are usually awarded to the litigant who succeeded in the action.

11. The said general principle is premised on the concept that costs are imposed to compensate the successful party and not to punish the losing party (even though costs may sometimes be imposed as a punishment for improper or unreasonable behaviour in the proceedings). Nor are costs meant to be a bonus to the successful party. This compensatory principle only extends to costs reasonably incurred and not all costs incurred. The principle does not in practice amount to a full and complete indemnity to the successful party against all the expenses which he has incurred in relation to the proceedings, unless this has been contractually agreed upon or if the court makes a special order in exceptional circumstances. See *Ng Eng Ghee and Others v. Mamata Kapildev Dave and Others (Horizon Partners Pte Ltd, intervener) and Another Appeal* [2009] 4 SLR 155 at [6] and [7].

12. Subject to the ROC and any applicable statutory provisions, a Singapore court may generally exercise its discretion to order the costs of or incidental to any proceedings in principle (i.e. whether to award costs) and in quantum (i.e. how much to award). Even though the general principle is for the substantially successful party to receive his costs, the overriding concern of the court is to exercise its discretion to achieve the fairest allocation of costs. See Pinsler (2006) *Singapore Court Practice 2006.* Singapore: Lexis Nexis at p. 1233.

13. At the conclusion of a court action, the solicitor for the successful party usually submits a bill of costs to the other party. If the bill of costs is disputed, it can then be considered by a taxing Registrar (a judicial officer) and each item disputed in the bill of costs will be determined by the Registrar after hearing objections and arguments by each party. This process is known as taxation of costs.

14. There are two bases of taxation of costs: the standard basis and the indemnity basis. Under the standard basis, the court allows a reasonable amount in respect of all costs reasonably incurred, and any doubts as to whether costs were reasonably incurred or reasonable in quantum are resolved in favor of the paying party, i.e. the party obligated to pay the other party's costs. See Order 59, Rule 27(2) of the ROC. Under the indemnity basis, the court allows all costs except in so far as they are of an unreasonable amount or have been unreasonably incurred and any doubts as to whether costs were reasonably incurred or reasonable in quantum are resolved in favor of the receiving party, i.e. the party who is entitled to recover its costs. See Order 59, Rule 27 (3) of the ROC.

15. For party and party costs, the standard basis is the default basis for taxation and the indemnity basis will be ordered only in a special case or where there are exceptional circumstances. See Order 59, Rule 27(4) ROC. Even if the paying party's conduct merited varying degrees of criticism, the Singapore Court of Appeal had held that that does not compel a departure from the usual basis (i.e. standard basis) of costs.

See *Ng Eng Ghee and Others v. Mamata Kapildev Dave and Others (Horizon Partners Pte Ltd, intervener) and Another Appeal* [2009] 4 SLR 155 at [32].

16. I was unable to find any Singapore case authority addressing the "lodestar" approach asserted by APL in its moving papers or basing an award of costs on the lodestar method. There is one case in which the Singapore court suggested that timesheets, while not conclusive, can be valuable as guides to assist the assessment of party and party costs. See *Sumitomo Bank Ltd. v. Kartika Ratna Thahir* [1997] 1 SLR 690 at [17]. However, the court cautioned against assessing such costs as a matter of mathematical multiplication with assumed multiplier and multiplicand:

> The process of assessment of party and party costs is not a matter of mathematical multiplication, with assumed multiplier and multiplicand, nor are time sheets conclusive of the total amount of time which reasonably would have been spent on any particular aspect of the getting-up.

17. In Singapore, a plaintiff (or a defendant with a counterclaim) who obtains final judgment unconditionally by a summary judgment application under Order 14 of the ROC will be entitled to costs according to the fixed scale of costs set out in Part II of Appendix 2 to Order 59 of the ROC. A copy of Appendix 2 is attached as Exhibit "B". If the summary judgment application was heard in the Singapore High Court, according to this scale, the plaintiff may be allowed costs of between S$4,000 and S$15,000, excluding disbursements.

18. Notwithstanding the fixed scale of costs, a Singapore court has the discretion under Order 59 Rule 31(2) to order that costs be taxed if it deems fit. For example, if the successful plaintiff in an Order 14 application is able to demonstrate extenuating circumstances as to why the fixed scale of costs should not apply or that additional costs should be awarded.

19. The underpinning approach to the taxation of costs in Singapore is that of reasonableness. In accordance with the standard of reasonableness, the ROC contains some limitations on the amount that can be recovered. For example, if a party intends to recover costs for more than one counsel, the party must show that the

services of more than one counsel are reasonably necessary for the adequate

presentation of the case. See for example, *Singapore Airlines Ltd. and Another v.*

*Fujitsu Microelectronics (Malaysia) Sdn Bhd and Others* [2001] 1 SLR 532 at [16].

20. Order 59, Rule 19(1) of the ROC specifically provides that the costs for getting-up

(preparing) the case by and for attendance in court of more than 2 solicitors for a

party shall not be allowed unless the court at the hearing or within 7 days thereof so

certifies. The court must be satisfied at the taxation of costs proceedings that the use

of two solicitors is reasonable having regard to paragraph 1(2) of Appendix 1 to

Order 59. It has been said that "The rule does not mean that two or more solicitors

can claim their costs in respect of general research and office work. The rule

specifically limits the costs to 'getting-up' and attendance. Therefore it must be

necessary for the additional solicitor(s) to be involved in court proceedings." See

Pinsler (2006) *Singapore Court Practice 2006.* Singapore: Lexis Nexis at p. 1259.

21. The Singapore courts will consider factors such as the difficulty, novelty, and

complexity of a case in determining whether costs may be claimed for more than one

solicitor. See paragraph 1(2)(b), Appendix 1 to Order 59 of the ROC. For example in

*Management Corp. Strata Title No. 473* v. *De Beers Jewellery Pte. Ltd.* [2002] 2

SLR 1 at [59], the Singapore Court of Appeal granted costs for more than one

solicitor because the issues on appeal were numerous and entailed consideration of

reform of the law of Singapore, and there were lengthy submissions and large

number of authorities cited. The Singapore courts will also consider the number and

importance of the documents prepared or perused when determining whether costs

may be claimed for more than one solicitor. See paragraph 1(2)(c), Appendix 1 to

Order 59 of the ROC.

22. My understanding is that a summer law clerk in U.S. is a non-lawyer. Rule 39 of the

Legal Profession (Professional Conduct) Rules (Cap. 161, Rule 1, 2000 Rev. Ed.)

provides that an advocate and solicitor shall not share fees with or pay a commission

to any "unauthorized person" for any legal work performed. Under Section 32(2) of

the Legal Profession Act (Cap. 161, 2001 Rev. Ed.), an "unauthorized person" is one whose name is not on the roll of advocates and solicitors or who does not have in force a practicing certificate, in other words, a non-lawyer or non-practicing lawyer. It will be illegal for a Singapore solicitor to recover fees in respect of legal work done by an unauthorized person with a view to sharing the fees.

23. The bill of costs prepared by the attorney seeking to recover costs must comply with the requirements set out in Part XI of the Supreme Court Practice Directions (2007 Ed.) and contain sufficient information that will enable the taxing Registrar to exercise discretion having regard to all of the relevant circumstances. A sample bill of costs for a litigated matter is attached as Exhibit "C".

24. In particular, the bill of costs should contain information about 1) the complexity of the item or cause or matter, and the difficulty or novelty of the questions involved; 2) the skill and specialized knowledge and responsibility required of, and the time and labor expended by, the solicitor; 3) the number and importance of documents (however brief) prepared or perused; 4) the place and circumstances in which the business involved is transacted; 5) the urgency and importance of the cause or matter to the client; and 6) the amount involved in the action. See paragraph 1(2), Appendix 1 to Order 59 of the ROC. Among other things, every bill of costs must contain a succinct narrative of the legal and factual issues involved. See paragraph 2(4), Appendix 1 to Order 59 of the ROC.

25. Costs associated with legal research, which will be considered as part of the getting-up for a case, are recoverable if they are fair and reasonable. If the costs claimed are substantial, some information on the areas or topics of the research undertaken should be provided to the taxing Registrar, who can then determine if such research was warranted, and if so, whether the costs incurred are fair and reasonable.

26. Copies of the cases referred to in this declaration are attached as Exhibit "D".

1    Executed at Singapore under penalty of perjury under the laws of the United States of

2  America on the 9th day of December, 2009.

3

4                                        Eric Tin Keng Seng

5

6  12174633.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

LEGAL PROFESSION ACT
(Chapter 161)

# PRACTISING CERTIFICATE

------------------------------

## TIN KENG SENG

having duly made application and satisfied the requirements of the Legal Profession Act, is hereby authorised to practise as an advocate and solicitor in Singapore during the practice year terminating on the 31st day of March, **2010**

Dated this **2nd day of April 2009**

ACTING REGISTRAR
SUPREME COURT, SINGAPORE

# EXHIBIT B-1

# ORDER 59

# COSTS

# PRELIMINARY

**Interpretation (O. 59, r. 1)**
**1.** —(1) In this Order —
"contentious business" has the same meaning as in the Legal Profession Act (Chapter 161);
"costs" includes fees, charges, disbursements, expenses and remuneration;
"standard basis" and "indemnity basis" have the same meanings assigned to them by Rule 27 (2) and (3), respectively;
"taxed costs" means costs taxed in accordance with this Order.
(2) In this Order, references to a fund, being a fund out of which costs are to be paid or which is held by a trustee or personal representative, include references to any estate or property, whether movable or immovable, held for the benefit of any person or class of persons; and references to a fund held by a trustee or personal representative include references to any fund to which he is entitled (whether alone or together with any other person) in that capacity, whether the fund is for the time being in his possession or not.
(3) The item mentioned in the first column of the table below, when used in an order for costs, shall have the effect indicated in the second column of that table.

TABLE

| Term | Effect |
|---|---|
| "Costs" | Where this order is made in interlocutory proceedings, the party in whose favour it is made shall be entitled to his costs in respect of those proceedings whatever the outcome of the cause or matter in which the proceedings arise; |
| "Costs reserved" | The party in whose favour an order for costs is made at the conclusion of the cause or matter in which the proceedings arise shall be entitled to his costs of the proceedings in respect of which this order is made unless the Court orders otherwise; |
| "Costs in any event" | This order has the same effect as an order for "costs" except that the costs shall be taxed only after the conclusion of the cause or matter in which the proceedings arise; |
| "Costs here and below" | The party in whose favour this order is made shall be entitled not only to his costs in respect of the proceedings in which it is made but also to his costs of the same proceedings in any lower court, tribunal or other body constituted under any written law or in arbitration proceedings; |

1

| | |
|---|---|
| "Costs in the cause" or "costs in application" | The party in whose favour an order for costs is made at the conclusion of the cause or matter in which the proceedings arise shall be entitled to his costs of the proceedings in respect of which such an order is made; |
| "Plaintiff's costs in the cause" or "Defendant's costs in the cause" | The plaintiff or defendant, as the case may be, shall be entitled to his costs of the proceedings in respect of which such an order is made if judgment is given in his favour in the cause or matter in which the proceedings arise, but he shall not be liable to pay the costs of any other party in respect of those proceedings if judgment is given in favour of any other party or parties in the cause or matter in question; |
| "Costs thrown away" | Where proceedings or any part thereof have been ineffective or have been subsequently set aside, the party in whose favour this order is made shall be entitled to his costs of those proceedings or that part in respect of which it is made. |

**Application (O. 59, r. 2)**
**2.** —(1) Where by virtue of any written law the costs of or incidental to any proceedings before an arbitrator or umpire or before a tribunal or other body constituted under any written law, not being proceedings in the High Court, are taxable in the High Court, this Order shall have effect in relation to proceedings for taxation of those costs as it has effect in relation to proceedings for taxation of the costs of or arising out of proceedings in the High Court.
(2) Subject to the express provisions of any written law and of these Rules, the costs of and incidental to proceedings in the Supreme Court or the Subordinate Courts, including the administration of estates and trusts, shall be in the discretion of the Court, and the Court shall have full power to determine by whom and to what extent the costs are to be paid.

## ENTITLEMENT TO COSTS

**When costs to follow the event (O. 59, r. 3)**
**3.** —(1) Subject to the following provisions of this Order, no party shall be entitled to recover any costs of or incidental to any proceedings from any other party to the proceedings except under an order of the Court.
(2) If the Court in the exercise of its discretion sees fit to make any order as to the costs of or incidental to any proceedings, the Court shall, subject to this Order, order the costs to follow the event, except when it appears to the Court that in the circumstances of the case some other order should be made as to the whole or any part of the costs.

2

(3) The costs of and occasioned by any amendment made without leave in the writ of summons or any pleadings shall be borne by the party making the amendment, unless the Court otherwise orders.

(4) The costs of and occasioned by any application to extend the time fixed by these Rules, or any direction or order thereunder, for serving or filing any document or doing any other act (including the costs of any order made on the application) shall be borne by the party making the application, unless the Court otherwise orders.

