SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CHARLES S. DONOVAN, Cal. Bar No. 103667
BRIAN R. BLACKMAN, Cal. Bar. No. 196996
BRENNA E. MOORHEAD, Cal. Bar No. 233425
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:        cdonovan@sheppardmullin.com
              bblackman@sheppardmullin.com
              bmoorhead@sheppardmullin.com

Attorneys for Plaintiff APL Co. Pte. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE. LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UK AEROSOLS LTD.; U.G. CO., INC. doing business as "UNIVERSAL GROCERS CO."; KAMDAR GLOBAL LLC;<br><br>　　　　　Defendants, and<br><br>VALLEY FORGE INSURANCE COMPANY<br><br>　　　　　Defendant-Intervenor. | Case No. C 05-0646 MHP<br><br>**APL CO. PTE. LTD.'S REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Date:　　　January 4, 2010<br>Time:　　　2:00 p.m.<br>Courtroom: 15 |

# I. INTRODUCTION

The Bill of Lading[1] entitles APL to recover its attorneys' fees. Singapore Law allows the prevailing party to recovers its attorneys' fees. APL has demonstrated its attorneys' fees are reasonable, both in terms of hours expended and rates charged, under both Singapore law and United States law. APL has prevailed on significant issues that were hard fought by the defendant U.G. Co., Inc. doing business as "Universal Grocers Co."; defendant Kamdar Global LLC; and intervenor Valley Forge Insurance Company. The Court should grant APL the full amount of its requested attorneys' fees and costs.

# II. ARGUMENT

## A. The Court Should Disregard Valley Forge's Opposition.

The Court should disregard Valley Forge's Opposition because none of the defendant parties has the right to appear before this Court. As this Court is aware, UG has been suspended and cannot appear before this Court. As this Court may not know, Valley Forge contends in a complaint filed in Los Angeles Superior Court that its policy does not cover the claims asserted by APL against U.G. and Kamdar, the judgment against U.G. and Kamdar, or fees and costs awarded. Exhibit 1 is the complaint filed by Valley Forge seeking declaratory judgment regarding coverage. These statements contradict the statements made to this Court in Valley Forge's Motion to Intervene (dated filed June 25, 2007) (Docket No. 158) in which Valley Forge asserted it was U.G. insurer and that APL could obtain judgment against Valley Forge because its policy covers the claims in question. Although it failed to advise the Court of this, in fact, at the time of its intervention, Valley Forge had apparently reserved the right to deny coverage to U.G.. (See Exh. A of Declaration of Charles Donovan In Support of Reply for Attorneys' Fees (dated Dec. 21, 2009).) Had Valley Forge advised of that, the Court would not have permitted to intervene.

---

[1] Plaintiff APL Co. Pte. Ltd. ("APL") uses the same shorthand references in this brief that it used in its Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees ("Motion").

- 1 -

1  *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (insurer that has reserved
2  right to deny coverage may not intervene in action against policy holder).
3        In its order allowing Valley Forge to intervene, the Court granted Valley Forge leave "to
4  intervene on behalf of *its insured* defendant U.G.," (Memorandum and Order re Motion to
5  Intervene, docketed August 2, 2007 (Docket No. 178) at 1:20-21 (emphasis added)) in light of the
6  fact that "Valley Forge, pursuant to the insurance policy issued to U.G., has defended U.G.
7  throughout the litigation." *Id.* at 2:13-14.
8        Valley Forge's counsel purports also to represent Kamdar. The Secretary of State's Office
9  of the State of Illinois involuntarily dissolved and terminated Kamdar in 2007. Exhibit 2 is a copy
10 of certificate obtained by APL on December 11, 2009 certifying Kamdar's dissolution.
11 Previously, this Court excoriated Valley Forge's counsel for failing to advise of U.G.'s suspension.
12 *Id.* at 2:14-24. Counsel have once again breached their duty of candor to this Court by failing for
13 over two years to advise this Court and the Court of Appeals of Kamdar's dissolution, by failing to
14 advise of Valley Forge's reservation of rights (that took place in 2005) and by failing to advise of
15 Valley Forge's purported denial of coverage.
16       As neither Kamdar nor U.G. is in good standing, they may not file any opposition to APL's
17 motion. As Valley Forge has purported to deny coverage, it no longer has an interest supporting
18 its attempted intervention in this case. Because it had reserved the right to deny coverage at the
19 time it intervened, it actually never had a right to intervene in this case. "[A]n insurer has a direct
20 interest in a lawsuit brought by an injured party against its insured when the insurer admits that the
21 claim is covered by the policy in question. When the insurer offers to defend the insured but
22 reserves the right to deny coverage, however, the insurer's interest in the liability phase of the
23 proceeding is contingent on the resolution of the coverage issue." *Travelers*, 884 F.2d at 638
24 (affirming denial of insurer's motion to intervene). A "contingent" interest in the litigation, such
25 as the possibility an insurer might have to pay if it loses on the coverage issue, does not support a
26 right to intervene. *Id. See also Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy*
27 *Products, Inc.*, 725 F.2d 871, 875 (2d Cir. 1984).
28 **B.   The Court Should Award APL Its Reasonable Attorneys' Fees.**

