SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
CHARLES S. DONOVAN, Cal. Bar No. 103667
BRIAN R. BLACKMAN, Cal. Bar. No. 196996
BRENNA E. MOORHEAD, Cal. Bar No. 233425
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:    cdonovan@sheppardmullin.com
         bblackman@sheppardmullin.com
         bmoorhead@sheppardmullin.com

Attorneys for Plaintiff APL Co. Pte. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE. LTD., | No. C 05-0646 MHP |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |
| v. | |
| | Date:    January 4, 2010 |
| UK AEROSOLS LTD.; U.G. CO., INC. doing business as "UNIVERSAL GROCERS CO."; KAMDAR GLOBAL LLC; | Time:    2:00 p.m.<br>Courtroom:    15 |
| Defendants, and | |
| VALLEY FORGE INSURANCE COMPANY | |
| Defendant-Intervenor. | |

      In accordance with Rule 201 of the Federal Rules of Evidence, plaintiff APL Co. Pte. Ltd.

requests that the Court take judicial notice of:

      1.     Valley Forge Insurance Co. ("Valley Forge") Notice of Motion and Motion on

Behalf of Valley Forge Insurance Company for Leave of Court to Intervene, and

Memorandum of Points and Authorities In Support Thereof, docketed June 25, 2007

(Docket No. 158);

W02-WEST:5BM1\402369613.1
C 05-0646 MHP

REQUEST FOR JUDICIAL NOTICE

1   2.     Reply on Behalf of Valley Forge Insurance Company for Leave of Court to

2   Intervene, docketed July 26, 2007 (Docket No. 177);

3   3.     Memorandum and Order re Motion to Intervene, docketed August 2, 2007 (Docket

4   No. 178);

5   4.     Complaint filed November 17, 2009 by Valley Forge in Los Angeles Superior

6   Court (attached as Exhibit A, but not including attachments to complaint);

7   5.     Certificate issued December 11, 2009 by the Illinois Secretary of State indicating

8   on November 9, 2007, it "involuntarily dissolved" Kamdar Global, LLC "thereby

9   terminating its existence . . . ." (attached as Exhibit B);

10   6.     Certificate issued December 10, 2009 by the California Franchise Tax Board

11   stating U.G.Co. Inc. failed to pay franchise tax for several years beginning 2002 and was

12   "suspended effective 01/02/07" (attached as Exhibit C); and

13   7.     Certificate of Status issued December 11, 2009 by the California Secretary of State

14   indicating U.G.Co. Inc. was suspended, effective January 2, 2007 (attached as Exhibit D).

15

16   Dated: December 21, 2009

17

18                          SHEPPARD MULLIN RICHTER & HAMPTON LLP

19

20                  By     /s/ Brenna E. Moorhead
                                CHARLES S. DONOVAN
21                              BRIAN R. BLACKMAN
                                BRENNA E. MOORHEAD
22                         Attorneys for Plaintiff APL Co. Pte. Ltd.

23

24

25

26

27

28

-2-

# EXHIBIT A



1  William J. Baron (SBN 111288)
   Colleen A. Cassidy (SBN 148357)
2  **DUANE MORRIS LLP**
   Spear Tower
3  One Market Plaza, Suite 2200
   San Francisco, CA  94105-1127
4  Telephone: 415.957.3000
   Facsimile: 415.957.3001
5  E-mail:   wjbaron@duanemorris.com
             cacassidy@duanemorris.com
6
   Yvette D. Roland (SBN 120311)
7  **DUANE MORRIS LLP**
   633 West Fifth Street, Suite 4600
8  Los Angeles, CA  90071
   Telephone: 213.689.7400
9  Facsimile:  213.689.7401
   E-mail:   ydroland@duanemorris.com
10
   Attorneys for Plaintiff
11 VALLEY FORGE INSURANCE CO.

