UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. PTE. LTD., | No. C. 05-0646 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Order Granting Plaintiff APL's Motion for Attorney's Fees** |
| UK AEROSOLS LTD. ET. AL., | |
| Defendants. | |

In 2005, APL Co. Pte. Ltd. ("APL"), a Singaporean shipping company, filed suit against UK Aerosols Ltd. ("UK"), a British corporation, U.G. Co. Inc. ("U.G."), and Kamdar Global, LLC ("Kamdar") (collectively "defendants"). APL received a default judgment against UK and prevailed on the merits against U.G. and Kamdar on a motion for summary judgment. APL then moved for an award of attorneys' fees, which this court denied, reasoning that this admiralty dispute was governed by the "American Rule," whereby parties bear their own costs of representation. Mem. and Order at 2, 9-10, Doc. No. 193, Oct. 30, 2007. Defendants appealed the grant of summary judgment in favor of APL and APL appealed the denial of its motion for attorneys' fees. On appeal, the Ninth Circuit upheld this court's summary judgment order, but reversed the denial of the motion for attorneys' fees and remanded to this court. *APL Co. Pte. Ltd. v. UK Aerosols Ltd.*, 582 F.3d 947 (9th Cir. 2009). The Ninth Circuit held that the contract between the parties required that the law of Singapore apply to any motions for attorneys' fees.

On September 3, 2010, APL filed a new motion for attorneys' fees, which this court granted, in part, determining reasonable billing rates but deferring calculation of the reasonable number of hours spent on this litigation. Now before the court is the determination of the reasonable amount

to award in attorneys' fees, based on the unredacted billing records provided by APL for *in camera* review. Having considered the arguments and submissions of the parties and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

On November 30, 2009, APL filed a motion for attorneys' fees in this court. In total, APL requested $875,799.52. APL's attorneys claim they devoted approximately 1,689 hours pursuing this litigation in the district court at a cost of $641,000.00 in attorneys' fees and $34,235.00 in non-taxable costs. APL also contended that its attorneys incurred an additional $200,564.52 in fees pursuing this action in the Ninth Circuit.

On September 3, 2010, this court granted APL's motion, in part. Docket No. 230 (9/3/2010 Order). The court agreed that the $34,235.00 in costs incurred during litigation were adequate and reasonable. The court awarded attorneys' fees but withheld calculating the reasonable amount until APL could provide more information. The court allowed APL thirty days to submit, under seal, unredacted copies of its attorneys' billing records so that the court could conduct an *in camera* review and calculate a reasonable attorneys' fees award, resolving all doubts in favor of defendants, based upon the hourly billing rates established in the prior order.

DISCUSSION

I. Method of Calculating Fees

The standard for calculating attorneys' fees is the "standard basis" under Singaporean law, guided by the principle of reasonableness. Mem. and Order at 3-5, Doc. 230, Sept.3, 2010. Although the "standard basis" uses terminology different from that employed in the United States, it has a very familiar ring. The widely accepted means for calculating attorneys' fees in the United States, the lodestar method, is also based on the principle of reasonableness. The "lodestar is the product of *reasonable* hours times a *reasonable* rate." *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992) (emphasis added, citations omitted). As is the case under the "standard basis," the party

2

seeking fees bears the burden of submitting detailed records documenting "the hours worked and rates claimed." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). A court may reduce those hours if the documentation is inadequate, the submitted hours are duplicative or inefficient, or the requested fees appear excessive or otherwise unnecessary. *Id.*; *see also Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Under Singapore law, the court must resolve all doubts in favor of the paying party. *See* Order 59, Rule 27(2) of the Singapore Rules of Court, *available at* http://app.supremecourt.gov.sg/data/doc/ManagePage/97/eROC2006rev/eROC2006.htm.

### A.  Reasonable Rates

In its prior order, the court held that the following reduced rates are reasonable:

| Attorney | Hourly Rate |
| --- | --- |
| Charles Donovan | $450 |
| Amy Norris | $300 |
| Brian Blackman | $300 |
| Brenna Moorhead | $240 |
| Timothy Perry | $240 |
| Mick Lauter | $225 |
| Margaret Pak | $225 |
| Law Clerks | $150 |
| Paralegals | $150 |

These rates are treated as current rates and apply to the calculation of fees for the entirety of the litigation.