(5) If a party on whom a notice to admit facts is served under Order 27, Rule 2, refuses or neglects to admit the facts within 14 days after the service on him of the notice or such longer time as may be allowed by the Court, the costs of proving the facts shall be paid by him, unless the Court otherwise orders.

(6) If a party —

(a) on whom a list of documents is served in pursuance of any provision of Order 24; or

(b) on whom a notice to admit documents is served under Order 27, Rule 5,

gives notice of non-admission of any of the documents in accordance with Order 27, Rule 4 (2) or 5 (2), as the case may be, the costs of proving that document shall be paid by him, unless the Court otherwise orders.

(7) Where a defendant by notice in writing and without leave discontinues his counterclaim against any party or withdraws any particular claim made by him therein against any party, that party shall, unless the Court otherwise directs, be entitled to his costs of the counterclaim or his costs occasioned by the claim withdrawn, as the case may be, incurred to the time of receipt of the notice of discontinuance or withdrawal.

(8) Where a plaintiff accepts money paid into Court by a defendant who counterclaimed against him, then, if the notice of payment given by that defendant stated that he had taken into account and satisfied the cause of action or, as the case may be, all the causes of action in respect of which he counterclaimed, that defendant shall, unless the Court otherwise directs, be entitled to his costs of the counterclaim incurred to the time of receipt of the notice of acceptance by the plaintiff of the money paid into Court.

(9) Where any person claiming to be a creditor comes in to prove his title, debt or claim in relation to a company in pursuance of any such notice as is mentioned in Order 88, Rule 10, he shall, if his claim succeeds, be entitled to his costs incurred in establishing it, unless the Court otherwise directs, and, if his claim or any part thereof fails, may be ordered to pay the costs of any person incurred in opposing it.

(10) Where a claimant is entitled to costs under paragraph (9), the amount of the costs shall be fixed by the Court unless it thinks fit to direct taxation and the amount fixed or allowed shall be added to the claimant's debt.

**Stage of proceedings at which costs to be dealt with (O. 59, r. 4)**

**4.** —(1) Costs may be dealt with by the Court at any stage of the proceedings or after the conclusion of the proceedings; and any costs ordered shall be paid forthwith notwithstanding that the proceedings have not been concluded, unless the Court otherwise orders.

(2) In the case of an appeal the costs of the proceedings giving rise to the appeal, as well as the costs of the appeal and of the proceedings connected with it, may be dealt with by the Court hearing the appeal; and in the case of any proceedings transferred or removed to the High Court from any other court, the costs of the whole proceedings, both before

3

and after the transfer or removal, may be dealt with by the Court to which the proceedings are transferred or removed.

(3) Where under paragraph (2) the Court makes an order as to the costs of any proceedings before another Court, Rules 27, 30 and 31 shall not apply in relation to those costs, but, except in relation to costs of proceedings transferred or removed from a Subordinate Court, the order —

(a) shall specify the amount of the costs to be allowed;

(b) shall direct that the costs shall be assessed by the Court before which the proceedings took place; or

(c) if the order is made on appeal from a Subordinate Court in relation to proceedings in that Court, may direct that the costs shall be taxed by the Registrar of the Supreme Court.

**Special matters to be taken into account in exercising discretion (O. 59, r. 5)**

**5.** The Court in exercising its discretion as to costs shall, to such extent, if any, as may be appropriate in the circumstances, take into account any payment of money into Court and the amount of such payment and the conduct of all the parties, including conduct before, as well as during, the proceedings, and in particular the extent to which the parties followed any relevant pre-action protocol or practice direction for the time being issued by the Registrar.

**Restriction of discretion to order costs (O. 59, r. 6)**

**6.** —(1) Notwithstanding anything in this Order or under any written law unless the Court is of opinion that there was no reasonable ground for opposing the will, no order shall be made for the costs of the other side to be paid by the party opposing a will in a probate action who has given notice with his defence to the party setting up the will that he merely insists upon the will being proved in solemn form of law and only intends to cross-examine the witnesses produced in support of the will.

(2) Where a person is or has been a party to any proceedings in the capacity of trustee, personal representative or mortgagee, he shall, unless the Court otherwise orders, be entitled to the costs of those proceedings, in so far as they are not recovered from or paid by any other person, out of the fund held by the trustee or personal representative or out of the mortgaged property, as the case may be; and the Court may otherwise order only on the ground that the trustee, personal representative or mortgagee has acted unreasonably or, in the case of trustee or personal representative, has in substance acted for his own benefit rather than for the benefit of the fund.

**Costs due to unnecessary claims or issues (O. 59, r. 6A)**

**6A.** In addition to and not in derogation of any other provision in this Order, where a party has failed to establish any claim or issue which he has raised in any proceedings, and has thereby unnecessarily or unreasonably protracted, or added to the costs or complexity of those proceedings, the Court may order that the costs of that party shall not be allowed in whole or in part, or that any costs occasioned by that claim or issue to any other party shall be paid by him to that other party, regardless of the outcome of the cause or matter.

**Costs arising from misconduct or neglect (O. 59, r. 7)**

**7.** —(1) Where it appears to the Court in any proceedings that any thing has been done, or that any omission has been made, unreasonably or improperly by or on behalf of any party, the Court may order that the costs of that party in respect of the act or omission, as

4

the case may be, shall not be allowed and that any costs occasioned by it to any other party shall be paid by him to that other party.

(2) Without prejudice to the generality of paragraph (1), the Court shall for the purpose of that paragraph have regard in particular to the following matters:

(a) the omission to do any thing the doing of which would have been calculated to save costs;

(b) the doing of any thing calculated to occasion, or in a manner or at a time calculated to occasion unnecessary costs; and

(c) any unnecessary delay in the proceedings.

(3) The Court may, instead of giving a direction under paragraph (1) in relation to anything done or omission made, direct the Registrar to inquire into it and, if it appears to him that such a direction should have been given in relation to it to act as if the appropriate direction had been given.

(4) The Registrar shall, in relation to anything done or omission made in the court of taxation and in relation to any failure to procure taxation have the same power to disallow or to award costs as the Court has under paragraph (1) to direct that costs shall be disallowed to or paid by any party.

(5) Where a party entitled to costs fails to procure or fails to proceed with taxation, the Registrar in order to prevent any other parties being prejudiced by that failure, may allow the party so entitled a nominal or other sum for costs or may certify the failure and the costs of the other parties.

## Costs of taxation proceedings (O. 59, r. 7A)

**7A.** —(1) Subject to the provisions of any written law and this Order, the party whose bill is being taxed shall be entitled to his costs of the taxation proceedings.

(2) The party liable to pay the costs of the proceedings which gave rise to the taxation proceedings may make a written offer to pay a specific sum in satisfaction of those costs which is expressed to be "without prejudice except as to the costs of taxation" at any time before the expiration of 7 days after the delivery to him of a copy of the bill of costs under Rule 22 and, where such an offer is made, the fact that it has been made shall not be communicated to the Registrar until the question of the costs of the taxation proceedings falls to be decided.

(3) The Registrar may take into account any offer made under paragraph (2) which has been brought to his attention.

## Personal liability of solicitor for costs (O. 59, r. 8)

**8.** —(1) Subject to this Rule, where it appears to the Court that costs have been incurred unreasonably or improperly in any proceedings or have been wasted by failure to conduct proceedings with reasonable competence and expedition, the Court may make against any solicitor whom it considers to be responsible (whether personally or through an employee or agent) an order —

(a) disallowing the costs as between the solicitor and his client; and

(b) directing the solicitor to repay to his client costs which the client has been ordered to pay to other parties to the proceedings; or

(c) directing the solicitor personally to indemnify such other parties against costs payable by them.

(2) No order under this Rule shall be made against a solicitor unless he has been given a reasonable opportunity to appear before the Court and show cause why the order should

not be made, except where any proceedings in Court or in Chambers cannot conveniently proceed, and fails or is adjourned without useful progress being made —

(a) because of the failure of the solicitor to attend in person or by a proper representative; or

(b) because of the failure of the solicitor to deliver any document for the use of the Court which ought to have been delivered or to be prepared with any proper evidence or account or otherwise to proceed.

(3) Before making an order under this Rule, the Court may, if it thinks fit, refer the matter (except in the case of undue delay in the drawing up of, or in any proceedings under, any order or judgment as to which the Registrar has reported to the Court) to the Registrar for inquiry and report and direct the solicitor in the first place to show cause before him.

(4) The Court may, if it thinks fit, direct or authorise the Attorney-General to attend and take part in any proceedings or inquiry under this Rule, and may make such order as it thinks fit as to the payment of his costs.

(5) The Court may direct that notice of any proceedings or order against a solicitor under this Rule shall be given to his client in such manner as may be specified in the direction.

(6) Where in any proceedings before the Registrar on taxation the solicitor representing any party is guilty of neglect or delay or puts any other party to any unnecessary expense in relation to those proceedings, the Registrar may direct the solicitor to pay costs personally to any of the parties to those proceedings; and where any solicitor fails to leave his bill of costs for taxation within the time fixed by an order of Court or otherwise delays or impedes the taxation, then, unless the Registrar otherwise directs, the solicitor shall not be allowed the fees to which he would otherwise be entitled for drawing his bill of costs and for attending the taxation.

(7) On the taxation of any bill of costs, if one-half or more of the total amount of the bill is taxed off, the Registrar shall have the power to make one or both of the following orders:

(a) that the solicitor who presented the bill be disallowed the costs for the work done for and in the taxation of costs;

(b) that the solicitor who presented the bill —

(i) stamp the bill with the whole of the amount of fees which would be payable if the bill was allowed by the Registrar at the full amount thereof;

(ii) be entitled to be reimbursed by the paying party (in the case of a bill between party and party) or his client (in the case of a bill between the solicitor and his client) only the amount of fees payable on the amount allowed on taxation;

(iii) pay personally the difference between the amounts of fees mentioned in sub-paragraphs (i) and (ii) above; and

(iv) pay personally the fee payable for the Registrar's Certificate.

(8) Where the Registrar makes one or both of the orders under paragraph (7), he shall make a note to that effect on the bill of costs and the order(s) shall be included in the Registrar's Certificate.

**Fractional or gross sum in place of taxed costs (O. 59, r. 9)**

9. —(1) Subject to this Order, where under these Rules or any order or direction of the Court costs are to be paid to any person, that person shall be entitled to his taxed costs.

(2) Paragraph (1) shall not apply to costs which under any order or direction of the Court —

6

(a) are to be paid to a receiver appointed by the High Court under section 4 (10) of the Civil Law Act (Chapter 43) in respect of his remuneration, disbursements or expenses; or
(b) are to be assessed or settled by the Registrar, but Rules 27, 30 and 31 shall apply in relation to the assessment or settlement by the Registrar of costs which are to be assessed or settled as aforesaid.
(3) Where a writ in an action is endorsed in accordance with Order 6, Rule 2 (1) (b), and judgment is entered in default of appearance or of defence for the amount claimed for costs (whether alone or together with any other amount claimed), paragraph (1) shall not apply to those costs; but if the amount claimed for costs as aforesaid is paid in accordance with the endorsement (or is accepted by the plaintiff as if so paid) the defendant shall nevertheless be entitled to have those costs taxed.
(4) The Court in awarding costs to any person may direct that, instead of taxed costs, that person shall be entitled —
(a) to a proportion specified in the direction of the taxed costs or to the taxed costs from or up to a stage of the proceedings so specified; or
(b) to a gross sum so specified in lieu of taxed costs.

**When a party may sign judgment for costs without an order (O. 59, r. 10)**
**10.** —(1) Where —
(a) a plaintiff by notice in writing and without leave either wholly discontinues his action against any defendant or withdraws any particular claim made by him therein against any defendant; or
(b) an action, a cause or matter is deemed discontinued,
the defendant may, unless the Court otherwise orders, tax his costs of the action, cause or matter and if the taxed costs are not paid within 4 days after taxation, may sign judgment for them. The reference to a defendant in this paragraph shall be construed as a reference to the person (howsoever described) who is in the position of defendant in the proceeding in question, including a proceeding on a counterclaim.
(2) If a plaintiff accepts money paid into Court in satisfaction of the cause of action, or all the causes of action, in respect of which he claims, or if he accepts a sum or sums paid in respect of one or more specified causes of action and gives notice that he abandons the others, then subject to paragraph (4), he may, after 4 days from payment out and unless the Court otherwise orders, tax his costs incurred to the time of receipt of the notice of payment into Court and 48 hours after taxation may sign judgment for his taxed costs.
(3) Where a plaintiff in an action for libel or slander against several defendants sued jointly accepts money paid into Court by one of the defendants, he may, subject to paragraph (4), tax his costs and sign judgment for them against that defendant in accordance with paragraph (2).
(4) Where money paid into Court in an action is accepted by the plaintiff after the trial or hearing has begun, the plaintiff shall not be entitled to tax his costs under paragraph (2) or (3).
(5) When an appeal is deemed to have been withdrawn under Order 55D or Order 57 —
(a) the respondent may tax his costs of and incidental to the appeal, and, if the taxed costs are not paid within 4 days after taxation, may sign judgment for them; and
(b) any sum of money lodged in Court as security for the costs of the appeal shall be paid out to the respondent towards satisfaction of the judgment for taxed costs without an order of the Court and the balance, if any, shall be paid to the appellant.