- 2 -

1   APL concurs with Valley Forge that the Court has discretion in awarding reasonable attorneys' fees. APL does not expect the Court will "uncritically accept" APL's fee petition. Even the declaration of Valley Forge's expert[2] on Singapore law supports APL's arguments that APL is entitled to the reasonable attorneys' fees incurred during litigation of this matter.

### 1. APL Has Established That Singapore Law Provides For The Recovery Of Attorneys' Fees; Valley Forge's Own Expert Supports APL's Motion.

The parties' Singapore law experts agree Singapore law does allow for recovery of fees. This is consistent with the Ninth Circuit's opinion remanding the case to this Court for consideration of the issue of attorneys' fees. The Ninth Circuit stated:

> Singapore law provides that, under certain circumstances, the common law of England is in force in Singapore. Application of English Law Act § 3(1) (Sing.). Under the English rule, attorneys' fees are generally awarded to the prevailing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).
> --*APL Co. Pte. Ltd. v. UK Aerosols Ltd.*, 582 F.3d 947, 957 (9th Cir. 2009).

Singapore law does not limit the amount of APL's attorneys' fees based on a scale of costs, contrary to Valley Forge's assertion. Ultimately, this Court must exercise its discretion on the issue of attorneys' fees on the "basis of what it thinks is fair and just." *Ng Eng Ghee and Others v. Mamata Kapildev Dave and Others Etc.* [2009] 4 SLR 155 at [1] (attached as Exhibit D-3 to Tin Decl. ¶ 12 ); see also Order 59, Rule 3(2) of the Singapore Rules of Court (attached as Exhibit B-1 to Tin Decl.).

APL provided information regarding Singapore law in its motion for attorneys' fees.[3] APL has identified relevant provisions of Singapore's Application of English Law Act § 3 (1), cited relevant United States cases that confirmed the well-known principle underlying the so-called

---

[2] Declaration of Eric Tin Keng Seng in Opposition to Motion for Attorneys Fees (dated Dec. 9, 2009), hereinafter referred to "Tin Declaration" or "Tin Decl."

[3] Fed. R. Civ P. 44.1 makes an issue of foreign law a question of law, not of fact. Thus, Valley Forge's "objection" misses the mark. Although APL submitted the declaration of its Singapore law expert on November 30, 2009, by the time he signed it, it was December in Singapore. Through a mistake in calculation by Charles Donovan, APL's California lawyer, the declaration ended up dated December 2 rather than December 1, 2009. Mr. Donovan regrets the error and apologizes to the Court.

"English Rule" (i.e., the loser pays attorneys' fees), and cited Singapore cases to support its arguments.[4] Valley Forge's motion in opposition and supporting documents do not undermine APL's submission. Where Valley Forge fully and accurately states applicable Singapore law, it supports APL's argument in favor of recovery.

Under general principles of Singapore law, APL as the prevailing party is entitled to recover its attorneys' fees. Order 59, Rule 3(2); *Ng Eng Ghee* at [6] ("costs should follow the event") (Tin Decl. ¶ 10). Those rules define "costs" to include "fees, charges, disbursements, expenses and remuneration." Rules of Court 2006, Order 59, Rule 1. Costs are imposed to compensate the prevailing party. *Ng Eng Ghee* at [7]; (Tin Decl. ¶ 11). The principle is known as the "indemnity principle." *Id.* at [6]. As explained in *Ng Eng Gee*:

> [T]he principle, does not, in practice, amount to a full and complete indemnity to the successful party against all the expenses to which he has incurred in relation to the proceedings unless this has *been contractually agreed upon or if the court makes a special order in exceptional circumstances.* [Citation omitted.]
> --At [7].

APL contends that under clause 9 of APL's bill of lading UK Aerosols, U.G. Co, and Kamdar contractually agreed to full and complete indemnity. The defendants and insurer Valley Forge should be ordered to pay APL's attorneys' fees and costs just as they were ordered to pay damages.