12

13         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14             **FOR THE COUNTY OF LOS ANGELES**

15

16 VALLEY FORGE INSURANCE CO.,
   a Pennsylvania corporation,          Case No.   **BC 42 0225**
17
            Plaintiff,                   **COMPLAINT FOR**
18                                       **DECLARATORY RELIEF**
            v.
19
   APL CO. PTE. LTD., a Singapore corporation
20 doing business in California;
   U.G.CO. INC., a California corporation;
21 KAMDAR GLOBAL, LLC, an Illinois limited
   liability company.
22
            Defendant.
23

24

25    Plaintiff Valley Forge Insurance Co. ("Valley Forge") hereby alleges as follows:

26                         **NATURE OF THE ACTION**

27    1.    This is a civil action for a declaratory judgment under California Code of Civil

28 Procedure section 1060.

DM1\1949379                          1
                     COMPLAINT FOR DECLARATORY RELIEF
DM1\1949379.2

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 7 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
     DAWN ALEXANDER

2.     Plaintiff Valley Forge has defended U.G.Co., Inc. ("UGCo.") and Kamdar Global, Inc. ("Kamdar") against claims asserted by APL Co. PTE, Ltd. ("APL") in an underlying federal court action initiated by APL, entitled *APL Co. Pte. Ltd. v. UK Aerosols Ltd., et al.*, United States District Court, Northern District of California, Case No. C05-00646, and appellate proceedings arising from that action, United States Court of Appeal (9th Circuit) Docket Nos. 07-16739 & 08-15078 (collectively, the "Underlying Action"). The Underlying Action involves claims based on property damage allegedly sustained by APL when hair spray and mousse containers were found to be damaged and leaking after shipment from Istanbul, Turkey to Long Beach, California. Valley Forge has defended UGCo. and Kamdar under an insurance policy issued by Valley Forge to UGCo.

3.     APL has obtained a judgment against UGCo. and Kamdar in the Underlying Action, in an amount exceeding $700,000, and is pursuing an award of attorneys' fees from UGCo. and Kamdar in the Underlying Action. On information and belief Valley Forge alleges that UGCo. and Kamdar are insolvent and that UGCo. is a suspended corporation.

4.     APL has stated that it intends to pursue a third-party judgment creditor claim against Valley Forge for amounts APL has been awarded in the judgment in the Underlying Action. In this action, Valley Forge seeks a judicial declaration that the policy it issued to UGCo. does not provide coverage for the claims asserted by APL against UGCo. and Kamdar, or the judgment APL has obtained against UGCo. and Kamdar in the Underlying Action, or fees and costs awarded in the Underlying Action. Valley Forge seeks a further declaration that because the underlying claims and judgment are not within the coverage of Valley Forge's policy, APL cannot recover from Valley Forge as a third-party judgment creditor or otherwise.

## THE PARTIES

5.     Valley Forge is a corporation duly organized under the laws of Pennsylvania, with its principal place of business in Chicago, Illinois, and at all relevant times mentioned was authorized to transact the business of insurance within the State of California.

6.     On information and belief, plaintiff alleges that UGCo. was or is a corporation duly organized under the laws of the state of California, with its principal place of business in San Diego, California, and at all relevant times was qualified to do business, and was doing business, in the

1 | State of California. Valley Forge alleges that UGCo.'s corporate status has been suspended by the
2 | State of California. Valley Forge is informed that the sole shareholder of the corporation passed
3 | away in 2005, and that there has been no successor in interest to the corporation.

4 |      7.     On information and believe, plaintiff alleges that Kamdar was or is a corporation duly
5 | organized under the laws of the state of Illinois, with its principal place of business in Chicago,
6 | Illinois, and at all relevant times was or is qualified to do business, and was or is doing business, in
7 | the State of California.

8 |      8.     On information and belief, plaintiff alleges that APL is a Singapore corporation, with
9 | its principal place of business in Singapore, and that APL at all relevant times has been qualified to
10 | do business and has been doing business in the State of California with offices in California.