### B.  Reasonable Hours

In its prior order, the court ordered APL to submit unredacted billing records, under seal, for *in camera* review. Based on the reduced rates set by the court, APL's adjusted request is for a total of $824,869.50 in attorneys' fees (excluding costs) for litigating this action in district court and appellate court. *See* Docket No. 232 (Blackman Dec.), Exh. 2. This amount includes 2,681 attorney billable hours. Defendants argue that the claimed fees are unreasonable and duplicative, in

1 particular because the billing records show that multiple attorneys worked on similar matters and
2 because a number of entries lack sufficient detail.  *See* Docket No. 209 (Valley Forge Opp.) at 10-
3 11; Docket No. 229 (U.G. Opp.) at 5-7.  After conducting *in camera* review of APL's counsel's
4 billing records, the court agrees, but only to a limited extent.

5       After reviewing the records, the court holds that a substantial majority of hours billed are
6 reasonable.  The overall hours, however, should be reduced by a small percentage because the
7 billing records indicate that certain hours were either duplicative or appear to involve inefficient use
8 of billing attorney time.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001)
9 (across-the-board percentage reduction acceptable when accompanied by "clear and concise
10 explanation").

11       For example, APL's counsel's billing records have numerous entries related to APL's notice
12 of appeal, filed near the end of November 2007.  The records show that between November 26, 2007
13 and November 29, 2007, four different attorneys billed a combination of nine entries for tasks that
14 were substantially similar or overlapping.  Blackman Dec., Exh. 1, (Jan. 9, 2008 Invoice at 3-4).  It
15 is unclear from the billing records why so many of APL's counsel billed for activities related to the
16 notice of appeal, which is a relatively straightforward filing.

17       Additionally, the records show that APL's counsel made duplicative efforts in doing research
18 related to this action.  On March 14, 2008, two attorneys billed for researching "reservations of
19 rights."  Blackman Dec., Exh. 1 (Apr. 3, 2008 Invoice at 4-5).  On March 21, 2008, two attorneys
20 again both billed for judicial admissions.  Blackman Dec., Exh. 1 (Apr. 3, 2008 Invoice at 5-6).
21 Again, it is unclear from the billing records why multiple attorneys billed for similar tasks, and since
22 counsel's billing records do not detail time task-by-task, it makes it difficult for the court to concur
23 that all billed hours are reasonable.

24       There are other examples of hours billed by APL's counsel that are unreasonable for the
25 court to award.  It is unreasonable to award fees for hours relating to the defendant Imp-Ex
26 Solutions, LLC ("Imp-Ex").  Imp-Ex was first joined as a defendant on February 28, 2006.  Docket
27 No. 48 (First Amended Complaint).  On September 27, 2006, this court granted, in part, Imp-Ex's
28

4

1  motion to dismiss.  Docket No. 99 (Order Grant. Mot. to Imp-Ex's Dismiss, In Part).  APL and Imp-
2  Ex settled the rest of the claims between them through an Early Neutral Evaluation ("ENE") on
3  December 18, 2006, although APL and U.G. and Kamdar were unable to settle through the ENE.
4  Docket No. 168 (Norris Dec.) at 2.  APL's counsel billed hours related to preparing for and
5  attending the ENE, starting from roughly November 30, 2006, but the record does not adequately
6  differentiate hours spent working on issues related to Imp-Ex versus hours spent working on issues
7  related to U.G. and Kamdar.  Blackman Dec., Exh. 1 (Jan. 16, 2007 Invoice at 6-9).  From
8  November 30, 2006 to December 18, 2006, three attorneys billed over one hundred hours related to
9  the ENE, but the billing records only describe the actual tasks in broad terms.  *Id.*  Again, it is
10 unreasonable to award the full amount requested because of the failure to sufficiently distinguish one
11 task from another, although review of the record shows that the majority of hours billed are
12 reasonable.
13      While the substantial majority of hours billed are reasonable, the aforementioned issues make
14 it unreasonable for the court to award the full amount requested.  Accordingly, the court applies an
15 across-the-board reduction of fifteen percent to the hours billed by APL's counsel.  The resulting
16 award is $701,139.08, which represents attorneys' fees for the reasonable hours expended pursuing
17 this litigation.
18
19 II.    Costs
20      As established in the prior order, APL's counsel's documentation of the costs expended in
21 the litigation, which total $34,235.00, are adequate, and the total amount is reasonable.
22
23 CONCLUSION
24      For the foregoing reasons, APL's motion for attorneys' fees is GRANTED.  Under
25 Singapore law, plaintiff, as the prevailing party, is entitled to costs, which include both reasonable
26 attorneys' fees and reasonable expenses incurred in litigating this action.  The overall award of
27 attorneys' fees is $735,374.08, which is the sum of $701,139.08 in reasonable billable hours and the
28

$34,235.00 in costs expended in the litigation.

In accordance with the above, defendants U.G. and Kamdar shall pay over to plaintiff APL the total amount of $735,374.08 within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: January 31, 20011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California