**When order for taxation of costs not required (O. 59, r. 11)**

**11.** —(1) When an action or application is dismissed with costs, or an order of the Court directs the payment of any costs, or any party is entitled under Rule 10 to tax his costs, no order directing the taxation of those costs need be made.

(2) Where a summons is taken out to set aside with costs any proceeding on the ground of irregularity and the summons is dismissed but no direction is given as to costs, the summons is to be taken as having been dismissed with costs.

**Powers of Registrar to tax costs (O. 59, r. 12)**

**12.** —(1) The Registrar of the Supreme Court shall have power to tax —

(a) the costs of or arising out of any cause or matter in the Supreme Court;

(b) the costs directed by an award made on a reference to arbitration under any written law or pursuant to an arbitration agreement to be paid;

(c) any other costs the taxation of which is directed by an order of the Court; and

(d) any costs directed to be taxed or settled by or under any written law.

(2) The Registrar of the Subordinate Courts shall have power to tax —

(a) the costs of or arising out of any cause or matter in the Subordinate Courts;

(b) any other costs the taxation of which is directed by an order of the Court; and

(c) any costs directed to be taxed or settled by or under any written law.

**Supplementary powers of Registrar (O. 59, r. 13)**

**13.** The Registrar may, in the discharge of his functions with respect to the taxation of costs —

(a) take an account of any dealings in money made in connection with the payment of the costs being taxed, if the Court so directs;

(b) require any party represented jointly with any other party in any proceedings before him to be separately represented;

(c) examine any witness in those proceedings; and

(d) direct the production of any document which may be relevant in connection with those proceedings.

**Extension, etc., of time (O. 59, r. 14)**

**14.** —(1) The Registrar may —

(a) extend the period within which a party is required under this Order to begin proceedings for taxation or to do anything in or in connection with proceedings before the Registrar; and

(b) where no period is specified under this Order or by the Court for the doing of anything in or in connection with such proceedings, specify the period within which the thing is to be done.

(2) Where an order of the Court specifies a period within which anything is to be done by or before the Registrar then, unless the Court otherwise directs, the Registrar may from time to time extend the period so specified on such terms (if any) as he thinks just.

(3) The Registrar may extend any such period as is referred to in paragraphs (1) and (2) although the application for extension is not made until after the expiration of that period.

**Interim certificates (O. 59, r. 15)**

**15.** —(1) The Registrar may from time to time in the course of the taxation of any costs by him issue an interim certificate for any part of those costs which has been taxed.

(2) If, in the course of the taxation of a solicitor's bill to his own client, it appears to the Registrar that in any event the solicitor will be liable in connection with that bill to pay

8

money to the client, he may from time to time issue an interim certificate specifying an amount which in his opinion is payable by the solicitor to his client.

(3) On the filing of a certificate issued under paragraph (2) the Court may order the amount specified therein to be paid forthwith to the client or into Court.

**Power of Registrar where party liable to be paid and to pay costs (O. 59, r. 16)**

**16.** Where a party entitled to be paid costs is also liable to pay costs, the Registrar may —

(a) tax the costs which that party is liable to pay and set off the amount allowed against the amount he is entitled to be paid and direct payment of any balance; or

(b) delay the issue of a certificate for the costs he is entitled to be paid until he has paid or tendered the amount he is liable to pay.

**Taxation of bill of costs comprised in account (O. 59, r. 17)**

**17.** —(1) Where the Court directs an account to be taken and the account consists in part of a bill of costs, the Court may direct the Registrar to tax those costs and the Registrar shall tax the costs in accordance with the direction and shall return the bill of costs, after taxation thereof, together with his report thereon to the Court.

(2) The Registrar taxing a bill of costs in accordance with a direction under this Rule shall have the same powers, and the same fees shall be payable in connection with the taxation as if an order for taxation of the costs had been made by the Court.

**Registrar to fix certain fees payable to conveyancing counsel, etc. (O. 59, r. 18)**

**18.** —(1) Where the Court refers any matter to any solicitor or obtains the assistance of any other person under Order 32, Rule 12, the fees payable to the solicitor or that other person in respect of the work done by him in connection with the reference or, as the case may be, in assisting the Court shall be fixed by the Registrar.

(2) An appeal from the decision of the Registrar under this Rule shall lie to the Court, and the decision of the Court shall be final.

**Litigants in person — Compensatory costs (O. 59, r. 18A)**

**18A.** On a taxation of the costs of a litigant in person, there may be allowed such costs as would reasonably compensate the litigant for the time expended by him, together with all expenses reasonably incurred.

**Costs for more than two solicitors (O. 59, r. 19)**

**19.** —(1)   Subject to paragraph (3), costs for getting up the case by and for attendance in Court of more than 2 solicitors for a party shall not be allowed unless the Court at the hearing or within 7 days thereof so certifies.

(2)   Such costs may be allowed notwithstanding that the solicitors are members of the same firm of solicitors.

(3)   Notwithstanding paragraph (1), the Court must be satisfied at the taxation of costs that the use of 2 solicitors is reasonable, having regard to paragraph 1 of Appendix 1 to this Order.

*S 637/2006, wef 01/01/2007*

# PROCEDURE ON TAXATION

**Mode of beginning proceedings for taxation (O. 59, r. 20)**

**20.** A party entitled to require any costs to be taxed must begin proceedings for the taxation of those costs by filing the bill of costs at the Registry.

**Notification of time appointed for taxation (O. 59, r. 21)**

**21.** Where proceedings for taxation have been duly begun in accordance with Rule 20, the Registrar shall give to the party beginning the proceedings not less than 14 days notice of the date and time appointed for taxation.

**Delivery of bills, etc. (O. 59, r. 22)**

**22.** —(1) A party whose costs are to be taxed in any taxation proceedings must, within 2 days after receiving a notice of the date and time under Rule 21, send a copy of his bill of costs to every other party entitled to be heard in the proceedings.

(2) Notice need not be given to any party who has not entered an appearance or taken any part in the proceedings which gave rise to the taxation proceedings:

Provided that this paragraph shall not apply where an order for the taxation of a solicitor's bill of costs made under the Legal Profession Act (Chapter 161), at the instance of the solicitor, gave rise to the taxation proceedings.

**23.** [*Deleted by S 532/91*]

**Form of bill of costs (O. 59, r. 24)**

**24.** —(1) Every bill of costs must set out in 3 separate sections the following:

(a) work done in the cause or matter, except for taxation of costs;

(b) work done for and in the taxation of costs; and

(c) all disbursements made in the cause or matter.

(2) The costs claimed for paragraph (1) (*a*) and (*b*) shall be indicated as one global sum for each section, while the costs claimed for paragraph (1) (*c*) must set out the sum claimed for each item of disbursement.

(3) Every bill of costs must be headed in the cause or matter to which the bill relates, with the name of the party whose bill it is, and the judgment, direction or order under which the bill is to be taxed, the basis of taxation and whether the bill is to be taxed between party and party or solicitor and client.

(4) A bill of costs must be endorsed with the name or firm and business address of the solicitor whose bill it is.

**Provisions as to taxation proceedings (O. 59, r. 25)**

**25.** —(1) If any party entitled to be heard in any taxation proceedings does not attend within a reasonable time after the time appointed for the taxation, the Registrar, if satisfied by affidavit or otherwise that the party had due notice of the date and time appointed, may proceed with the taxation.

(2) The Registrar by whom any taxation proceedings are being conducted may, if he thinks it necessary to do so, adjourn those proceedings from time to time.

**Powers of Registrar taxing costs payable out of a fund (O. 59, r. 26)**

**26.** —(1) Where any costs are to be paid out of a fund, the Registrar may give directions as to the parties who are entitled to attend on the taxation of those costs and may disallow the costs of attendance of any party not entitled to attend by virtue of the directions and whose attendance he considers unnecessary.

(2) Where the Court has directed that a solicitor's bill of costs be taxed for the purpose of being paid out of a fund, the Registrar by whom the bill is being taxed may, if he thinks fit, adjourn the taxation for a reasonable period and direct the solicitor to send to any person having an interest in the fund a copy of the bill, or any party thereof, free of charge together with a letter containing the following information:

10

(a) that the bill of costs, a copy of which or of part of which is sent with the letter has been referred to the Registrar for taxation;

(b) that the taxation will take place at the Chambers of the Registrar;

(c) the date and time appointed by the Registrar at which the taxation will be continued; and

(d) such other information, if any, as the Registrar may direct.

# ASSESSMENT OF COSTS

**Basis of taxation (O. 59, r. 27)**

27. —(1) Subject to the other provisions of these Rules, the amount of costs which any party shall be entitled to recover is the amount allowed after taxation on the standard basis where —

(a) an order is made that the costs of one party to proceedings be paid by another party to those proceedings;

(b) an order is made for the payment of costs out of any fund; or

(c) no order for costs is required,

unless it appears to the Court to be appropriate to order costs to be taxed on the indemnity basis.

(2) On a taxation of costs on the standard basis, there shall be allowed a reasonable amount in respect of all costs reasonably incurred and any doubts which the Registrar may have as to whether the costs were reasonably incurred or were reasonable in amount shall be resolved in favour of the paying party; and in these Rules, the term "the standard basis", in relation to the taxation of costs, shall be construed accordingly.

(3) On a taxation on the indemnity basis, all costs shall be allowed except in so far as they are of an unreasonable amount or have been unreasonably incurred and any doubts which the Registrar may have as to whether the costs were reasonably incurred or were reasonable in amount shall be resolved in favour of the receiving party; and in these Rules, the term "the indemnity basis", in relation to the taxation of costs, shall be construed accordingly.

(4) Where the Court makes an order for costs without indicating the basis of taxation or an order that costs be taxed on any basis other than the standard basis or the indemnity basis, the costs shall be taxed on the standard basis.

(5) Notwithstanding paragraphs (1) to (4), if any action is brought in the High Court, which would have been within the jurisdiction of a Subordinate Court, the plaintiff shall not be entitled to any more costs than he would have been entitled to if the proceedings had been brought in a Subordinate Court, unless in any such action a Judge certifies that there was sufficient reason for bringing the action in the High Court.

**Costs payable to a solicitor by his own client (O. 59, r. 28)**

28. —(1) This Rule applies to every taxation of a solicitor's bill of costs to his own client.

(2) On a taxation to which this Rule applies, costs shall be taxed on the indemnity basis but shall be presumed —

(a) to have been reasonably incurred if they were incurred with the express or implied approval of the client;

(b) to have been reasonable in amount if their amount was, expressly or impliedly, approved by the client; and

(c) to have been unreasonably incurred if, in the circumstances of the case, they are of an unusual nature unless the solicitor satisfies the Registrar that prior to their being incurred he informed his client that they might not be allowed on a taxation of costs inter partes.

(3) In paragraph (2), references to the client shall be construed —

(a) if the client was at the material time incapable by reason of unsoundness of mind within the meaning of the Mental Disorders and Treatment Act (Chapter 178) of managing and administering his property and affairs and represented by a person acting as litigation representative[3], as references to that person acting, where necessary, with the authority of the authority having jurisdiction under that Act; and

(b) if the client was at the material time a minor and represented by a person acting as litigation representative[3], as references to that person.

*S 49/2009, wef 01/03/2009*

(4) The delivery of a bill of costs by a solicitor to his client shall not preclude the solicitor from presenting a bill for a larger amount or otherwise for taxation, if taxation is ordered by the Court or is consented to by the solicitor and his client.

(5) Upon a taxation mentioned in paragraph (4), the solicitor shall be entitled to such amount as is allowed by the Registrar, notwithstanding that such amount may be more than that claimed in any previous bill of costs delivered to his client.

**Costs payable to solicitor where money recovered by or on behalf of minor, etc. (O. 59, r. 29)**

*S 49/2009, wef 01/03/2009*

**29.** —(1) This Rule applies to —

(a) any proceedings in which money is claimed or recovered by or on behalf of, or adjudged or ordered or agreed to be paid to, or for the benefit of, a person who is a minor or incapable by reason of unsoundness of mind within the meaning of the Mental Disorders and Treatment Act (Chapter 178) of managing and administering his property and affairs or in which money paid into Court is accepted by or on behalf of such a person;

*S 49/2009, wef 01/03/2009*

(b) any proceedings under the Civil Law Act (Chapter 43) in which money is recovered by or on behalf of, or adjudged or ordered or agreed to be paid to, or for the benefit of, the widow of the person whose death gave rise to the proceedings in satisfaction of a claim under that Act or in which money paid into Court is accepted by her or on her behalf in satisfaction of such a claim, if the proceedings were for the benefit also of a person who, when the money is recovered, or adjudged or ordered or agreed to be paid, or accepted, is a minor; and

*S 49/2009, wef 01/03/2009*

(c) any proceedings in the Court of Appeal on an application or appeal made in connection with any proceedings to which this Rule applies by virtue of sub-paragraphs (*a*) and (*b*).