Valley Forge incorrectly asserts that APL's fees are limited to those presented in Exhibit B-2 of the Tin Declaration. APL does not dispute that Part I of Appendix 2 to Order 59 Rule 31 states that the fixed scale of costs is applicable to a party who "obtains final judgment under Order 14 unconditionally." Nor do we dispute that, as Judge Tin states, if Part II did apply, Singapore courts would have the discretion to order that costs be taxed under Order 59 Rule 31(2). (Tin Decl. ¶ 18.) APL notes, however, that paragraph 1 (2) unequivocally states that: "Where plaintiff

---

[4]Valley Forge vainly attempts to explain away two Singapore cases APL has cited: *Sabah Shipyard (Pakistan) Ltd. v. Government of the Islamic Republic of Pakistan* [2004] 3 SLR 184; and *Benjamin v. Lee* [1993] 1 SLR 185. Valley Forge mistakenly refers to *Sabah* as "not a litigation matter." Opposition at 3. *Sabah* was in fact litigation involving an arbitration clause. (Exhibit D-2 of the Tin Decl.) APL referenced those cases to establish the point that Valley Forge and its declarant Judge Tin re-state: that attorneys' fees may be taxed as costs.

is also entitled under the judgment to damages to be assessed,..., this Part shall not apply." In effect, paragraph 1(2) creates an exception to the requirement of paragraph 1(1) regarding the application of the fixed scale enumerated in Part II. Valley Forge is correct in stating that the judgment in the underlying case was decided on summary judgment. It neglects to mention that this Court awarded APL damages in the underlying case. APL is "entitled under the judgment to damages" which were assessed. This judgment invokes the exception of paragraph 1(2). The fixed scale of costs is inapplicable to APL's attorneys' fees and costs.

When taxing attorneys' fees, Singapore courts do so on either a "standard basis" or an "indemnity basis." Order 59 Rule 27; *Ng Eng Ghee* at [6]; (Tin Decl. ¶ 14). Generally costs are taxed on the standard basis when a court orders payment by one party to the other, but they may be taxed at the court's discretion on the indemnity basis. Order 59 Rule 27(1). The standard basis allows recovery of "a reasonable amount in respect of all costs reasonably incurred" and any doubts are resolved in favor of the paying party. Order 59 Rule 27(2). In contrast, the indemnity basis provides "all costs shall be allowed except in so far as they are of an unreasonable amount or have been unreasonably incurred" and any doubts are resolved in favor of the party to be paid. Order 59 Rule 27(3). Whether Defendants and Valley Forge's conduct in this case justifies ordering that costs be repaid on an indemnity basis is at the discretion of this court. *See Ng Eng Ghee* at [31-32]. APL believes its costs are reasonable and should be granted under the standard basis. Nevertheless, APL believes also that the indemnity basis would be an appropriate basis for taxation in this matter and its costs could be granted on this basis as well.

The laws of Singapore do include provisions that set forth the procedure for applying for costs. The rules authorize the "Registrar of the Supreme Court" to tax costs (Rules of Court 2006, Order 59, Rule 12) and set forth procedures for submitting a bill of costs (Rules of Court 2006, Order 59, 20-24). These procedural provisions do not apply to the current proceedings in the United States. It is a fundamental rule of conflicts of laws that the forum applies its own procedure. *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 853-54 (9th Cir. 1981.)

APL has provided sufficient information for this Court to determine that Singapore law establishes that APL is entitled to cover its costs. Rule 44.1 of the Federal Rules of Civil Procedure states that a court considering questions of foreign law may consider "any relevant material or source ... whether or not submitted by a party or admissible under the Federal Rules of Evidence." *DP Aviation v. Smiths Industries Aerospace and Defense Systems Ltd.*, 268 F.3d 829, 847 (9th Cir. 2001). In addition, the Court is authorized to conduct its own research to determine whether it concurs with APL's argument and to exercise its discretion appropriately in determining whether costs will be awarded to APL.

### 2. APL Provided Sufficient Information to Determine the Reasonableness of Its Fees and Expenses Under Singapore Law.

APL proved the reasonableness of its costs. It did so in this motion; it did so in its motion to the Ninth Circuit; and it did so previously before this Court (Docket Nos. 166-169, 182, & 183). APL did not submit a "precisely formatted bill of costs" in accordance with the sample bill of costs attached to Mr. Tin's declaration. APL is not required to do so. It is well settled that, according to the rule of *lex fori*, the procedural aspects of this case are governed by the law of the forum. *See e.g., Seattle Totems*, 652 F.2d at 853-54. Part XI of the Supreme Court Practice Directions (2007 ed.) ("Practice Directions") is clearly procedural law[5] that governs the format of bills of costs and has no bearing on the result. (Moorhead Decl. ¶ 5.) It is not substantive law regarding recovery of costs under Singapore law. APL was not required to adhere to the Practice Directions in these proceedings in the United States.