11 | **JURISDICTION**

12 |      9.     This action is brought under Section 1060 of the California Code of Civil Procedure
13 | to determine Valley Forge's rights and duties with respect to claims litigated and the judgment
14 | entered in the Underlying Action. An actual and justiciable controversy exists between the plaintiff
15 | and defendants concerning the parties' rights, duties and obligations under the insurance policy
16 | issued by Valley Forge to UGCo., as described more fully in Paragraphs 12-23 of this Complaint.
17 | The amount in controversy exceeds the jurisdictional minimum of this Court.

18 |      10.    Jurisdiction is proper in the Court because the insurance policy in question was issued
19 | in California, each of the defendants are or were doing business in California, and the Underlying
20 | Action between APL, UGCo., and Kamdar is being litigated in California and thus Valley Forge's
21 | defense of UGCo. and Kamdar has taken place in California.

22 | **VENUE**

23 |      11.    Venue is proper in this Court because the loss at issue arises out of an underlying
24 | contract that was to be performed in Los Angeles County with the delivery of goods to the Los
25 | Angeles harbor, because the state of those goods upon delivery to Los Angeles harbor gave rise to
26 | the Underlying Action and the insurance claim arising from that action, and because the claimed loss
27 | took place in Los Angeles County.

28 |

## GENERAL ALLEGATIONS

### The Valley Forge Policy

12.     Valley Forge issued a Business Account Package Policy, Policy No. 2058045339, to UGCo. for a one year policy period, from February 16, 2003 to February 16, 2004 (the "Policy"). A true and correct copy of the Policy is attached to this Complaint as Exhibit A.

13.     The Policy states that, subject to all of the policy's terms, conditions and limits, the Policy provides insurance for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' to which this insurance applies."

14.     The Policy defines "property damage" to include "physical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured." The Policy further provides that the insurance applies to property damage that takes place during the policy period and that is caused by a covered "occurrence." Occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15.     The Policy contains an exclusion for liability incurred under contract, which provides in relevant part that:

> This insurance does not apply to ... "Bodily injury" or "Property Damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement....

### The Bill of Lading

16.     APL carried freight, including canisters of hair spray and mousse, from Istanbul, Turkey to Long Beach, California by cargo ship, under a bill of lading between APL, UGCo., Kamdar, and UK Aerosols, Ltd. (the "Bill of Lading"). The Bill of Lading was a contract that set forth the rights and obligations of the various parties involved in the transaction. On information and belief, Valley Forge alleges that the document attached to as Exhibit B to this Complaint sets out the terms of the Bill of Lading.

///

///

DM1\1949379

DM1\1949579.2

4

COMPLAINT FOR DECLARATORY RELIEF

## The Underlying Action

17.     In the Underlying Action, APL contends that UGCo., Kamdar, and U.K. Aerosols, Ltd. are jointly and severally liable to APL under the Bill of Lading.  APL sued UGCo., Kamdar, and others, seeking to recover costs APL allegedly incurred because hair spray and mousse containers were found to be damaged and leaking following shipment from Istanbul, Turkey to Long Beach, California.  On information and belief, Valley Forge alleges that the document attached as Exhibit C to this Complaint is a true and correct copy of APL's complaint in the Underlying Action, and alleges that the document attached as Exhibit D to this Complaint is a true and correct copy of APL's first amended complaint in the Underlying Action.

18.     In the Underlying Action, UGCo. and Kamdar filed a motion for summary judgment of APL's claims.  On September 28, 2006, the District Court in the Underlying Action granted that motion in part and denied it in part.  The court dismissed APL's negligence claims against UGCo. and Kamdar on summary judgment.  The court denied summary judgment as to UGCo. and Kamdar on APL's breach of contract claims.

19.     Subsequently, the District Court in the Underlying Action granted summary judgment for APL against UGCo. and Kamdar regarding APL's breach of contract claims, ruling that UGCo. and Kamdar were liable to APL under the Bill of Lading.  The parties stipulated to APL's damages, and the District Court entered  judgment in APL's favor.