(2) The costs payable to his solicitor by any plaintiff in any proceedings to which this Rule applies by virtue of paragraph (1) (*a*) or (*b*), being the costs of those proceedings or incident to the claim therein or consequent thereon, shall be taxed under Rule 28; and no costs shall be payable to the solicitor of any plaintiff in respect of those proceedings except such amount of costs as may be certified in accordance with this Rule on the taxation under Rule 28 of the solicitor's bill of costs to the plaintiff.

(3) On the taxation under Rule 28 of a solicitor's bill to any plaintiff in any proceedings to which this Rule applies by virtue of paragraph (1) (*a*) or (*b*) who is his own client, the Registrar shall also tax any costs payable to that plaintiff in those proceedings and shall certify —

(a) the amount allowed on the taxation under Rule 28, the amount allowed on the taxation of any costs payable to that plaintiff in those proceedings and the amount (if any) by which the first-mentioned amount exceeds the other; and

(b) where necessary, the proportion of the amount of the excess payable respectively by, or out of money belonging to, any party to the proceedings who is a minor or incapable, by reason of unsoundness of mind within the meaning of the Mental Disorders and Treatment Act (Chapter 178) of managing and administering his property and affairs of the widow of the man whose death gave rise to the proceedings and any other party.

*S 49/2009, wef 01/03/2009*

(4) Paragraphs (2) and (3) shall apply in relation to any proceedings to which this Rule applies by virtue of paragraph (1) (*c*) as if for references to a plaintiff there were substituted references to the party, whether appellant or respondent, who was the plaintiff in the proceedings which gave rise to the first-mentioned proceedings.

(5) Nothing in paragraphs (1) to (4) shall prejudice a solicitor's lien for costs.

(6) Paragraphs (1) to (5) shall apply in relation to —

(a) a counterclaim by or on behalf of a person who is a minor or incapable by reason of unsoundness of mind within the meaning of the Mental Disorders and Treatment Act of managing and administering his property and affairs and a counterclaim consisting of or including a claim under the Civil Law Act (Chapter 43) by or on behalf of the widow of the man whose death gave rise to the claim; and

*S 49/2009, wef 01/03/2009*

(b) a claim made by or on behalf of a person who is a minor or incapable as aforesaid in an action by any other person for relief under section 137 of the Merchant Shipping Act (Chapter 179) and a claim consisting of or including a claim under the Civil Law Act made by or on behalf of that widow in such an action,

*S 49/2009, wef 01/03/2009*

as if for references to a plaintiff there were substituted references to a defendant.

**Costs payable to a trustee out of trust fund, etc. (O. 59, r. 30)**

**30.** —(1) This Rule applies to every taxation of the costs which a person who is or has been a party to any proceedings in the capacity of trustee or personal representative is entitled to be paid out of any fund which he holds in that capacity.

(2) On a taxation to which this Rule applies, costs shall be taxed on the indemnity basis but shall be presumed to have been unreasonably incurred if they were incurred contrary to the duty of the trustee or personal representative as such.

**Provisions for ascertaining costs on taxation (O. 59, r. 31)**

**31.** —(1) Subject to Rules 1 to 30, the provisions in Appendix 1 to this Order for ascertaining the amount of costs to be allowed on a taxation of costs shall apply to the taxation of all costs with respect to contentious business.

(2) Notwithstanding paragraph (1), costs shall be allowed in the cases to which Appendix 2 to this Order applies in accordance with the provisions of that Appendix unless the Court otherwise orders.

13

# CERTIFICATE

**Certificate (O. 59, r. 32)**
**32.** When the bill of costs has been taxed, the solicitor shall cast up the deductions therefrom, which, with the casting of the bill, shall be checked by the Registrar, and the Registrar shall proceed to make his certificate for the amount of such costs less the deductions.

**Certificate of Registrar to be conclusive unless set aside (O. 59, r. 33)**
**33.** Upon the taxation of the bill of costs, the certificate of the Registrar, unless set aside, shall be conclusive as to the amount thereof, and, where the order contains a submission to pay, the solicitor may after 48 hours, if there is no application for review, issue execution in respect thereof.

# REVIEW

**Application to Judge for review (O. 59, r. 34)**
**34.** —(1) Any party to any taxation proceedings who is dissatisfied with the allowance or disallowance in whole or in part of any item by the Registrar, or with the amount allowed by the Registrar in respect of any item, may apply to a Judge to review the taxation as to that item or part of an item, as the case may be.

(2) An application under this Rule for review of the Registrar's decision may be made at any time within 14 days after that decision, or such longer time as the Registrar or the Court at any time may allow.

(3) An application under this Rule shall be made by summons and shall, except where the Judge thinks fit to adjourn into Court, be heard in Chambers.

(4) An application under this Rule for review of the Registrar's decision in respect of any item shall not prejudice the power of the Registrar under Rule 15 to issue an interim certificate in respect of the items of his decision which are not the subject of the review.

(5) In this Rule and Rule 35, "Judge" means a Judge of the High Court or a District Judge in person.

(6) This Rule and Rule 35 shall apply to taxation proceedings in which the bills of costs are filed on or after the date of commencement of the Rules of Court (Amendment No. 2) Rules 2002*.

*15th April 2002 — Date of commencement of the Rules of Court (Amendment No. 2) Rules 2002.

**Review of Registrar's decision by Judge (O. 59, r. 35)**
**35.** —(1) Unless the Judge otherwise directs, no further evidence shall be received on the hearing of the review of the Registrar's decision by the Judge, but except as aforesaid, on the hearing of the review, the Judge may exercise all such powers and discretion as are vested in the Registrar in relation to the subject-matter of the application.

(2) At the conclusion of the review, the Judge may make such order as the circumstances require, and in particular may order the Registrar's certificate to be amended or, except where the dispute as to the item under review is as to amount only, order the item to be remitted to the Registrar for taxation.

**Review of Registrar's decision by a Judge (O. 59, r. 36)**
**36.** [ *Deleted by S 150/2002*]

14

# INTEREST

## Interest on costs (O. 59, r. 37)

**37.** —(1) The costs mentioned in the first column below shall carry interest at 6% per annum or such other rate as the Chief Justice may direct from the date mentioned below until payment:

| Type of Costs | Commencement Date |
|---|---|
| (a) Taxed costs | Date of taxation |
| (b) Costs fixed by the Court | Date of order |
| (c) Costs agreed between the parties | Date of agreement |
| (d) Costs under Parts I, II and IIA of Appendix 2 | Date of judgment |

*S 637/2006, wef 01/01/2007*

(2) Costs under Part III of Appendix 2 shall not carry any interest.

*Appendix 1*

(O. 59, R. 31 (1))          COSTS ON TAXATION

**Amount of costs**

**1.** —(1) The amount of costs to be allowed shall (subject to any order of the Court) be in the discretion of the Registrar.

(2) In exercising his discretion the Registrar shall have regard to all the relevant circumstances, and in particular to —

(a) the complexity of the item or of the cause or matter in which it arises and the difficulty or novelty of the questions involved;

(b) the skill, specialised knowledge and responsibility required of, and the time and labour expended by, the solicitor;

(c) the number and importance of the documents (however brief) prepared or perused;

(d) the place and circumstances in which the business involved is transacted;

(e) the urgency and importance of the cause or matter to the client; and

(f) where money or property is involved, its amount or value.

**2.** —(1) The bill of costs must set out sufficient information that will enable the Registrar to have regard to the matters referred to in paragraph 1 (2) and shall comply with such requirements and contain such information as may be laid down or specified in any practice directions for the time being issued by the Registrar.

(2) Where attendances, telephone conversations and correspondence are concerned, it shall be sufficient to state only the number of such attendances, telephone calls and correspondence, and, where possible, the total number of hours of such attendances and telephone calls.

(3) Where costs have already been awarded for any of the events set out, this fact and the amount awarded must be indicated.

(4) The bill must also contain a succinct narrative of the legal and factual issues involved.

(5) The bill may also contain the lists of authorities cited, indicating, where possible, those cited in the judgment of the Court.

(6) Work done in the cause or matter includes work done in connection with the negotiation of a settlement.

# EXHIBIT B-2

*Appendix 2*

(O. 59, R. 31 (2))   FIXED COSTS

# PART I

## COSTS ON JUDGMENT WITHOUT TRIAL

**1.** —(1) The scale of costs set out in Part II of this Appendix shall apply in relation to the following cases:

(a) cases in which the defendant pays the amount claimed within the time and in the manner required by the endorsement of the writ;

(b) cases in which the plaintiff obtains final judgment in default of appearance or of defence under —

(i) Order 13, Rule 1;

(ii) Order 13, Rule 1 by virtue of Order 79, Rule 4;

(iii) Order 13, Rule 4 or 5;

(iv) Order 19, Rule 2;

(v) Order 19, Rule 2 by virtue of Order 79, Rule 4; or

(vi) Order 19, Rule 5 or 6; and

(c) cases in which the plaintiff obtains final judgment under Order 14 unconditionally.

(2) Where the plaintiff is also entitled under the judgment to damages to be assessed, or where the plaintiff claims any relief of the nature specified in Order 83, Rule 1, this Part shall not apply.

(3) In respect of the cases set out in sub-paragraphs (1) (*a*) and (*b*), where the plaintiff is entitled under the judgment to costs on an indemnity basis, the scale of costs and disbursements set out in both Parts II and IIA of this Appendix shall apply.

# PART II

## BASIC COSTS

Costs to be allowed (excluding disbursements) in cases under the following sub-paragraphs of paragraph 1 (1) of Part I:

|  | *High Court* | *District Court* | *Magistrate'sCourt* |
|---|---|---|---|
| (a) under sub-paragraph (*a*) | $ 2,000 | $ 1,500 | $ 800 |
| (b) under sub-paragraph (*b*) | $ 2,300 | $ 1,800 | $1,000 |
| (c) under sub-paragraph (*c*) | $ 4,000 to $15,000 | $ 3,000 to $10,000 | $2,000 to $6,000 |

16

# COSTS FOR ADDITIONAL ITEMS

| | Costs to be allowed | | |
| --- | --- | --- | --- |
| | *High Court* | *District Court* | *Magistrate's Court* |
| 2.—(1) Where there is more than one defendant, in respect of each additional defendant served — | | | |
| (a) if the additional defendant is represented by the same solicitor as any other defendant | $100 | $100 | $100 |
| (b) in any other case | $200 | $200 | $150 |
| (2) Where substituted service is ordered and effected, in respect of each defendant served | $350 plus disbursement | $350 plus disbursement | $300 plus disbursement |
| (3) Where service out of jurisdiction is ordered and effected | $700 plus disbursement | $700 plus disbursement | $600 plus disbursement |

The disbursements allowed under sub-paragraphs (2) and (3) shall be limited to disbursements reasonably incurred in connection with the substituted service and service out of jurisdiction, and are the following:

| | Disbursement to be allowed | | |
| --- | --- | --- | --- |
| | *High Court* | *District Court* | *Magistrate's Court* |
| (a) Court fees | Actual fees | Actual fees | Actual fees |
| (b) Affirmation fees for affidavit in support of application | Actual fees | Actual fees | Actual fees |
| (c) For each attempted service | $ 20 | $ 20 | $ 20 |
| (d) For the substituted service, if effected within Singapore — | | | |
| (i) by posting on the door and notice board | $ 20 | $ 20 | $ 20 |
| (ii) by advertisement and posting on the notice board | Actual cost | Actual cost | Actual cost |
| (e) For service out of jurisdiction | Actual cost | Actual cost | Actual cost |
| (4) In the case of a judgment in default of defence or judgment under Order 14, where notice of | $200 | $200 | $150 |

| | | | |
|---|---|---|---|
| appearance is not given on the day on which appearance is entered, and the plaintiff makes an affidavit of service for the purpose of a judgment in default of appearance (the allowance to include the search fee) | | | |
| (5) In the case of a judgment under Order 14 where an affidavit of service of the summons is required | $200 | $200 | $150 |
| (6) In the case of a judgment in default of appearance or defence on an application by summons under Order 79, Rule 4 | $200 | $200 | $200 |
| And where there is more than one defendant in respect of each additional defendant | $150 | $150 | $100 |

## PART IIA

## ADDITIONAL ITEMS WHERE COSTS ARE ON INDEMNITY BASIS

Disbursement to be allowed in addition to the items claimed under Part II in cases under paragraph 1 (3) of Part I:

| | Disbursement to be allowed | | |
|---|---|---|---|
| | *High Court* | *District Court* | *Magistrate's Court* |
| (1) Court fees | Actual fees | Actual fees | Actual fees |
| (2) Affirmation fees for supporting affidavit | Actual fees | Actual fees | Actual fees |
| (3) Personal service of the writ of summons in Singapore (if applicable) | $ 20 | $ 20 | $ 20 |
| (4) For each attempted service, where there is no order for substituted service (if applicable) | $ 20 | $ 20 | $ 20 |
| (5) Postage, photocopying, miscellaneous charges and incidentals | $ 50 | $ 50 | $ 50 |