Regardless of the format, APL did provide the substantive information that should be contained in a bill of costs in its motion and supporting documentation. The Motion discussed the novelty of the questions involved in this case. (Motion at 18:10-15.) It addressed the skill, specialized knowledge, responsibility of the attorneys involved. (Motion at 18:16-21.) It briefly

---

[5] Other parts of the Practice Directions address such matters as the operating hours of the Supreme Court, court dress, forms of address, format of various documents, and electronic filing. The full text is available at http://app.supremecourt.gov.sg/default.aspx?pgID=98 (last visited Dec. 21, 2009).

- 6 -

1  catalogued key documents and key events in the litigation of case before this Court and on appeal.
2  (Motion at 7:17-11:13.) It briefly discussed the place and circumstances regarding the business
3  involved in the Statement of Facts, by briefly summarizing the facts of the case which are not new
4  to this Court. (Motion at 7:2-16.) It described the urgency and importance of the matter not only
5  to the client but to the shipping industry. (Motion 18:22-27.) It included information on the
6  amount involved in the action. (Motion 11:11-13, 18:4.) Valley Forge cannot legitimately claim
7  that APL did not submit such documentation. APL has provided all of the required information
8  that Valley Forge enumerated in its complaint. Therefore, APL provided this Court with sufficient
9  information to allow the proper exercise of discretion with regard to fee assessment.

### 3. APL's Attorneys' Fees Are Reasonable Under Singapore Law.

As explained above, APL's attorneys' fees should not be presumptively awarded at a fixed rate. Although this case was decided on summary judgment, it has been vigorously fought and involved significant labor. The request for attorneys' fees cannot be appropriately limited to the fixed scale and therefore is not patently unreasonable.

Valley Forge argues that APL was not justified in the use of multiple attorneys absent certification from the court. Again, it attempts to impose the procedural law of Singapore in contravention of well-established principles of United States law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); Rule 122 of Restatement (Second) of Conflict of Laws (1971). Limitations on the number of attorneys appearing before the court and requirements for certification of multiple attorneys is not substantive law. It is not applicable to these proceedings.

In addition, it would not have been in APL's interests or the interests of the losing parties for a single attorney to conduct this entire case from start to finish. The costs incurred would be significantly higher if Charles Donovan conducted all of the work required to prevail in this case at his billable rate. Instead, Mr. Donovan coordinated the activities of attorneys at various levels of experience, including his own activities, to ensure that work was performed efficiently, competently and effectively by available attorneys possessing appropriate skills, knowledge, and familiarity with this case. In addition, as stated in his declarations, he reviewed each billing statement and used his billing judgment in charging fees. (Exhibits B & D of Motion.)

Valley Forge also argues that APL is not entitled to recover the time and expenses of non-attorneys, citing Judge Tin's declaration.[6] However, Judge Tin's statement that "[I]t will be illegal for a Singapore solicitor to recover fees in respect of legal work done by an unauthorized person with a view to sharing the fees" is not applicable to work performed by summer law clerks on this case. Summer law clerks are not hired or compensated under fee-sharing agreements. The summer associates working on this project were paid a salary during the time that they were employed by Sheppard Mullin Richter & Hampton LLP. Nothing in Judge Tin's declaration indicates that the work of summer law clerks employed in this manner cannot be recovered under Singapore law. In summary, APL is not required to adhere to Singapore procedural law, and APL's costs are reasonable under Singapore's substantive law.

### 4. The Hourly Rates Sought By APL Are Not Unreasonable.

Valley Forge errs when it states that APL completely failed to provide this court with credible evidence of prevailing rates in this forum. APL provided two judicial orders finding that APL's rates and/or attorneys' fees were reasonable. (Appendix E of Motion.) In addition, APL provided information regarding attorneys' rates from an independent source. (Exhibit E to Motion.) APL provided satisfactory evidence to support its own affidavits. This additional evidence demonstrated that the rates charged were consistent with prevailing rates in the community and therefore were reasonable. APL asked the Court to take judicial notice.