20.     Valley Forge moved to intervene in the Underlying Action, for the purpose of pursuing an appeal from the District Court's judgment against UGCo. and Kamdar.

21.     APL sought recovery of its attorneys' fees allegedly incurred in the Underlying Action in the District Court, which motion was denied.  Subsequently, APL appealed the District Court's denial of its attorneys' fees to the Ninth Circuit Court of Appeal.

22.     The Ninth Circuit Court of Appeal affirmed the District Court's judgment in favor of APL and reversed the District Court's denial of APL's attorneys' fees, and remanded the matter to the District Court.  Subsequently, APL filed an application for attorneys' fees in the Ninth Circuit, seeking recovery of attorneys' fees incurred in the appeal in the Underlying Action.  That application is pending.

DM1\1949379

COMPLAINT FOR DECLARATORY RELIEF

DM1\1949379.2

## ISSUES FOR DECLARATORY RELIEF

23.     APL has indicated that it intends to file a third-party judgment creditor claim against Valley Forge, asserting that it is a judgment creditor entitled to insurance proceeds under the policy Valley Forge issued to UGCo.  Valley Forge contends and seeks a declaration that the Policy it issued to UGCo. does not provide coverage for the claims asserted by APL against UGCo. and Kamdar or for the judgment or fee or cost awards APL has obtained or seeks to obtain against UGCo. and Kamdar in the Underlying Action.  Valley Forge also seeks a declaration that, because the claims and judgment in the Underlying Action are not within the coverage of Valley Forge's policy, APL cannot maintain a valid claim against Valley Forge as a judgment creditor, and APL is not entitled to recovery from Valley Forge.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

## (Declaratory Relief Regarding the Duty To Indemnify Defendants UGCo. And Kamdar)

24.     Plaintiff Valley Forge hereby incorporates paragraphs 1 through 23 as though fully set forth herein.

25.     Valley Forge is informed and believes, and on that basis alleges, that APL contends that Valley Forge is obligated to pay indemnity and/or other amounts to APL with respect to the judgment entered in the Underlying Action.

26.     Valley Forge contends that it has no duty to indemnify UGCo. or Kamdar under the Policy with respect to the judgment in favor of APL in the Underlying Action, and contends that it has no duty to pay any other amounts awarded to APL in the Underlying Action, because the wording of the Policy does not obligate Valley Forge to pay such amounts.  Valley Forge further contends that APL has no right to recover from Valley Forge as a judgment creditor or otherwise.

27.     Valley Forge desires and seeks a judicial determination and declaration that the Policy does not obligate Valley Forge to pay indemnity or any other amounts to or on behalf of Defendant UGCo. or Kamdar with respect to the claims or the judgment in the Underlying Action.  An actual and justiciable controversy exists between Valley Forge and APL concerning APL's claim that it is entitled to recover from Valley Forge under the Policy as a judgment creditor.  Valley Forge desires a judicial determination of the parties' respective rights and duties, and seeks a declaration

DM1\1949379

6

DM1\1949379.2

that Valley Forge's contentions, as set forth above, are correct and that Valley Forge does not owe a duty to indemnify under the Policy with respect to the claims or the judgment in the Underlying Action or with respect to any award of fees and costs in the Underlying Action.  A judicial declaration is necessary and appropriate at this time so that Valley Forge, UGCo., Kamdar and APL may ascertain their rights, duties, and obligations with respect to claims arising from the Underlying Action.

28.     In the alternative, if the Court finds that Valley Forge owes obligations to UGCo., Kamdar or APL, Valley Forge desires and seeks a judicial determination of the parties' respective rights and obligations.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Declaratory Relief Regarding the Duty to Indemnify Against APL)

29.     Plaintiff Valley Forge hereby incorporates paragraphs 1 through 28 as though fully set forth herein.

30.     Valley Forge is informed and believes, and on that basis alleges, that APL contends Valley Forge is obligated to pay indemnity and/or other amounts to APL with respect to the judgment entered in the Underlying Action.