## PART III

# MISCELLANEOUS

**3.** Where a plaintiff or defendant signs judgment for costs under Rule 10, there shall be allowed the following costs, in addition to disbursements:

|  | *High Court* | *District Court* | *Magistrate's Court* |
|---|---|---|---|
|  | | *Costs to be allowed* | |
| Costs of judgment | $300 | $300 | $200 |

**4.** Where upon the application of any person who has obtained a judgment or order against a debtor for the recovery or payment of money a garnishee order is made under Order 49, Rule 1, against a garnishee attaching debts due or accruing due from him to the debtor, there shall be allowed the following costs, in addition to disbursements:
(a) to the garnishee, to be deducted by him from any debt owing by him as aforesaid before payments to the applicant —

| *If no affidavit used* | | | *If affidavit used* | | |
|---|---|---|---|---|---|
| *High Court* | *District Court* | *Magistrate's Court* | *High Court* | *District Court* | *Magistrate's Court* |
| 150 | 150 | 150 | 300 | 300 | 300 |

(b) to the applicant, to be retained, unless the Court otherwise orders, out of the money recovered by him under the garnishee order and in priority to the amount of the debt owing to him under the judgment or order —

|  | *Costs to be allowed* | |
|---|---|---|
| *High Court* | *District Court* | *Magistrate's Court* |
| $750 | $750 | $600 |

(c) where the garnishee fails to attend the hearing of the application and an affidavit of service is required —

|  | *Costs to be allowed* | |
|---|---|---|
| *High Court* | *District Court* | *Magistrate's Court* |
| $200 | $200 | $150 |

**5.** Where leave is given under Order 45, Rule 3, to enforce a judgment or order for the recovery of possession of land by writ of possession, if costs are allowed on the judgment or order there shall be allowed the following costs, in addition to disbursements, which shall be added to the judgment or order:

|  | *High Court* | *District Court* |
|---|---|---|
| (a) Costs | $800 | $800 |
| (b) Where notice of proceedings has been given to more than one person, in respect of each additional person | $100 | $100 |

19

**6.** Where a writ of execution within the meaning of Order 46, Rule 1, is issued against any party, there shall be allowed the following costs, in addition to disbursements:

| | Costs to be allowed | | |
|---|---|---|---|
| | *High Court* | *District Court* | *Magistrate's Court* |
| Costs of issuing execution | $750 | $750 | $400 where it is a Small Claims action; $600 in any other case. |

# PART IV

## MAGISTRATES' COURTS CASES

## (EXCLUDING CASES IN PART I AND NON-INJURY MOTOR ACCIDENT ACTIONS IN PART V)

(1) Costs to be allowed in Magistrates' Court cases excluding —
(a) cases in Part I; and
(b) cases in Part V:

| *Sum settled or awarded (where the plaintiff succeeds) or sum claimed (where the plaintiff fails)* | *Costs (excluding disbursements) to be allowed* |
|---|---|
| (i) Up to $20,000 | $3,000 to $6,000 |
| (ii) More than $20,000 to $40,000 | $4,000 to $12,000 |
| (iii) More than $40,000 to $60,000 | $5,000 to $18,000 |

(2) The above scales shall apply to the entire proceedings irrespective of whether the issues of liability and quantum are tried together or separately.
(3) Where the plaintiff's claim for unliquidated damages is discontinued or dismissed, the court shall award such costs within the above scales as it deems appropriate.

# PART V

## NON-INJURY MOTOR ACCIDENT ACTIONS IN MAGISTRATES' COURTS

**1.** —(1) In this Part, "non-injury motor accident action" means an action arising out of an accident on land due to a collision or an apprehended collision involving one or more motor vehicles, but not involving any claim for personal injuries.

20

(2) The scale of costs set out in sub-paragraphs (*a*) and (*b*) (which are exclusive of disbursements) together with paragraph 2 of Part II of this Appendix shall apply to all non-injury motor accident actions filed in the Magistrates' Courts —

(a) where the matter is concluded in respect of the issues of liability and quantum simultaneously, the costs shall follow the TABLE.

TABLE

| Stage of proceedings matter is concluded | Sum settled or awarded (excluding interest if any) | | |
|---|---|---|---|
| | *Less than $1,000* | *$1,000 to less than $10,000* | *$10,000 and above* |
| Any stage before defence is served | $1,000 | $1,000 — $1,200 | $1,200 — $1,500 |
| Where defence is served | $1,000 | $1,200 — $1,500 | $1,500 — $1,800 |
| Where defence to counterclaim is served | $1,000 | $1,500 — $1,800 | $1,800 — $2,100 |
| Where affidavits of evidence in chief are exchanged | $1,300 | $1,800 — $2,800 | $2,300 — $3,500 |
| The 1st day of trial | $1,500- $2,000 | $3,200- $3,800 | $3,800- $6,000 |
| Each subsequent day of trial | Add up to $1,000 | Add up to $1,500 | Add up to $3,000 |

(b) where liability and quantum are resolved separately (ie. interlocutory judgment is entered with damages to be assessed), costs will be fixed at a percentage of the scale in the TABLE, depending on the stage at which liability and quantum are resolved. If liability is resolved before the writ is issued and the plaintiff follows or ought to have followed the procedure in these Rules or the relevant practice direction, costs will be 80% of the scale at the relevant stage at which the matter is concluded. If liability is resolved after the writ is issued but before affidavits of evidence in chief are exchanged, costs will be 90% of the scale. If liability is resolved after affidavits of evidence in chief are exchanged, costs will be 100% of the scale.

21

## TABLE OF CONTENTS

**APPENDIX C: SAMPLE BILLS OF COSTS**..................................................................C - 1

1. Sample bill of costs for contentious matters - trials......................................................C - 2
2. Sample bill of costs for contentious matters other than trials....................................C - 10
3. Sample bill of costs for non-contentious matters.......................................................C - 15

Sample Bill of Costs for Trials

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

**Suit No.   of 20**
**Bill of Costs No.     of 20**

**GST Reg. No. (solicitors for plaintiffs): 12345**
**GST Reg. No. (1st plaintiff): 67890 (20%)**
**2nd plaintiff: No GST Reg. No. (100%)**

**Between**

**(1)  AAA**
**(2)  BBB**

**….. Plaintiffs**

**And**

**CCC**

**….. Defendant**

## BILL OF COSTS (for contentious business - trials)

| | |
|---|---|
| Applicant: | Solicitors for the plaintiffs |
| Nature of bill: | Party and party |
| Basis of taxation: | Standard basis |
| Basis for taxation: | Judgment dated _____ ordering the defendant to pay 2/3 of plaintiffs' costs |

| Section 1:  Work done other than for taxation | | | |
|---|---|---|---|
| *No.* | *Item* | *Description* | *Remarks* |
| **1.** | **The claim** | | |
| 1.1 | Nature of claim | Breach of contract, restraint of trade, breach of confidentiality. | |
| **2.** | **Pleadings** | | |
| 2.1 | Writ & statement of claim | Writ: 3 pages<br>Statement of claim: 20 pages | |
| 2.2 | Defence & counterclaim | Defence: 10 pages<br>Counterclaim: 2 pages | |

C - 2

Sample Bill of Costs for Trials                                    2

| No. | Item | Description | Remarks |
|---|---|---|---|
| 2.3 | Reply & defence to counterclaim | Reply: 5 pages<br>Defence to counterclaim: 2 pages | |
| 2.4 | Relief claimed | Plaintiffs' claim:<br>• $ 1 m damages plus interest<br>• Permanent injunction<br><br>Defendant's counterclaim:<br>• $500,000 damages plus interest<br>• Declaration | |
| 2.5 | Affidavits deemed or ordered to stand as pleadings | Not applicable | |
| **3.** | **Interlocutory attendances** | | |
| 3.1 | Interlocutory applications - costs fixed by court | (1) SIC 123/04: plaintiffs' application for further and better particulars on [date]. 3 affidavits filed (300 pages including 35 exhibits. Costs awarded to plaintiffs fixed at $3000.<br><br>(2) SIC 234/04: defendant's application for specific discovery. 1 affidavit filed (5 pages including 2 exhibits). No order on application with no order on costs. | (1) 30 F&BPs requested and 25 successful. Hearing before AR for ½ day on [date]<br><br>(2) Hearing before AR for ½ day on [date]. |
| 3.2 | Interlocutory applications – costs not fixed by court | (1) SIC 345/03: plaintiffs' *ex-parte* application for interlocutory injunction on [date]. 2 affidavits filed (total 200 pages including 25 exhibits). Written submissions of 30 pages with 10 cases cited. Order in terms with costs in the cause.<br><br>(2) SIC 456/05: plaintiffs' summons for directions on discovery, exchange of affidavits of evidence in chief ("AEIC") and setting down. Orders made. | (1) Hearing before Justice ABC from 5.30 to 6.30 pm on [date].<br><br><br>(2) Heard together with PTC on [dates]. |
| 3.3 | Appeals to Judge in chambers | RA 1/05: appeal on defendant's discovery application: appeal dismissed with costs fixed at $1000 to the plaintiffs. | Special date – ½ day hearing before Justice XYZ on [dates]. |

Sample Bill of Costs for Trials                    3

| No. | Item | Description | Remarks |
|-----|------|-------------|---------|
| 3.4 | Pre-trial conferences | 4 PTCs on [dates] | By consent application for extension of time to exchange AEIC with costs in the cause heard during PTC on [date]. |
| 3.5 | Other attendances | Not applicable. | |
| **4.** | **Discovery** | | |
| 4.1 | Number of lists of documents | Plaintiffs: list + 3 supplementary lists Defendant: list + 1 supplementary list All verified by affidavit. | 1 of plaintiffs' supplementary lists filed on 1st day of trial. |
| 4.2 | Total number of documents disclosed | Plaintiffs:  3,500 pages Defendant: 200 pages | |
| **5.** | **Trial** | | |
| 5.1 | Opening statement | Plaintiff: 20 pages Defendant: 18 pages | |
| 5.2 | Number of days and date(s) of trial | Number of days fixed: 15 days Number of days of actual hearing: 12 ½ days Dates of trial: 4-8 April 2005, 25-29 April 2005, 3-5 May 2005 | Parties negotiated on the 1st day and dispensed with 2 witnesses. |
| 5.3 | Part heard | 2 week break after 5th day. | |
| 5.4 | Affidavits of evidence in chief – text and exhibits | Plaintiffs: 5 affidavits<br>• 250 pages of text;<br>• 65 exhibits running to 2000 pages<br><br>Defendant:  3 affidavits<br>• 200 pages of text;<br>• no exhibits, affidavits cross-referenced to agreed bundle of documents; 30 documents referred to in the affidavits. | Overlap of 30 exhibits |

Sample Bill of Costs for Trials                4

| No. | Item | Description | Remarks |
|-----|------|-------------|---------|
| 5.5 | Bundle of documents | Core bundle: 2 volumes, 500 pages<br>Agreed bundle: 10 volumes, 3000 pages<br>Plaintiffs' bundle: 1 vol, 500 pages<br>Defendant's bundle: 1 vol, 90 pages | Exhibits P1 to P10 and D1 to D4 introduced during trial; 55 pages. |
| 5.6 | Witnesses at trial | Plaintiffs: 5 (3 of fact; 2 experts)<br><br><br>Defendant: 4 (3 of fact; 1 expert) | 2 of the plaintiffs' witnesses only spoke Russian. Plaintiffs' experts not cross-examined.<br><br>1 of the defendant's witnesses gave oral evidence. |
| 5.7 | Closing submissions and authorities cited | Plaintiffs: 60 pages and 12 cases<br>Defendant: 30 pages and 6 cases | |
| 5.8 | Submissions in reply and authorities cited | Plaintiffs: 10 pages and 2 cases<br>Defendant: 6 pages and 5 cases | |
| 5.9 | Other post-trial filings/matters | Not applicable. | |
| **6.** | **Complexity of case** | | |
| 6.1 | Legal issues | (1) Whether acceptance of an offer in an email forms a binding contract in the absence of a formal contract.<br>(2) … | |
| 6.2 | Factual issues | (1) Whether the defendant sent the email that forms the basis of a binding contract between the parties;<br>(2) … | |
| 6.3 | Complexity | • Novel point of law involving… [summary of the points];<br>• Consideration of multiple alternative defences;<br>• Major factual disputes in respect of definition of confidential information. | |