APL agrees that determinations of a reasonable hourly rate are based on "the relevant community in the forum in which the district court sits." On this basis, it provided evidence of awards of attorneys' fees made by a court in this forum. While affidavits of other attorneys with the same specialization are some or further evidence of prevailing rates, this evidence is not required to meet the initial burden. APL has demonstrated with supporting evidence that the rates of its attorneys are consistent with the prevailing market rate for attorneys in San Francisco. This

---

[6] In his declaration, Judge Tin states his "understanding" that law students are non-attorneys without establishing the basis for his understanding. He states that he is admitted to practice in Singapore, England and Wales, but he makes no claims that he is admitted to practice in the United States or is otherwise familiar with practice in the United States. (Tin Decl. ¶ 2.)

- 8 -
W02-WEST:5BM1\402365083.3
C 05-0646 MHP
APL'S REPLY BRIEF I/S/O MOTION FOR ATTORNEYS' FEES

1  case is without doubt a maritime case. As stated in Valley Forge's opposition, citing *Wright v.
2  Williams*, 47 Cal. App. 3d 802 (1975), "California courts, like courts in other states, have found
3  that admiralty law is a specialty, whose practitioners are required and expected to possess
4  knowledge of their discipline, which is not known by other lawyers." At 810-811. APL should
5  not be penalized and compensated at a lowered rate, because APL's lawyers possess expertise in
6  maritime law in addition to being skilled attorneys.

7  Valley Forge seeks to limit Mr. Donovan's rate to no more than $375 per hour and the rate
8  of any associate who worked on this matter to no more than $200 per hour. It submitted sworn
9  affidavits from two independent San Francisco admiralty lawyers. (Exhibits 2 & 3 to
10 Memorandum In Opposition to Motion for Attorneys' Fees.) Both lawyers, George W. Nowell
11 and Forrest Booth, state that the prevailing market rate for experienced maritime lawyers is $250
12 to $375 per hour. No evidence is provided to support their statements. Mr. Nowell further states
13 that he has not heard of "any local maritime lawyers for more than $375 per hour for maritime law
14 defense work."[7] (Declaration of George W. Nowell in Opposition to Motion for Attorneys Fees
15 2:3-4 (dated Dec. 14, 2009).) Lawyers who conduct defense work on behalf of insurance
16 companies are known throughout the community to have low rates which they are able to
17 compensate through high volumes of work. No supporting declarations or evidence is provided to
18 substantiate Valley Forge's claim that associate time must be assessed at $200 per hour or less.

19 Further, this Court is familiar with prevailing rates in San Francisco having awarded
20 attorneys' fees in cases tried in this community and may take judicial notice of those rates.

21 **5.   APL Has Established The Reasonableness Of Its Attorneys' Fees.**

22 APL satisfied its burden of proving the reasonableness of the hours worked. By providing
23 its invoices and itemized bills, APL demonstrated that its lawyers did not perform duplicative,
24 excessive, redundant or unnecessary work. The time records produced are contemporaneous time
25 records. It is not clear exactly what evidence Valley Forge seeks that APL has not provided or not

---

[7] It is unclear whether either attorney has heard of *plaintiff's* counsel who charge more than $375 per hour for maritime work.

- 9 -

discernable from the evidence provided. As noted above, Mr. Donovan clearly stated in his declarations that he used billing judgment. The information provided is sufficiently detailed to permit this Court to make an independent determination whether the hours were justified.

APL provided evidence of the hours spent litigating this case at the district court level and on appeal. Exhibits A through E of the Motion provide all of this information. The evidence provided identifies the attorneys who worked on the case, the hours that were spent litigating the case, the tasks completed, and the expenses incurred. Valley Forge fails to point to a single time entry, expense, or task, or to point to a specific instance of the absence of this information to support its contention that APL failed to provide this court and opposing counsel with adequate evidentiary support for their claimed 'reasonable' hours of attorney time.

Valley Forge uses five pages of its Opposition to throw out as much law as it possibly can regarding what evidence is required to support a claim for attorneys' fees, apparently in the hope that it will latch on to something that might resound with this Court. Yet, other than stating generally that APL's evidence is inadequate, Valley Forge completely fails to apply that law to the facts here and fails to demonstrate that APL's evidence is lacking. This is not sufficient to undermine the solid evidence that APL has provided that its hours were reasonably incurred in a manner that was in ensuring that APL prevailed in this important matter.

## III. CONCLUSION

On the basis of these arguments and in the interests of fairness and justice, this Court should grant APL's motion for attorney's fees and costs.

Dated: December 21, 2009

        SHEPPARD MULLIN RICHTER & HAMPTON LLP

        By      /s/ Brenna E. Moorhead
            CHARLES S. DONOVAN
            BRIAN R. BLACKMAN
            BRENNA E. MOORHEAD
            Attorneys for APL Co. Pte. Ltd.