31.     Valley Forge contends that it has no duty to pay indemnity under the Policy with respect to the judgment in favor of APL in the Underlying Action, and contends that it has no duty to pay any other amounts awarded to APL in the Underlying Action, because the wording of the Policy does not create any obligation to indemnify with respect to that judgment.  Valley Forge further contends that APL has no right to recover from Valley Forge as a judgment creditor or otherwise, because the wording of the Policy does not create any obligation to indemnify with respect to that judgment.

32.     Valley Forge desires and seeks a judicial determination and declaration that the Policy does not oblige Valley Forge to pay indemnity with respect to the claims or the judgment in the Underlying Action.  An actual and justiciable controversy exists between Valley Forge and APL concerning APL's claim that it is entitled to recover from Valley Forge under the Policy as a judgment creditor.  Valley Forge desires a judicial determination of the parties' respective rights and

1  duties, and seeks a declaration that Valley Forge's contentions, as set forth above, are correct and

2  that under the language of the Policy Valley Forge does not owe a duty to pay indemnity with

3  respect to the claims or the judgment in the Underlying Action and that APL is not entitled to

4  recover from APL as a judgment creditor.  A judicial declaration is necessary and appropriate at this

5  time so that Valley Forge and APL may ascertain their rights, duties, and obligations with respect to

6  claims arising from the Underlying Action.

7        33.    In the alternative, if the Court finds that Valley Forge owes obligations to UGCo.,

8  Kamdar or APL, Valley Forge desires and seeks a judicial determination of the parties' respective

9  rights and obligations

**THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(Declaratory Relief Regarding the Duty to Indemnify; Contractual Liability Exclusion)**

12        34.    Plaintiff Valley Forge hereby incorporates paragraphs 1 through 33 as though fully

13  set forth herein.

14        35.    Valley Forge is informed and believes, and on that basis alleges, that APL contends

15  that Valley Forge is obligated to pay indemnity and/or other amounts to APL with respect to the

16  judgment entered in the Underlying Action.

17        36.    Valley Forge contends that it has no duty to pay indemnity under the Policy with

18  respect to the judgment in favor of APL in the Underlying Action, and contends that it has no duty to

19  pay any other amounts awarded to APL in the Underlying Action, because the contractual liability

20  exclusion in the Policy precludes any obligation to indemnify with respect to the judgment.  Valley

21  Forge further contends that APL has no right to recover from Valley Forge as a judgment creditor or

22  otherwise, because the contractual liability exclusion in the Policy precludes any obligation to

23  indemnify with respect to that judgment.

24        37.    Valley Forge desires and seeks a judicial determination and declaration that the

25  contractual liability exclusion in the Policy precludes any obligation by Valley Forge to pay

26  indemnity or any other amounts with respect to the claims or the judgment in the Underlying Action.

27  An actual and justiciable controversy exists between Valley Forge and APL concerning APL's claim

28  that it is entitled to recover from Valley Forge under the Policy as a judgment creditor.  Valley Forge

1 | desires a judicial determination of the parties' respective rights and duties, and seeks a declaration

2 | that Valley Forge's contentions, as set forth above, are correct and that Valley Forge does not owe a

3 | duty to pay indemnity or any other amounts with respect to the claims or the judgment in the

4 | Underlying Action because the contractual liability exclusion in the Policy precludes any such

5 | obligation, and that APL is not entitled to recover from Valley Forge as a judgment creditor or

6 | otherwise. A judicial declaration is necessary and appropriate at this time so that Valley Forge and

7 | APL may ascertain their rights, duties, and obligations with respect to claims arising from the

8 | Underlying Action.

9 | **FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF**

10 | **(Declaratory Relief Regarding Attorneys' Fees and Costs, against APL Only)**

11 | 38.   Plaintiff Valley Forge hereby incorporates paragraphs 1 through 37 as though fully

12 | set forth herein.