Sample Bill of Costs for Trials                    5

| No. | Item | Description | Remarks |
|---|---|---|---|
| 6.4 | Grounds of decision | 30 pages. In particular, Judge commented on the complexity of case or novelty of issues at para [highlight relevant paragraphs in the grounds of decision]. 5 authorities cited in the grounds. | |
| **7.** | **Urgency and importance to client** | | |
| 7.1 | Urgency | Preparation for interlocutory injunction was made over the Chinese New Year. | |
| 7.2 | Importance to client | The plaintiffs have invested approximately $1 m into research and it is critical that confidentiality of its information is maintained. | |
| **8.** | **Time and labour expended** | | |
| 8.1 | Number of letters/ faxes/emails exchanged between the parties | Plaintiffs to defendant: 100<br>Defendant to plaintiffs: 50<br>Plaintiffs to court: 3 | |
| 8.2 | Number of letters/ faxes/emails to client | 150 | |
| 8.3 | Meetings with opposing counsel | 6 meetings comprising in total approximately 15 hours during part-heard break between 5th and 6th day of trial. | |
| 8.4 | Time spent | 200 hours | |
| 8.5 | Others | Not applicable. | |
| **9.** | **Counsel and solicitors involved** | | |
| 9.1 | Counsel | Plaintiffs:<br>Mr ABC, SC, 15 years<br>Ms DEF, 2 years<br><br>Defendant:<br>Ms GHI, 10 years<br>Mr JKL, 5 years | Ms DEF was however an in-house counsel in an MNC for 5 years prior to practice. |

Sample Bill of Costs for Trials                    6

| No. | Item | Description | Remarks |
|---|---|---|---|
| 9.2 | Certificate of 2 counsel | Yes. | |
| **10.** | **Costs claimed** | | |
| 10.1 | Amount claimed | <u>**For Mr ABC -**</u><br><br>**Work done in 2003: \$ $a$**<br>**Work done in 2004: \$ $b$**<br>**Work done in 2005: \$ $c$**<br><br>Percentage of input tax for which the 1st plaintiff is not entitled to credit: 20%.<br><br>Amount of input tax for which the 1st plaintiff is not entitled credit in respect of –<br>Work done in 2003: \$ $d$<br>Work done in 2004: \$ $e$<br>Work done in 2005: \$ $f$<br><br>Percentage of input tax for which the 2nd plaintiff is not entitled to credit: 100%.<br><br>Amount of input tax for which the 2nd plaintiff is not entitled credit in respect of –<br>Work done in 2003: \$ $g$<br>Work done in 2004: \$ $h$<br>Work done in 2005: \$ $i$<br><br>GST for work done in 2003: \$ $j$<br>GST for work done in 2004: \$ $k$<br>GST for work done in 2005: \$ $l$<br><br><br><u>**For Ms DEF-**</u><br><br>**Work done in 2003: \$ $m$**<br>**Work done in 2004: \$ $n$**<br>**Work done in 2005: \$ $o$**<br><br>[Set out claim for GST as above]. | |

| Section 2: Work done for taxation |||| |
|------|------|------|------|

| No. | Item | Description | Remarks |
|-----|------|-------------|---------|
| 11. | Work done | Drawing up bill of costs, perusing documents and vouchers, attending taxation and drawing up Registrar's certificate. | |
| 12. | Amount claimed | $p$<br><br>Percentage of input tax for which the 1st plaintiff is not entitled to credit: 20%.<br><br>Amount of input tax for which the 1st plaintiff is not entitled credit : $q$<br><br>Percentage of input tax for which the 2nd plaintiff is not entitled to credit: 100%.<br><br>Amount of input tax for which the 2nd plaintiff is not entitled credit : $r$<br><br>GST for work done: $s$ | |

Sample Bill of Costs for Trials        8

| **Section 3: Disbursements** | | | |
|---|---|---|---|
| *No.* | *Date* | *Description and amount claimed* | *Remarks* |
| 13. | 15/5/03 | Writ of summons (court fees): $ xxx | |
| 14. | 3/6/03 | Reply and defence to counterclaim (court fees): $ yyy | |
| 15. | 3/6/03 | SIC 123/05 (court fees): $ zzz | |
| 16. | xxxx | [Nature of each disbursement and the amount claimed.] | |
| 17. | - | **Total amount claimed: $ *t*** <br><br> Percentage of input tax for which the 1st plaintiff is not entitled to credit: 20%. <br><br> Amount of input tax for which the 1st plaintiff is not entitled credit in respect of – <br> Disbursements incurred in 2003: $ *u* <br> Disbursements incurred in 2004: $ *v* <br> Disbursements incurred in 2005: $ *w* <br><br> Percentage of input tax for which the 2nd plaintiff is not entitled to credit: 100%. <br><br> Amount of input tax for which the 2nd plaintiff is not entitled credit in respect of – <br> Disbursements incurred in 2003: $ *x* <br> Disbursements incurred in 2004: $ *y* <br> Disbursements incurred in 2005: $ *z* <br><br> GST for work done in 2003: $ *aa* <br> GST for work done in 2004: $ *bb* <br> GST for work done in 2005: $ *cc* | |

# EXHIBIT C

Sample Bill of Costs for
non-contentious matters

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

**Bill of Costs No.     of 20**
**GST Reg. No. : 12345**

### In the matter of X Act (Cap. 12) 1999 Revised Edition

### And

### In the matter of ABC Pte Ltd

### BILL OF COSTS (for non-contentious business)

| | |
|---|---|
| Applicant: | Solicitors for ABC Pte Ltd |
| Nature of bill: | Solicitor and client |
| Basis of taxation: | Indemnity basis |
| Basis for taxation: | Rule 165 of the Companies (Winding Up) Rules 1969 |

| Section 1:  Work done other than for taxation | | | |
|---|---|---|---|
| *No.* | *Item* | *Description* | *Remarks* |
| **1.** | **The work done** | | |
| 1.1 | Nature of work | Liquidation, trust, corporate. | |
| 1.2 | Scope of brief (including relevant court orders, if any) | Engaged to advise client in the liquidation of Company ABC, in particular:<br>(a)  advising client on whether to commence action in 2 suits;<br>(b)  advising on the sale of company's assets; and<br>(c)  drafting the sale and purchase agreements. | |
| 1.3 | Period of work | 1 Jun 04 – 31 May 05. | |
| **2.** | **Complexity of matter** | | |
| 2.1 | Legal issues | (1) Scope of fiduciary duty owed to a company by a director.<br>(2) Interpretation of s _____ Companies Act. | |

Sample Bill of Costs for
non-contentious matters                    2

| No. | Item | Description | Remarks |
|---|---|---|---|
| 2.2 | Factual issues | (1) Whether Company X has breached the contract dated _____ with Company ABC;<br>(2) Whether the director has breached his duties to Company ABC. | |
| 2.3 | Complexity | Novel point of law involving… [summary of the points].<br><br>Consideration of various alternative proposals.<br><br>Major factual issues in respect of… | |
| 2.4 | Amount involved | Claim against Company X for breach of contract in the region of USD 1 m.<br><br>Claim against the director in the region of $500,000. | |
| **3.** | **Time and labour expended** | | |
| 3.1 | Number of letters/ faxes/emails exchanged with others | On behalf of client to (class of relevant parties): 100<br>(Class of relevant parties) to client: 50 | |
| 3.2 | Number of letters/ faxes/emails to client | 150 | |
| 3.3 | Meetings with client | 6 meetings comprising in total approximately 15 hours. | |
| 3.4 | Meetings with other parties (by class) | 3 meetings comprising in total approximately 5 hours with creditors.<br>4 meetings comprising in total approximately 8 hours with potential purchasers of assets. | |
| 3.5 | Documents (including legal opinions) | Documents perused: more than 2000 pages.<br><br>Documents prepared: 5 legal opinions rendered. (Total: 80 pages and 20 cases cited). | |
| 3.6 | Time spent | 150 hours | |

Sample Bill of Costs for
non-contentious matters                          3

| No. | Item | Description | Remarks |
|-----|------|-------------|---------|
| 3.7 | Other relevant work | Not applicable | |
| **4.** | **Counsel and solicitors involved** | | |
| 4.1 | Counsel and solicitor | Mr ABC, 15 years<br>Ms DEF, 2 years | Ms DEF was however an in-house counsel in an MNC for 5 years prior to practice. |
| **5.** | **Costs claimed** | | |
| 5.1 | Amount claimed | $ ____<br><br>[Please refer to the sample used for trials and modify as appropriate.] | |

**Section 2: Work done for taxation**

| No. | Item | Description | Remarks |
|-----|------|-------------|---------|
| 6. | Work done | Drawing up bill of costs, perusing documents and vouchers, attending taxation and drawing up Registrar's certificate | |
| 7. | Amount claimed | $ ____<br><br>[Please refer to the sample used for trials and modify as appropriate.] | |

**Section 3: Disbursements**

| No. | Date | Description and amount claimed | Remarks |
|-----|------|-------------------------------|---------|
| 8. | 15/6/04 | Land title search (fees): $ xx | |
| 9. | xxxx | [Nature of each disbursement and the amount claimed.] | |
| 10. | - | **Total amount claimed: $ ____**<br><br>[Please refer to the sample used for trials and modify as appropriate.] | |

Sample Bill of Costs for
contentious matters other than trials

# IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

**Suit No.   of 20**
**Bill of Costs No.      of 20**

**GST Reg. No. (solicitors for appellant): 12345**
**GST Reg. No. (1st appellant): 67890 (20%)**
**2nd appellant: No GST Reg. No. (100%)**

**Between**

**AAA**
**BBB**

….. **Appellant**

**And**

**CCC**

….. **Respondent**

## BILL OF COSTS (for contentious business – other than trials)

| | |
|---|---|
| Applicant: | Solicitors for the appellant |
| Nature of bill: | Party and party |
| Basis of taxation: | Standard basis |
| Basis for taxation: | Judgment dated _____ ordering the respondent to pay 2/3 of appellant's costs |

| Section 1:  Work done other than for taxation | | | |
|---|---|---|---|
| *No.* | *Item* | *Description* | *Remarks* |
| **1.** | **The claim** | | |
| 1.1 | Nature of claim | Breach of contract | |
| **2.** | **Application / Proceedings** | | |
| 2.1 | Nature of application or proceedings for taxation | Appeal to the Court of Appeal against the decision of Justice ABC finding that there was a breach of contract and ordering the appellant to pay damages of $3.5 million to the respondent. | |

Sample Bill of Costs for
contentious matters other than trials                    2

| No. | Item | Description | Remarks |
|-----|------|-------------|---------|
| **3.** | **Interlocutory attendances** | | |
| 3.1 | Interlocutory applications - costs fixed by court | NM 123/04: respondent's application for leave to set aside a Notice of Appeal to CA on [date]. No affidavits filed. Costs awarded to appellant fixed at $2,500. | Hearing before CA for 20 minutes on [date] |
| 3.2 | Interlocutory applications – costs not fixed by court | NM 345/05: appellant's application for leave to adduce further evidence on [date]. 2 affidavits filed (total 200 pages incl. 25 exhibits).  Written submissions of 30 pages with 10 cases cited.  Order in terms with costs in the cause. | Hearing before CA from 5.30 to 6.30 pm on [date]. |
| 3.3 | Appeals to Judge in chambers | Not applicable | |
| 3.4 | Other attendances | Not applicable. | |
| **4.** | **Hearing** | | |
| 4.1 | Number of days/hours and date(s) of hearing | Number of days/hours fixed: 2 hours Number of days/hours of actual hearing: 1 hour Date of hearing: 24 May 2005 | Appeal was dismissed without the need for the respondents to address the court. |
| 4.2 | Documents (apart from written submissions and authorities) | Core bundle: 2 vols, 50 pages Supplementary core bundle: 1 vol, 10 pages Record of Appeal: 10 vols, 2000 pages | |
| 4.3 | Witnesses (if any) | Not applicable. | |
| 4.4 | Written submissions | Appellant's Case: 50 pages Appellant's skeletal submissions:  10 pages Respondent's Case: 100 pages | |
| 4.5 | Authorities cited | Appellant: 10 cases Respondent: 5 cases | |
| 4.6 | Other post-hearing filings | Not applicable. | |

Sample Bill of Costs for
contentious matters other than trials                    3

| No. | Item | Description | Remarks |
|---|---|---|---|
| **5.** | **Complexity of case** | | |
| 5.1 | Legal issues | (2) Whether acceptance of an offer in an email forms a binding contract in the absence of a formal contract.<br>(2) … | |
| 5.2 | Factual issues | (3) Whether the respondent sent the email that allegedly forms the basis of a binding contract between the parties;<br>(4) … | |
| 5.3 | Complexity | Novel point of law involving… [summary of the points].<br><br>Consideration of multiple alternative defences.<br><br>Major factual disputes in relation to X's authority to enter into the contract. | |
| 5.4 | Grounds of decision | 30 pages. In particular, Judge commented on the complexity of case or novelty of issues at para [highlight relevant paragraphs in the grounds of decision].<br><br>5 authorities cited in the grounds. | |
| **6.** | **Urgency and importance to client** | | |
| 6.1 | Urgency | Not applicable. | |
| 6.2 | Importance to client | The sum involved is large and has a serious impact on the cash-flow of the company. | |
| 6.3 | Amount involved | The judgment sum amounted to $3.5m. | |
| **7.** | **Time and labour expended** | | |
| 7.1 | Number of letters/ faxes/emails exchanged between the parties | Appellant to Respondent: 100<br>Respondent to Appellant: 50<br>Appellant to court: 3 | |