13 | 39.   Valley Forge is informed and believes, and on that basis alleges, that APL contends

14 | Valley Forge is obligated to pay indemnity and/or other amounts to APL with respect to the

15 | judgment entered in the Underlying Action, including attorneys' fees and costs APL has incurred,

16 | been awarded, or seeks to obtain in the Underlying Action.

17 | 40.   Valley Forge contends that it has no duty to pay attorneys' fees or costs incurred by

18 | or awarded to APL in the Underlying Action, because the wording of the Policy does not obligate

19 | Valley Forge to pay such amounts. Valley Forge further contends that APL has no right to recover

20 | such amounts from Valley Forge as a judgment creditor or otherwise.

21 | 41.   Valley Forge desires and seeks a judicial determination and declaration that the

22 | wording of the Policy precludes any obligation by Valley Forge to pay attorneys' fees or costs

23 | incurred by or awarded to APL in the Underlying Action. An actual and justiciable controversy

24 | exists between Valley Forge and APL concerning APL's claim that it is entitled to recover such

25 | amounts from Valley Forge. Valley Forge desires a judicial determination of the parties' respective

26 | rights and duties, and seeks a declaration that Valley Forge's contentions, as set forth above, are

27 | correct and that under the language of the Policy Valley Forge has no duty to pay attorneys' fees or

28 | costs incurred by or awarded to APL in the Underlying Action.

DM1\1949379

9

COMPLAINT FOR DECLARATORY RELIEF

DM1\1949379.2

## FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Declaratory Relief Regarding Judgment Creditor Claims, against APL only)

42.    Plaintiff refers to and incorporates Paragraphs 1 through 41, as though fully set forth herein.

43.    Valley Forge is informed and believes, and on that basis alleges, that APL intends to pursue a claim for recovery from Valley Forge under the Policy as a third-party judgment creditor.

44.    Valley Forge contends that the Policy it issued to UGCo. does not provide coverage with respect to the claims or the judgment in the Underlying Action, and contends that because the Policy does not provide such coverage, APL has no right to recover from Valley Forge as a judgment creditor or otherwise.  Valley Forge further contends that APL has no right to recover from Valley Forge attorney's fees or costs awarded in the Underlying Action.

45.    Valley Forge desires a judicial determination of the parties' respective rights and duties and a declaration that Valley Forge's contentions, as set forth above, are correct.  An actual and justiciable controversy exists between Plaintiffs and APL concerning Valley Forge's rights, duties and obligations under the Policy with respect to the Underlying Action and APL's claim that it has a right to recover from Valley Forge as a judgment creditor.  A judicial declaration is necessary and appropriate at this time so that Valley Forge and APL may ascertain their rights, duties and obligations with respect to APL's claim that it is entitled to recover from Valley Forge as a judgment creditor.

WHEREFORE, Valley Forge prays for judgment against Defendants as follows:

1.    For a judicial declaration that Valley Forge does not owe any duty to indemnify under the Policy with respect to the Underlying Action;

2.    For a judicial declaration that Valley Forge does not owe any duty to pay attorneys' fees or costs incurred by or awarded to APL in the Underlying Action;

3.    For a judicial determination that APL is not entitled to recover from Valley Forge as a judgment creditor under California Insurance Code section 11580 or otherwise;

4.    For a judicial determination and declaration of the parties' respective rights and

COMPLAINT FOR DECLARATORY RELIEF

1    obligations.

2        5.     For costs of suit incurred;

3        6.     For attorney's fees; and

4        7.     For such other and further relief as this Court may deem just and proper.