Sample Bill of Costs for
contentious matters other than trials                 4

| No. | Item | Description | Remarks |
|---|---|---|---|
| 7.2 | Number of letters/ faxes/emails to client | 150 | |
| 7.3 | Meetings with opposing counsel | Not applicable | |
| 7.4 | Time spent | 100 hours | |
| 7.5 | Others | Not applicable. | |
| **8.** | **Counsel and solicitor involved** | | |
| 8.1 | Counsel and solicitors | Appellant: Mr ABC, SC, 15 years Ms DEF, 2 years Respondent: Ms GHI, 10 years Mr JKL, 5 years | Ms DEF was however an in-house counsel in an MNC for 5 years prior to practice. |
| 8.2 | Certificate of 2 counsel | Not applicable. | |
| **9.** | **Costs claimed** | | |
| 9.1 | Amount claimed | [Please refer to the sample used for trials and modify as appropriate.] | |

**Section 2: Work done for taxation**

| No. | Item | Description | Remarks |
|---|---|---|---|
| 10. | Work done | Drawing up bill of costs, perusing documents and vouchers, attending taxation and drawing up Registrar's certificate. | |
| 11. | Amount claimed | [Please refer to the sample used for trials and modify as appropriate.] | |

**Section 3: Disbursements**

| No. | Date | Description and amount claimed | Remarks |
|---|---|---|---|
| 12. | 15/5/04 | Notice of Appeal (court fees): $ xxx | |
| 13. | 3/6/04 | Core Bundle (court fees): $ yyy | |

Sample Bill of Costs for
contentious matters other than trials                    5

| No. | Date | Description and amount claimed | Remarks |
|-----|------|-------------------------------|---------|
| 14. | 3/6/04 | NM 123/05 (court fees): $ zzz | |
| 15. | xxxx | [Nature of each disbursement and the amount claimed.] | |
| 16. | - | **Total amount claimed: $ xxxx**<br><br>[Please refer to the sample used for trials and modify as appropriate.] | |

# EXHIBIT D-1

# SINGAPORE
# CIVIL PROCEDURE

## 2007

SINGAPORE
SWEET & MAXWELL ASIA
2007

Published in 2007 by

**THOMSON**
✳
**SWEET & MAXWELL ASIA**

16 Collyer Quay
#22-00 Hitachi Tower
Singapore 049318

Printed in Singapore by Utopia Press Pte Ltd

ISBN 978-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-6

All rights reserved. No part of this publication may be reproduced or transmitted in any form or by any means, or stored in any retrieval system of any nature without the prior written permission of the publishers. Full acknowledgement of author, publisher and source must be given. Such permission is hereby granted to members of the legal profession (which expression does not include individuals or organisations engaged in the supply of services to the legal profession) to reproduce, transmit and store the text of the Forms set out for the purpose of enabling them to conduct proceedings on behalf of, or to provide legal advice to, their clients.

*Singapore Civil Procedure* contains material from the *Supreme Court Practice* published by Sweet & Maxwell Limited, London, and *Hong Kong Civil Procedure* published by Sweet & Maxwell Asia.

Copyright for Singapore legislation, Supreme Court Practice Directions and Subordinate Courts Practice Directions reproduced in this publication are acknowledged as that of the Singapore Attorney-General's Chambers, Supreme Court and Subordinate Courts respectively.

© *Sweet & Maxwell Asia 2007*

"standard basis" and "indemnity basis" have the same meanings assigned to them by Rule 27 (2) and (3), respectively;

"taxed costs" means costs taxed in accordance with this Order.

(2) In this Order, references to a fund, being a fund out of which costs are to be paid or which is held by a trustee or personal representative, include references to any estate or property, whether movable or immovable, held for the benefit of any person or class of persons; and references to a fund held by a trustee or personal representative include references to any fund to which he is entitled (whether alone or together with any other person) in that capacity, whether the fund is for the time being in his possession or not.

(3) The item mentioned in the first column of the table below, when used in an order for costs, shall have the effect indicated in the second column of that table.

| TABLE | |
|---|---|
| *Term* | *Effect* |
| "Costs" | Where this order is made in interlocutory proceedings, the party in whose favour it is made shall be entitled to his costs in respect of those proceedings whatever the outcome of the cause or matter in which the proceedings arise; |
| "Costs reserved" | The party in whose favour an order for costs is made at the conclusion of the cause or matter in which the proceedings arise shall be entitled to his costs of the proceedings in respect of which this order is made unless the Court orders otherwise; |
| "Costs in any event" | This order has the same effect as an order for "costs" except that the costs shall be taxed only after the conclusion of the cause or matter in which the proceedings arise; |
| "Costs here and below" | The party in whose favour this order is made shall be entitled not only to his costs in respect of the proceedings in which it is made but also to his costs of the same proceedings in any lower court, tribunal or other body constituted under any written law or in arbitration proceedings; |
| "Costs in the cause" or "costs in application" | The party in whose favour an order for costs is made at the conclusion of the cause or matter in which the proceedings arise shall be entitled to his costs of the proceedings in respect of which such an order is made; |
| "Plaintiff's costs in the cause" or "Defendant's costs in the cause" | The plaintiff or defendant, as the case may be, shall be entitled to his costs of the proceedings in respect of which such an order is made if judgment is given in his favour in the cause or matter in which the proceedings arise, but he shall not be liable to pay the costs of any other party in respect of those proceedings if judgment is given in favour of any other party or parties in the cause or matter in question; |
| "Costs thrown away" | Where proceedings or any part thereof have been ineffective or have been subsequently set aside, the party in whose favour this order is made shall be entitled to his costs of those proceedings or that part in respect of which it is made. |

**59/1/1**  **Costs**—"Costs" encompasses fees, charges, disbursements, expenses and remuneration (see also Legal Profession Act (Cap. 161, 2001 Ed.), s.2(1)). Costs can be incurred in the course of contentious business or in non-contentious business. "Contentious business" includes business done for the purposes of proceedings begun before a court of justice or before an arbitrator (Legal Profession Act (Cap. 161, 2001 Ed.), s.2(1) and O.59, r.1(1)). Contentious business can include work done before proceedings are begun provided that the work is done with a view to commencing proceedings, and such proceedings are in fact begun (*Re Simpkin Marshall Ltd.* [1959] 1 Ch. 229 at 235–236; [1958] 3 All E.R. 611). "Non-contentious business" means all other business done by a solicitor that does not fall within the

# EXHIBIT D-2

# Sabah Shipyard (Pakistan) Ltd

v

# Government of the Islamic Republic of Pakistan

### [2004] SGHC 109

High Court — Originating Motion No 31 of 2003
Judith Prakash J
9 March; 28 May 2004

*Arbitration* — *Arbitral tribunal* — *Jurisdiction* — *Whether tribunal has jurisdiction over costs arising out of prior related arbitration proceedings* — *Article 16(3) First Schedule International Arbitration Act (Cap 143A, 2002 Rev Ed)*

*Words and Phrases* — *"Arising out of"* — *"In connection with"* — *Whether "arising out of" has narrower ambit than "in connection with"*

### Facts

The applicant entered into an Implementation Agreement (the "IA") with the respondent in 1996. The IA contained an arbitration clause providing for arbitration in Singapore under the Rules of Arbitration (the "ICC Rules") of the International Chamber of Commerce (the "ICC"). The arbitration clause stated that any dispute or difference "arising out of or in connection with" the IA would be settled by arbitration. The applicant commenced arbitration proceedings ("the First Arbitration") against the respondent in 1998. As the respondent defaulted in the payment of costs, the ICC informed the parties that the claims were considered as having been withdrawn in 2002.

In 2002, the respondent commenced a second set of international arbitration proceedings against the applicant under the ICC Rules ("the Second Arbitration"), seeking an order for its costs incurred in respect of the First Arbitration. The applicant challenged the jurisdiction of the arbitral tribunal in the Second Arbitration before the ICC Court, but failed. Subsequent submissions made to the arbitral tribunal that it had no jurisdiction also failed. The applicant then asked this court for a declaration that the arbitral tribunal had no jurisdiction over the dispute in the Second Arbitration.

### Held, dismissing the motion with costs:

(1)   The phrase "arising out of" was generally held to have a more limited ambit than "in connection with", as the former phrase usually required a more direct connection between the dispute and the contract than the latter phrase: at [18].

(2)   In agreeing to dispute resolution by an ICC arbitration, the parties must have known that the costs of the resolution would also be settled in the arbitration. As such, a dispute over the costs of the arbitration held to resolve a dispute over the

issue of whether the IA had been properly terminated was a dispute arising in connection with the IA. Hence, the arbitral tribunal in the Second Arbitration had jurisdiction to adjudicate on the dispute over the costs of the First Arbitration: at [19] to [20].

**Case(s) referred to**

*Antonis P Lemos, The* [1985] AC 711 (refd)

*Ashville Investments Ltd v Elmer Contractors Ltd* [1989] 1 QB 488 (refd)

*Empresa Exportadora de Azucar v Industria Azucarera Nacional SA (The Playa Larga)* [1983] 2 Lloyd's Rep 171 (refd)

*Ethiopian Oilseeds & Pulses Export Corporation v Rio del Mar Foods Inc* [1990] 1 Lloyd's Rep 86 (refd)

*Getreide-Import-Gesellschaft mbH v Contimar SA Compania Industrial Comercial y Maritima* [1953] 1 WLR 793 (distd)

*Government of Gibraltar v Kenney* [1956] 2 QB 410 (refd)

*Hatfield v Health Insurance Commission* (1987) 77 ALR 103 (refd)

*Indriani, The* [1996] 1 SLR 305 (refd)

*Melluish v London County Council* [1914] 3 KB 325 (refd)

*Union of India v E B Aaby's Rederi A/S* [1975] AC 797 (refd)

*Woolf v Collis Removal Service* [1948] 1 KB 11 (refd)

**Legislation referred to**

International Arbitration Act (Cap 143A, 2002 Rev Ed) Art 16(3) First Schedule

*Michael Hwang SC (Michael Hwang), Nicholas Narayanan and Jeffrey Ong (Ang & Partners) for the applicant;*
*Davinder Singh SC (Drew & Napier LLC) for the respondent.*

28 May 2004                                                          Judgment reserved.

**Judith Prakash J:**

**Introduction**

1    This is an application under Art 16(3) of the First Schedule of the International Arbitration Act (Cap 143A, 2002 Rev Ed) ("the Model Law") for a declaration as to the jurisdiction of an arbitral tribunal.

2    In March 1996, the applicant entered into a contract known as the Implementation Agreement ("IA") with the respondent. By the IA, the applicant agreed to design, finance, construct and operate a barge-mounted electric power plant for the respondent. The IA contained an arbitration clause providing for arbitration in Singapore under the Rules of Arbitration ("ICC Rules") of the International Chamber of Commerce ("ICC"). Following

the purported termination of the IA by the respondent on two occasions, on 7 December 1998, the applicant commenced arbitration proceedings against the respondent under the auspices of the ICC. These proceedings were known as "ICC Arbitration Reference No 10255/OL/ESR/MS" and for reasons that will become apparent, I will refer to them as "the First Arbitration". The ICC appointed one Mr Derek S Firth as the arbitral tribunal in the First Arbitration.

3     The First Arbitration went on for about three years. It did not come to a conclusion because of a default by the respondent in the payment of costs. On 15 November 2001, the ICC increased the advance on costs by a sum of US$80,000 as a result of an increase in the amount claimed by the applicant. The additional advance was payable by the respondent, but the applicant could have chosen to pay it as well. On 25 February 2002, the ICC informed the parties that they were given a final time limit of 30 days to pay the sum failing which the claims in the arbitration would be considered withdrawn, without prejudice to their reintroduction at a later date in another Request for Arbitration. Neither party paid the amount. On 4 April 2002, the ICC informed the parties that, as a result, the claims were considered as having been withdrawn as of 2 April 2002 pursuant to Art 30(4) of the ICC Rules without prejudice to their being introduced in a new Request for Arbitration.

4     On 10 April and 4 May 2002, the respondent wrote to the arbitrator to request that an order be made for its costs in the First Arbitration. On 19 April and 10 May 2002, the ICC itself responded to these letters. It stated that the arbitrator did not have the power to act after a matter was considered withdrawn pursuant to Art 30(4) of the ICC Rules, whether with regard to costs or otherwise.

5     On 12 August 2002, the respondent commenced another international arbitration against the applicant under the ICC Rules. These proceedings have been referred to as "the Second Arbitration" but are formally known to the ICC as "Reference No 12286/MS". In the Second Arbitration, the respondent sought an order for its costs of US$292,090 incurred in respect of the First Arbitration and for which no order could be made by the tribunal in the First Arbitration. Mr Firth was jointly nominated and appointed as the arbitral tribunal in the Second Arbitration. Whilst the applicant agreed to this appointment, that agreement was without prejudice to its position that the second arbitral tribunal had no jurisdiction to deal with the costs of the First Arbitration.