5    Dated: November _17_, 2009        **DUANE MORRIS LLP**

6

7                       By:

8                        Yvette D. Roland (SBN 120311)

9                        William J. Baron (SBN 111288)
                         Colleen A. Cassidy (SBN 148357)

10          Attorneys for Plaintiff
             VALLEY FORGE INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DM1\1949379

COMPLAINT FOR DECLARATORY RELIEF

DM1\1949379.2

# EXHIBIT B

*File Number*        0092322-2



# To all to whom these Presents Shall Come, Greeting:

*I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that I am the keeper of the records of the Department of Business Services. I certify that*

KAMDAR GLOBAL LLC,
A LIMITED LIABILITY COMPANY ORGANIZED UNDER THE LAWS OF THIS STATE ON MAY 20,2003 WAS INVOLUNTARILY DISSOLVED BY THE SECRETARY OF STATE'S OFFICE ON NOVEMBER 09,2007 FOR FAILURE TO FILE AN ANNUAL REPORT AND TO PAY AN ANNUAL FRANCHISE TAX THEREBY TERMINATING ITS EXISTENCE IN ILLINOIS. *************************************************************



# In Testimony Whereof, *I hereto set*

*my hand and cause to be affixed the Great Seal of the State of Illinois, this* 11TH

*day of* DECEMBER    *A.D.*    2009

*Jesse White*

SECRETARY OF STATE

Authentication #: 0934502543
Authenticate at: http://www.cyberdriveillinois.com

# EXHIBIT C

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 942857
SACRAMENTO, CA  94257-0540

In Reply Refer To:  655PG
Date          :  12/10/09

## ENTITY STATUS

| **Note:** This letter does not reflect the entity's status with any other agency. |

Entity Name    : U.G.CO. INC,

Entity Number : C2052855

☐   1.   The above entity is in good standing with this agency.

☐   2.   The above entity is currently exempt from tax under Revenue and Taxation Code Section 23701_.

☐   3.   Our records indicate the above entity is not incorporated, qualified, organized, or registered through the Secretary of State to transact business in California.

☒   4.   The above entity was incorporated, qualified, organized, or registered through the Secretary of State on 07/20/2000 .

☐   5.   The above entity has an unpaid liability of $_____ for account period(s) ending _____

☒   6.   Our records do not show that the above entity filed returns for account period(s) ending 12/02 12/04 12/05 12/06 12/07 12/08 _____ .

☒   7.   The above entity was SUSPENDED effective 01/02/2007 .

☒   8.   The above entity's current address on record with this agency is:

     7880 AIRWAY RD STE B1
     SAN DIEGO          CA  92154

☐   9.   We do not have current information about the above entity.

Comments:

_____
REPRESENTATIVE

**ASSISTANCE**
Telephone assistance is available year-round from 7 a.m. until 8 p.m. Monday through Friday. From January through June, assistance is also available from 8 a.m. until 5 p.m. on Saturdays.  We may modify these hours without notice to meet operational needs.

     From within the United States, call ................................. (800) 852-5711
     From outside the United States, call (not toll-free) ............. (916) 845-6500
              Website at: www.ftb.ca.gov

**Assistance for person with disabilities:** We comply with the Americans with Disabilities Act. Persons with hearing or speech impairments please call TTY/TDD (800) 822-6268.

FTB 4263A (REV 09-2002)

**EXHIBIT D**

# State of California
## Secretary of State

CERTIFICATE OF STATUS

ENTITY NAME:

  U.G.CO. INC,

| | |
|---|---|
| FILE NUMBER: | C2052855 |
| FORMATION DATE: | 07/20/2000 |
| TYPE: | DOMESTIC CORPORATION |
| JURISDICTION: | CALIFORNIA |
| STATUS: | SUSPENDED |

I, DEBRA BOWEN, Secretary of State of the State of California,
hereby certify:

The records of this office indicate the Secretary of State suspended the
entity's powers, rights and privileges on August 17, 2006, pursuant to
the provisions of the California Corporations Code; the California
Franchise Tax Board suspended the entity's powers, rights and privileges
on January 02, 2007, pursuant to the provisions of the California
Revenue and Taxation Code; and the entity's powers, rights and
privileges remain suspended.



IN WITNESS WHEREOF, I execute this certificate
and affix the Great Seal of the State of
California this day of December 11, 2009.

**DEBRA BOWEN**
**Secretary of State**

*NP-25 (REV 1/2007)*

OSP 06 99731

BBI