6     In October 2002, the applicant formally challenged the jurisdiction of the arbitral tribunal in the Second Arbitration. The challenge was first considered by the ICC Court. In December 2002, the ICC Court stated that it was *prima facie* satisfied that "an arbitration agreement under the [ICC] Rules may exist" and therefore the Second Arbitration could proceed and the arbitrator decide

whether he had jurisdiction or not. Further submissions were exchanged. On 5 November 2003, the arbitral tribunal delivered its award on the preliminary issue of jurisdiction. The arbitrator held that he had jurisdiction in the Second Arbitration for the reason that:

> [T]he claim for costs arising out of the first arbitration comes within the meaning of "… any dispute or difference between the parties arising out of or in connection with this Agreement …" in the Implementation Agreement. Those words are entitled to their plain meaning. They are clearly wide enough to include expenses of the kind incurred by the [respondent] when defending a claim against it under the Implementation Agreement by the [applicant] and where, for whatever reasons, they remain undetermined.

### These proceedings

7    The applicant was not satisfied with the tribunal's decision on its jurisdiction. As permitted by Art 16(3), within 30 days of receiving notice of that ruling, the applicant lodged the present originating motion to ask this court to decide the matter of the jurisdiction of the arbitral tribunal.

8    The originating motion asks for the following reliefs:

(a)  That a declaration be made that:

(i)  the arbitral tribunal constituted by the sole arbitrator, Mr Firth, in the Second Arbitration has no jurisdiction over the dispute in the Second Arbitration; and

(ii)  the arbitral tribunal in the Second Arbitration has no jurisdiction over the disposal of, or to deal with the bank guarantee furnished by the applicant in the First Arbitration; and

(b)  That specified portions of the arbitral tribunal's award dated 5 November 2003 in the Second Arbitration dealing with the jurisdiction of the tribunal be set aside.

9    Before me, it was common ground that the main relief sought by the applicant was a declaration in terms of prayer (a)(i) of [8] above and that my decision on that prayer would determine prayers (a)(ii) and (b) as well. The arguments before me therefore focused entirely on the issue of the jurisdiction of the arbitral tribunal in the Second Arbitration to make an order relating to the costs of the First Arbitration. I therefore do not have to deal with or mention the circumstances in which the guarantee referred to in prayer (a)(ii) was furnished or any arguments relating to the same.

**The issue: how should the arbitration clause be construed?**

10    It was also common ground that my determination of the main issue would depend on how I construed the arbitration clause in the IA, Art XXI entitled "Resolution of Disputes". Both parties accepted that the jurisdiction of the arbitral tribunal could only be derived from this clause. The material part of this Article, sub-art 21.2(a), provides:

> The Parties expressly consent that any dispute or difference between the Parties arising out of or in connection with this Agreement (each a "Dispute") shall be settled by arbitration …

11    The applicant submitted that the issue of costs of the First Arbitration did not fall within the meaning of the words "arising out of or in connection with this Agreement". The arbitrator in making his award in the Second Arbitration had come to the contrary conclusion without a detailed analysis of the principles and case law governing the interpretation of those words.

12    The principles applicable to the construction of words contained in an arbitration clause are discussed in *The Law and Practice of Commercial Practice in England* (2nd Ed, 1989) by Mustill and Boyd. At p 118 of the book the authors state that courts will make the *prima facie* assumption that the parties intended all disputes relating to a particular transaction to be resolved by the same tribunal. Secondly, words of broad import such as "in connection with this contract" are to be given their natural meaning in the context in which they are found, and are not to be cut down by reference to earlier decisions giving a narrower meaning to the same or similar expressions in other contexts. Therefore, said the applicant, the court must bear in mind that although earlier decisions may give some guidance as to the ambit of the phrases "in connection with" and "arising out of", these words must still be construed and given their proper and natural meaning in the circumstances of each case. The applicant went on to submit that the court is not bound by the doctrine of *stare decisis* in interpreting specific words in an arbitration clause. In support, it quoted the following observation of May LJ in *Ashville Investments Ltd v Elmer Contractors Ltd* [1989] 1 QB 488 at 495:

> However, I do not think that there is any principle of law to the effect that the meaning of certain specific words in one arbitration clause in one contract is immutable and that those same specific words in another arbitration clause in other circumstances in another contract must be construed in the same way. This is not to say that the earlier decision on a given form of words will not be persuasive, to a degree dependent on the extent of the similarity between the contracts and surrounding circumstances in the two cases. In the interests of certainty and clarity a court may well think it right to construe words in an arbitration agreement, or indeed in a particular type of contract, in the same way as those same words have earlier been construed in another case involving an

arbitration clause by another court. But in my opinion the subsequent court is not bound by the doctrine of stare decisis to do so.

Considering the applicant's reliance on this passage, I was surprised that it criticised the arbitrator for failing to consider prior case law in coming to his decision on the proper construction of the arbitration clause.

13     Turning to the construction of this particular phrase, the applicant submitted that a claim "arising out of" a contract would be a claim that concerned matters and questions referred to in that contract. This proposition was based on *Union of India v E B Aaby's Rederi A/S* [1975] AC 797. Within this context, the applicant accepted that, as cited by Mustill and Boyd (at p 120), cases had given a wide meaning to the phrase. It had been held to include issues of frustration, construction, non-disclosure, existence of a custom and a claim for damages for breach of the arbitration agreement. However, the applicant submitted, there had been no case that held that costs of a previous arbitration could fall within the ambit of "arising out of". Further, in *Getreide-Import-Gesellschaft mbH v Contimar SA Compania Industrial Comercial y Maritima* [1953] 1 WLR 793, the English Court of Appeal held that arbitrators do not have the jurisdiction to decide whether a notice of an appeal from the award of other arbitrators has been given in the proper form, since the dispute arises from the award, and not from the original contract. Morris LJ said at 808–809:

> So the question arises, are the plaintiffs suing in respect of a claim arising out of a contract? In my judgment, they are not. The plaintiffs did have a claim arising out of a contract. They said that there was non-fulfilment of the contract. They had an award. Now, the defendants are seeking to upset that award by an appeal without complying with the conditions for an appeal. In my judgment, the matters now raised are not matters properly to be described as a claim arising out of the contract, nor as a dispute arising out of the contract. The dispute would never have arisen but for the contract, but the real dispute between the parties was determined and an award was made. The present dispute is once removed from the contract. It is a dispute in respect of facts arising subsequent to an award.

The applicant laid emphasis on the *Getreide-Import* case as it involved a claim which was one that arose out of the arbitration itself and not from the original contract. In the applicant's submission, *Getreide-Import* was authority for the proposition that a claim which arises out of an arbitration, such as a claim for the costs of that arbitration, is not a claim which arises out of the underlying contract and therefore the arbitrator would not have the jurisdiction to decide on such a claim.

14     Dealing with the phrase "in connection with", the applicant quoted Davies J sitting in the Federal Court of Australia in *Hatfield v Health Insurance Commission* (1987) 77 ALR 103 at 107 to the effect that terms such as "relating to", "in relation to" and "in connection with" may have a very wide operation

but do not usually carry the widest possible ambit because such terms "are subject to the context in which they are used, to the words to which they are associated and to the object or purpose of the statutory provision in which they appear". Thus, the applicant submitted, that phrase does not have an unlimited meaning. Additionally, the claim concerned must be directly connected with the words with which the phrase "in connection with" is associated and cannot be simply an indirect connection. This second proposition was based on an observation in *Melluish v London County Council* [1914] 3 KB 325 at 327–328 where Avory J in construing whether a kitchen maid was employed "in connection with the serving of customers" stated that it was not possible to hold that every person employed in any capacity on premises where a retail business was carried on would be employed in connection with the serving of customers. He thought there must be a direct connection and not a remote and indirect connection. But that was only a general observation, as the judge went on to hold that the words "in connection with the serving of customers" were wide enough to include the case of an assistant who was employed in operations which formed part of the operations of serving customers. Applying that observation, rather than the result, the applicant submitted that a claim for the costs of an arbitration was not a claim directly connected with the contract itself but was a claim that was connected with the arbitration. In my view, however, the *Melluish* case is not really of much assistance to the applicant as the decision itself made it clear that the observation was a general one and in each case it is the facts that have to be looked at to determine whether the requisite degree of connection exists. Further, the construction of an arbitration clause is undertaken in the context where the courts assume an inclusive interpretation is to be given to the relevant phrase in that the intention behind the choice of words in the arbitration clause is to ensure that all disputes are adjudicated by the same tribunal.

15    In response to the foregoing submissions, the respondent, naturally, was at pains to emphasise the width of the words "arising out of or in connection with". It submitted that the phrase "arising out of" had been held to cover every dispute except a dispute as to whether there was ever a contract at all. It also cited Mustill and Boyd to show the width of the issues covered by the phrase. Further examples were the cases of *Empresa Exportadora de Azucar v Industria Azucarera Nacional SA (The Playa Larga)* [1983] 2 Lloyd's Rep 171 and *Government of Gibraltar v Kenney* [1956] 2 QB 410. The first case showed that a claim in tort could fall within the ambit of an arbitration clause if the contractual and tortious disputes were so closely knitted together on the facts, that the agreement to arbitrate on one could properly be construed as covering the other. In the second, the English High Court held that when the frustration of a contract gave rise to a claim in *quantum meruit* or to a claim under the UK Law Reform (Frustrated Contracts) Act 1943, such claim was a claim "arising out of" the underlying contract.

16   Turning to the phrase "in connection with", the respondent cited numerous cases to establish that those words had also been held to be wide in nature and to cover all disputes other than those entirely unrelated to the transaction covered by the contract in question. In *Woolf v Collis Removal Service* [1948] 1 KB 11, for example, the English Court of Appeal had held that an alternative claim in negligence fell within the ambit of the words "in connection with". *Russell on Arbitration* (22nd Ed, 2003) (at para 2-075) also cited cases showing that "in connection with" and "in relation to" had been held to include claims for rectification of a contract, as well as mistake and misrepresentation. The authors of *Russell* also considered those phrases sufficient to catch disputes arising under another contract relating to the contract containing the arbitration clause.

17   The respondent's concluding submission was that given the very wide interpretation that the authorities had given to the two phrases, the combination of the two could only serve to expand the intended ambit of the arbitration clause in the IA. Any dispute, so long as it was not one that was entirely unrelated to the IA or to the performance of the parties to the IA, would be a dispute falling within the arbitration clause.

18   Having considered the authorities, I note that the phrase "arising out of" is generally held to have a more limited ambit than "in connection with". There is, however, high authority for the proposition that "arising out of" may in certain contexts, on the ordinary and natural meaning of the words used, be the equivalent of the expression "connected with": see *The Antonis P Lemos* [1985] AC 711 *per* Lord Brandon of Oakbrook at 727. Our Court of Appeal adopted that approach in *The Indriani* [1996] 1 SLR 305 and held that the phrase "arising out of" in s 3(1)(h) of the High Court (Admiralty Jurisdiction) Act (Cap 123, 1985 Rev Ed) should be interpreted widely to mean "connected with". Hirst J in *Ethiopian Oilseeds & Pulses Export Corporation v Rio del Mar Foods Inc* [1990] 1 Lloyd's Rep 86 at 97 observed that he found it very difficult to make any distinction between the words "arising out of" and "arising in connection with", the two phrases to him appearing to be practically synonymous. To me, however, "arising out of" does seem to be the more restrictive phrase in that it would usually seem to require a more direct connection between the dispute and the contract than the phrase "arising in connection with". An example of this approach is demonstrated by the decision in *Getreide-Import* ([13] *supra*). The arbitration clause there was one limited to disputes "arising out of" the relevant contract.

19   In this particular case, it is clear that the parties wanted any and all disputes that might arise in relation to the IA, a very complicated contractual document involving large sums and heavy responsibilities, to be adjudicated upon by an arbitrator under the auspices of the ICC. They would have known that this form of adjudication would have resulted in two broad categories of costs being incurred: the costs of arbitration and the costs of the parties.

The costs of the arbitration would include the fees and expenses of the arbitrator, the fees of the ICC and the costs involved in holding the hearings. The costs of the parties would include the fees and expenses of their lawyers and the costs incurred in preparing and presenting the case, including the costs of witnesses. They would also have known that each party to the arbitration would have the right to ask the arbitrator to make an award as to which party was to pay the costs of arbitration or whether the same should be shared and as to whether one party should pay the costs of the other. The parties in agreeing to dispute resolution by an ICC arbitration would therefore have contemplated that the costs of such resolution would also have been settled in this manner. In this context, it appears to me that a dispute over the costs of the arbitration held to resolve a dispute over an issue such as whether the IA has been properly terminated is also a dispute arising in connection with the IA. The dispute over the costs cannot be described as entirely unrelated to the IA. It has arisen because there was a dispute under the IA, that dispute went to arbitration and costs were incurred but not dealt with. It was intimately connected with the adjudication of the dispute and not something that arose at one remove after the award, as was the case of the appeal considered in *Getreide-Import*.

20    Accordingly, I hold that the arbitral tribunal in the Second Arbitration had jurisdiction to adjudicate on the dispute over the costs of the First Arbitration. The originating motion is, therefore, dismissed with costs.

*Motion dismissed.*

Reported by Tammy WJ Low.